1  DONALD L. BARTELS, State Bar No. 65142
   dbartels@nixonpeabody.com
2  BRUCE E. COPELAND, State Bar No. 124888
   bcopeland@nixonpeabody.com
3  LAURA K. CARTER, State Bar No. 244956
   lcarter@nixonpeabody.com
4  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
5  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
6  Fax: (415) 984-8300

7  Attorneys for Defendant
   CARL ZEISS MEDITEC, INC.

8

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  OPTOVUE CORPORATION,                  Case No. C 07-03010 CW

14                     Plaintiff,         **DEFENDANT CARL ZEISS MEDITEC,
                                          INC.'S NOTICE OF MOTION AND
15       vs.                              MOTION TO DISMISS CERTAIN CLAIMS
                                          AND FOR A MORE DEFINITE
16  CARL ZEISS MEDITEC, INC.,             STATEMENT; MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN SUPPORT**
17                     Defendant.
                                          Date:    August 16, 2007
18                                        Time:    2:00 p.m.
                                          Before:  Hon. Claudia Wilken
19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2                                                                          Page Nos.:

3    I.    INTRODUCTION..................................................................................4

4    II.   STATEMENT OF ISSUES TO BE DECIDED...............................................4

5
     III.  FACTUAL BACKGROUND......................................................................5
6

7    IV.   ARGUMENT AND AUTHORITIES...........................................................7

8          A.    There is No Actual Case or Controversy Concerning
                 Optovue's Right to Employ Unidentified Prospective Employees......................7
9
10         B.    This Court Should Decline to Exercise Discretionary Jurisdiction
                 Over Plaintiff's Claim Seeking a Declaration of its Right to Continue
11               Employing Shields....................................................................................8

12               1.    The Presumption in Favor of Abstention Applies Because
                       the Shields Action is a Parallel State Proceedings...............................9
13
14               2.    The Three Brillhart Factors All Favor Abstention................................10

15         C.    Plaintiff's Unfair Competition Claim Requires a More Definite Statement.............13

16         D.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's
                 Copyright Infringement Claim....................................................................14
17
     V.    CONCLUSION....................................................................................15
18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

## CASES

Page Nos.:

*American Nat'l Fire Ins. Co. v. Hungerford,*
      53 F.3d 1012 (9th Cir. 1995).................................................. 9, 11

*Bolton v. Actuant Corp.,*
      2004 U.S. Dist. LEXIS 15192 (C.D. Cal. Mar. 8, 2004) ............. 8

*Brillhart v. Excess Ins. Co. of Am.,*
      316 U.S. 491 (1942)............................................................ *passim*

*Burns v. Rockwood Distributing Co.,*
      481 F. Supp. 841, 848-49 & n.14 ............................................ 14

*Carl Zeiss Meditec, Inc. v. William Shields, Massachusetts Superior Court, Suffolk County,*
      Civil Action No. 07-2453-BLS2 ............................................... 8

*Chamberlain v. Allstate Ins. Co.,*
      931 F.2d 1361 (9th Cir. 1991)................................................... 8

*Continental Casualty Co. v. Robsac Industries,*
      947 F.2d 1367 (9th Cir. 1991), ................................................ 12

*DeFeo v. Procter & Gamble Co.,*
      831 F. Supp. 776 (N.D. Cal. 1993) ................................... 9, 10, 11

*Famolare Inc. v. Edison Bros. Stores, Inc.,*
      525 F. Supp. 940 (E.D. Cal. 1981)........................................... 13

*Federal Savings and Loan Insurance Corp. v. Musacchio,*
      95 F. Supp. 1053 (N.D. Cal. 1988) .......................................... 13

*Gibbs v. Buck,*
      307 U.S. 66 (1939) ................................................................ 14

*Gladwell Governmental Servs. v. County of Marin,*
      2005 U.S. Dist. LEXIS 42276, at *3 (N.D. Cal. Oct. 17, 2005)...... 8

*Golden v. Zwickler,*
      394 U.S. 103 (1969)................................................................ 7

*Government Employees Ins. Co. v. Dizol,*
      133 F.3d 1220 (9th Cir. 1998)................................................ 8, 9

*MedImmune, Inc. v. Genentech, Inc.,*
      127 S. Ct. 764 (2006).............................................................. 8

*Olan Mills, Inc. v. Linn Photo Co.*,
    23 F.3d 1345 (8th Cir. 1994) ................................................................. 14

*Polido v. State Farm Mutual Auto. Ins. Co.*,
    110 F.3d 1418 (9th Cir. 1997) ................................................................. 9

*Prospect Planet, L.L.C. v. PaychecksforLife.com*,
    2003 U.S. Dist. LEXIS 835, at *5 (D. N.D. Jan. 16, 2003) ...................... 14

*Smith v. Lenches*,
    263 F.3d 972 (9th Cir. 2001) ............................................................ 11, 13

*Swedlow, Inc. v. Rohm & Haas Co.*,
    455 F.2d 884 (9th Cir. 1972) ................................................................. 8

*Thomson v. Gaskill*,
    315 U.S. 442 (1942) ............................................................................ 14

*Transamerica Occidental Life Ins. Co. v. DiGregorio*,
    811 F.2d 1249 (9th Cir. 1987) ................................................................ 12

## STATUTES

17 U.S.C. §§ 401 *et. seq* ........................................................................ 14

17 U.S.C. § 411(a) ................................................................................. 14

28 U.S.C. § 2201 ................................................................................... 7

28 U.S.C. § 2201(a) ............................................................................... 9

Cal. Bus. & Prof. Code § 17200 ....................................................... *passim*

Fed. R. Civ. P. 12(e) .............................................................................. 13

Federal Rule of Civil Procedure 12(b)(1) ................................................ 2

Federal Rule of Civil Procedure 12(e) .................................................... 2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant CARL ZEISS MEDITEC, INC. ("Defendant" or "CZMI") will and hereby does move for an order dismissing Plaintiff Optovue Corp.'s ("Plaintiff") Third and Sixth Claims for Relief and an order requiring Plaintiff to provide a more definite statement as to its Fourth Claim for Relief.

CZMI submits this Motion to the Honorable Claudia Wilken on July 9, 2007. This Motion will be heard on August 16, 2007 at 2:00 p.m., before the Honorable Claudia Wilken in Courtroom 2, 4th Floor of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California 94612.

Defendant moves the Court to decline jurisdiction over Plaintiff's Sixth Claim for Relief for a declaration of the right to employ William Shields and therefore dismiss or stay that claim. The Court should presumptively decline to exercise its discretionary jurisdiction over this claim under the *Brillhart* doctrine and Ninth Circuit precedent because it is substantially similar to the issues presented in a pending state court action. Pursuant to Federal Rule of Civil Procedure 12(e), Defendant moves the Court to require Plaintiff to provide a more definite statement as to its Fourth Claim for Relief for no unfair competition under California state law on the grounds that the claim is so vague as to prevent Defendant from responding. Finally, pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant moves the Court to dismiss Plaintiff's Third Claim for Relief for a declaration of no copyright infringement under the Copyright Act on the grounds that the Court lacks subject matter jurisdiction over the claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1      This Motion will be based on this Notice of Motion, the Memorandum of Points and

2  Authorities, Exhibits, Declarations, the Proposed Order, all pleadings and papers on file in this action

3  and upon such other matters as may be presented to the Court in connection with this Motion.

4

5  DATED:   July 9, 2007                                    Respectfully submitted,

6                                                           NIXON PEABODY LLP

7

8                                                    By:  _____

9                                                           DONALD L. BARTELS
                                                            BRUCE E. COPELAND
                                                            LAURA K. CARTER
10                                                          Attorneys for Defendant
                                                            CARL ZEISS MEDITEC, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    INTRODUCTION

3      In response to a lawsuit Carl Zeiss Meditec, Inc. ("CZMI") filed on June 7, 2007 in the

4  Commonwealth of Massachusetts against William Shields, a former senior CZMI employee now

5  working for Optovue Corporation ("Optovue"), Optovue filed the instant action in an attempt to delay

6  proceedings in the Massachusetts case.  Optovue's attempt to wrest jurisdiction over the issue of

7  Mr. Shields' employment with Optovue from the Massachusetts Court to this Court is a clear

8  violation of the *Brillhart* abstention doctrine which favors allowing the previously-filed and currently

9  pending Massachusetts action to proceed to the exclusion of this action.

10      In its haste to file this action, Optovue has also pled an incomprehensible request for a

11 declaration that it has not violated Cal. Bus. & Prof. Code § 17200.  Optovue must plead this claim

12 with sufficient specificity so as to allow CZMI to plead in response.  Optovue's haste also has

13 resulted in its failure to determine if this Court has jurisdiction over all of its remaining claims.  It

14 does not.  Specifically, this Court cannot issue a declaration as to copyright infringement or lack

15 thereof because the requisite copyright registrations have not yet been secured.  For these reasons and

16 those identified below, this Court should dismiss Optovue's request for a declaration concerning its

17 right to employ Mr. Shields, require Optovue to plead with specificity which of its actions do not

18 allegedly violate California's unfair competition statute and dismiss Optovue's copyright

19 infringement claim.

20

### II.    STATEMENT OF ISSUES TO BE DECIDED

21      1.    Whether this Court should decline to exercise its discretionary jurisdiction over

22 Plaintiff's claim seeking a declaration that it can continue to employ William Shields and therefore

23 dismiss, or in the alternative, stay Plaintiff's Sixth Claim for Relief.

24      2.    Whether Plaintiff should be required to make a more definite statement of its Fourth

25 Claim for Relief seeking a declaration of no unfair competition under California Business &

26 Professions Code § 17200.

27      3.    Whether Plaintiff's Third Claim for Relief seeking a declaration of noninfringement of

28 copyright should be dismissed for lack of subject matter jurisdiction.

III.    **FACTUAL BACKGROUND**

**Facts Concerning Optovue's Employment of William Shields.**

1.      William Shields is a natural person and citizen of the Commonwealth of Massachusetts.

2.      On December 2, 2004, Mr. Shields became a CZMI employee when he accepted an offer of continued employment from CZMI.  Prior to that time Mr. Shields was employed by Laser Diagnostic Technologies, which CZMI purchased.

3.      At all relevant times, Mr. Shields performed his CZMI duties from his residence in Hopkinton, MA, his home in Florida or while traveling throughout Europe, the Middle East and Africa ("EMEA").  At no time did Mr. Shields maintain a residence in California or regularly perform services in California.

4.      Initially, in his role as CZMI's Director of Business Development Europe, and subsequently as CZMI's Sales Director for EMEA, Diagnostic Products, Mr. Shields played a key role in developing a European sales and marketing plan for CZMI's diagnostic products and was privy to CZMI's most sensitive and confidential worldwide sales information.

5.      On or about April 5, 2007, Mr. Shields informed CZMI that he was resigning his position to accept a similar sales position at Optovue.  Mr. Shields' last day of employment with CZMI was April 13, 2007.

6.      Following its receipt of Mr. Shields' CZMI-provided laptop computer, CZMI arranged for certain forensic tests to be performed on the laptop.

7.      Those tests, together with a review of CZMI's e-mail servers, determined that on April 5, 2007, while still employed by CZMI, Mr. Shields sent Jay Wei, Optovue's President and CEO, and Paul Kealey, Optovue's Vice President of Sales/Marketing, certain CZMI confidential information concerning an Optovue product.  Those tests also established that Mr. Shields had connected various removable storage devices, including USB sticks and external hard drives, to his CZMI-provided laptop computer.

8.    Based on the evidence CZMI discovered and Mr. Shields' contractual agreement to safeguard and not disclose CZMI's confidential information, on June 7, 2007, CZMI initiated a lawsuit against Mr. Shields in the Massachusetts Superior Court, Suffolk County, Civil Action No. 07-2453-BLS2 (the "Shields Action").  (See Rubenstein Decl. Exh. 1.)

9.    CZMI claims in the Shields Action, *inter alia*, that Mr. Shields breached his employment agreement with CZMI by disclosing its confidential information to Optovue, failed to return all of CZMI's confidential information upon his departure from CZMI and has used CZMI's confidential information as an Optovue employee in such a way that unfairly interferes with CZMI's business.  CZMI is seeking in the Shields Action, among other things, preliminary injunctive relief prohibiting Mr. Shields from continuing his employment with Optovue.  (See Rubenstein Decl. Exhs. 5 and 6.)

10.    On June 7, 2007, the Massachusetts Superior Court issued a Temporary Restraining Order prohibiting Mr. Shields from, among other things, using or disclosing any CZMI confidential information.  (See Rubenstein Decl. Exh. 2.)

11.    On June 11, 2007, in apparent response to the Shields Action, Optovue filed this action, with full knowledge that the propriety of Mr. Shields continuing to perform services for Optovue is at the heart of the Shields Action.

12.    On June 11 and 20, 2007, the Massachusetts Superior Court held hearings on CZMI's request for a preliminary injunction.  The Court issued a preliminary injunction on June 20, 2007. (See Rubenstein Decl. Exh. 4.)

13.    CZMI is currently conducting discovery to determine to what extent Mr. Shields disseminated CZMI's confidential information to Optovue and as a result whether he may properly be enjoined from continuing to perform services for Optovue.

**Facts Concerning Optovue's Unfair Competition Claim Under Cal. Bus. & Prof. Code § 17200.**

14.    In its Complaint, Optovue alleges that it has not violated Cal. Bus. & Prof. Code § 17200 by "interfering with CZM's contractual relations with third parties."  Complaint ¶ 54.

15.    In its Complaint, Optovue does not specify the third parties with whom CZMI allegedly claims interference nor how such interference occurred.

16.    Optovue's allegations in the Complaint concerning the claim of no unfair competition under Cal. Bus. & Prof. Code § 17200 are too vague and/or ambiguous for CZMI to plead in response.

**Facts Concerning Optovue's Copyright Infringement Claim**

17.    CZMI has created various original marketing brochures and materials concerning its Stratus Optical Coherence Tomography ("OCT") retina scanner, including one entitled "Interpretive Key," which is part of Exhibit B to the Complaint.

18.    Such marketing brochures and materials, including, but not limited to, the one entitled "Interpretive Key," constitute copyrightable original works of authorship.

19.    CZMI has not yet applied to the Copyright Office for registration of any of its copyright rights in CZMI's marketing brochures or materials and/or secured a Certificate of Copyright Registration for the "Interpretive Key" brochure.  (See Ferreira Decl.)

## IV.    ARGUMENT AND AUTHORITIES

### A.    There is No Actual Case or Controversy Concerning Optovue's Right to Employ Unidentified Prospective Employees

Optovue's Sixth Claim for Relief must be dismissed as it fails to state an actual case or controversy and instead seeks an advisory opinion concerning future matters. *See* 28 U.S.C. § 2201 ("*In an actual case or controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . .") (emphasis added); *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (citation omitted).  As pled, Optovue's Sixth Claim alleges:

> There is an actual and justiciable controversy between CZM and Optovue with respect to Optovue's and its employees' (and prospective employees') rights to be free from trade restraints.

(Complaint ¶ 66.)  In fact, there is no dispute between the parties concerning any employee other than William Shields and Optovue fails to identify any such other employee.  Optovue alleges no facts to

1    support a global proclamation of Optovue's right to be free from trade restraints and this Court

2    should not entertain such an unfounded request. (Complaint ¶¶ 31-37.) The circumstances

3    surrounding Optovue's prospective employees are myriad and impossible to predict and may or may

4    not ever occur. Accordingly, there is no case or controversy with respect to anyone other than

5    William Shields and any declaration concerning Optovue's right to employ "prospective employees"

6    would constitute a prohibited advisory opinion. *See Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d

7    884, 885-86 (9th Cir. 1972) (holding that request for declaration concerning defendant's future

8    actions, "if and when" they occur, would constitute prohibited advisory opinion); *Gladwell*

9    *Governmental Servs. v. County of Marin*, C.A. No. C-04-3332 SBA, 2005 U.S. Dist. LEXIS 42276,

10   at *3 (N.D. Cal. Oct. 17, 2005) ("The 'actual controversy' must be one which *presently* exists and not

11   simply one which *may* occur.") (emphasis in original); *Bolton v. Actuant Corp.*, C.A. No. 03-08184

12   PA (CWx), 2004 U.S. Dist. LEXIS 15192 (C.D. Cal. Mar. 8, 2004) (dismissing claim for relief

13   concerning effect of future decision that may or may not occur).

**B.     This Court Should Decline to Exercise Discretionary Jurisdiction Over Plaintiff's Claim Seeking a Declaration of its Right to Continue Employing Shields**

15        Assuming, arguendo, Optovue's Sixth Claim for Relief is limited to a declaration that it may

16   continue to employ William Shields, it should be dismissed pursuant to the *Brillhart* abstention

17   doctrine because this precise issue is the subject of a previously-filed and currently pending suit in

18   the Commonwealth of Massachusetts, <u>Carl Zeiss Meditec, Inc. v. William Shields</u>, Massachusetts

19   Superior Court, Suffolk County, Civil Action No. 07-2453-BLS2 ("Shields Action"). *See Brillhart v.*

20   *Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ("[I]t would be uneconomical as well as vexatious

21   for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state

22   court presenting the same issues, not governed by federal law, between the same parties."). Pursuant

23   to Ninth Circuit precedent interpreting *Brillhart*, a district court should presumptively dismiss

24   declaratory judgment claims where, as here, there is a parallel state proceeding involving the same

25   issue. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *Chamberlain*

26   *v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991); *see also MedImmune, Inc. v. Genentech,*

27   *Inc.*, 127 S. Ct. 764, 776 (2006) ("The Declaratory Judgment Act provides that a court 'may declare

28

1    the right and other legal relations of any interested party'…not that it must do so.") (citing 28 U.S.C.

2    § 2201(a)). Moreover, even if this Court disregards the presumption and applies the *Brillhart* factors

3    directly, abstention is still appropriate. Abstention is therefore appropriate regardless of which

4    standard is applied.

5                  **1.**    **The Presumption in Favor of Abstention Applies Because the Shields Action is a Parallel State Proceedings**

6          The Ninth Circuit's presumption in favor of allowing the state court action to proceed to the

7    exclusion of the federal declaratory claim applies here because the Shields Action is parallel to Count

8    Six of Plaintiff's Complaint. *Government Employees Ins. Co.*, 133 F.3d at 1225 ("If there are parallel

9    state proceedings involving the same issues and parties pending at the time the federal declaratory

10   action is filed, there is a presumption that the entire suit should be heard in state court."). As stated

11   above, CZMI filed suit against William Shields in the Superior Court of Massachusetts on June 7,

12   2007, four days before Optovue filed its Complaint in this action. At issue in the Shields Action is

13   the exact issue upon which Optovue asks this Court to enter a declaration: Whether Mr. Shields can

14   be permitted to continue his current employment with Optovue based on Mr. Shields' retention, use

15   and alleged disclosure of CZMI's confidential information. As there can be no reasonable doubt that

16   the two proceedings are parallel and this later-filed action was filed in response to the earlier-filed

17   Shields Action, the presumption against jurisdiction is applicable and should govern. *Id.* ("[F]ederal

18   courts should generally decline to entertain reactive declaratory actions.").

19         While Optovue may argue that the presumption is inapplicable because the parties are not

20   identical, the Ninth Circuit and lower courts in this District have rejected this very argument. *See*

21   *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1015 (9th Cir. 1995); *Polido v. State*

22   *Farm Mutual Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997) (holding that a district court should

23   dismiss a declaratory judgment claim if the party asserting the claim can be joined as a necessary

24   party to the state proceedings or can intervene therein as a matter of right); *DeFeo v. Procter &*

25   *Gamble Co.*, 831 F. Supp. 776 (N.D. Cal. 1993). This Court, like those cited, should hold that the

26   difference in parties is irrelevant and decline jurisdiction.

27

28

1    In *DeFeo*, the court addressed this issue and declined declaratory relief for a party that was

2    not a party to a parallel state action. There, an employee and his new employer filed suit in

3    California state court seeking a declaratory judgment that non-compete provisions in the employee's

4    employment agreement were unenforceable. *DeFeo*, 831 F. Supp. at 777. Thereafter, the former

5    employer filed suit in Ohio state court seeking temporary, preliminary and permanent injunctions

6    against the employee. *Id.* The former employer then removed the California action to federal court

7    and moved, *inter alia*, to stay or dismiss the action in light of the pending Ohio proceeding. *Id.* The

8    former employee and his new employer argued that the presumption against jurisdiction should not

9    apply because the new employer was not a party to the Ohio action. *Id.* at 779. The court found that

10   since both actions addressed whether and to what extent the former employer could enforce the non-

11   compete provisions against the employee, if the new employer was a necessary party to the litigation

12   and its interests were not adequately represented, it could intervene as a matter of right in the Ohio

13   action. *Id.* The court then granted the former employer's motion to dismiss in light of the Ohio

14   action. *Id.* at 780.

15   Although Optovue is not a party to the Shields Action, its rights are adequately represented in

16   the Shields Action because it can be joined as a necessary party or can intervene therein as a matter of

17   right. The fact is that Optovue's interests vis-à-vis its employment of Mr. Shields are and have been

18   adequately represented in the Shields Action. Thus far, Optovue and its counsel have participated in

19   the Shields Action, and Wei, Optovue's President & CEO, has submitted an affidavit in opposition to

20   CZMI's requested relief. The presumption against exercising jurisdiction is, therefore, applicable

21   here and the Court should dismiss Optovue's Sixth Claim.

**2.    The Three *Brillhart* Factors All Favor Abstention**

23   Regardless of whether the Ninth Circuit's presumption in favor of abstention applies, the

24   *Brillhart* abstention doctrine, upon which the Ninth Circuit's presumption is based, strongly favors

25   abstention here. *Brillhart*, 316 U.S. at 491. *Brillhart* requires district courts to abstain from

26   exercising jurisdiction if doing so will: 1) avoid needless determination of state law issues;

27   2) discourage litigants from filing declaratory judgment actions as a means of forum-shopping; and

28   3) avoid duplicative litigation. *Id.* at 495. Accordingly, whether by application of the presumption or

1    by rigorous application of the underlying test, it is clear that abstention is appropriate.

2                    **a.**     **Declining to Exercise Jurisdiction Would Prevent Needless**
                           **Determination of State Law Issues By the Federal Court**

3

4           The first *Brillhart* factor, avoiding needles determinations of state law issues, strongly favors

5    abstention. *Brillhart*, 316 U.S. at 495; *DeFeo*, 831 F. Supp. at 780 ("[G]ratuitous interference with

6    the orderly and comprehensive disposition of a state court litigation should be avoided."). Optovue's

7    right to continue employing Mr. Shields is governed by state law, not federal law. Mr. Shields signed

8    his CZMI employee agreement in Massachusetts, performed his CZMI duties from Massachusetts

9    and transferred and utilized CZMI's confidential information while in Massachusetts. As such,

10   Massachusetts state law, not federal law, applies.[1] Moreover, the Massachusetts Superior Court has

11   already issued orders in the Shields Action based on Massachusetts law and it will, "in the normal

12   course," determine any state law issues. *See Smith v. Lenches*, 263 F.3d 972, 977-78 (9th Cir. 2001)

13   (declining to exercise jurisdiction over declaratory judgment claim because state court would

14   determine whether California law was violated "in the normal course of the state suit.").

15          Even if the declaratory judgment would help clarify the issue pending before the

16   Massachusetts Superior Court, which it will not, "such clarification would only come at the cost of

17   increasing friction between state and federal courts, and would constitute an improper encroachment

18   on state court jurisdiction." *Hungerford*, 53 F.3d at 1019. Indeed, if this Court exercises jurisdiction

19   over Optovue's claim, any decision has the potential to conflict with a ruling in the Massachusetts

20   state court. Should this occur, there will be friction with Massachusetts state courts and, more

21   importantly, a ruling that is inconsistent with a Massachusetts state court's decision on Massachusetts

22   law. Such an outcome is an improper encroachment on Massachusetts jurisdiction, a waste of

23   judicial resources and should be avoided. *Id.* at 1018 (declining to exercise jurisdiction because

24   doing so would be a waste of judicial resources "at every level of the decision making process.").

25

26

27   ---
  [1] Even if the parties disagree as to which state's law governs, there should be no disagreement that

28   federal law is not implicated.

b.    **Declining to Exercise Jurisdiction Over This Claim Would Discourage Forum-Shopping**

The second *Brillhart* factor, discouraging forum shopping, also strongly favors abstention.  In *Continental Casualty Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds*, the Ninth Circuit, described this factor as "relating to the 'defensive' or 'reactive' nature of a federal declaratory judgment suit," and stated that if a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction (citing *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1254 n.4 (9th Cir. 1987)).  In *Lenches*, the court again applied this standard to affirm deferral to a state court proceeding where the declaration sought "in substance raises the same issues of state law as previously presented" in the state law action. 263 F.3d at 978 (relying on the fact that counterclaim was "'reactive,' was not the first filed and presents state law issues that only can be considered through an exercise of supplemental jurisdiction.").  As in *Continental Casualty* and *Lenches*, Optovue's declaratory judgment claim is merely a "reaction" to the Shields Action that addresses substantially the same issue.

That Optovue is forum shopping is also evidenced by the fact that Mr. Shields is a citizen of the Commonwealth of Massachusetts, currently resides in Massachusetts and maintains his residence within approximately 40 miles of the Suffolk Superior Court.  Massachusetts will therefore provide Mr. Shields with the best opportunity to participate fully in the proceedings before that Court and any attempt to deprive him of that opportunity is disingenuous.  As Count Six of Plaintiff's Complaint is a reactive claim designed to obtain what Optovue views as a more favorable forum, this factor strongly favors declining jurisdiction over this claim.

c.    **Declining to Exercise Jurisdiction Would Prevent Duplicative Litigation**

The third *Brillhart* factor, avoiding duplicative litigation, also favors abstention.  Not only are CZMI's claim for injunctive relief and Plaintiff's Sixth Claim for Relief substantively the same, the Massachusetts Superior Court has taken steps to address and preliminarily resolve the issue.  Specifically, the Massachusetts Court has held three hearings on the issue, twice granting a restraining order and most recently issuing a preliminary injunction.  The Massachusetts Court has

1  also held, as a preliminary matter, that: (1) CZMI's information is confidential and protectable;

2  (2) Mr. Shields had copies of such information in his possession; and (3) he should be permitted to

3  continue working for Optovue unless and until there is evidence Mr. Shields distributed CZMI's

4  confidential information to others at Optovue.  CZMI is currently pursuing discovery as to whether

5  Mr. Shields has in fact distributed any CZMI confidential information to others.  Accordingly, were

6  this Court to take up the issue of Mr. Shields' employment with Optovue it would necessarily be

7  duplicating substantial legal work already performed by the Massachusetts Superior Court.  See

8  *Lenches*, 263 F.3d at 978 (recognizing that third *Brillhart* factor favors abstention where "[t]here is

9  no reason to think that the state law case will not proceed.").

10    **C.    Plaintiff's Unfair Competition Claim Requires a More Definite Statement**

11        Optovue's Fourth Claim for Relief and the other allegations in the Complaint do not provide

12  CZMI with a sufficient basis to form a responsive pleading such that this Claim must be re-plead.  A

13  claim requires a more definite statement when it does not provide the defendant with "a sufficient

14  basis to form his responsive pleading." *Federal Savings and Loan Insurance Corp. v. Musacchio*, 95

15  F. Supp. 1053, 1060 (N.D. Cal. 1988) (citing *Famolare Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp.

16  940, 949 (E.D. Cal. 1981)).  The Federal Rules of Civil Procedure provide that a party may move for

17  a more definite statement "[i]f a pleading is so vague that a party cannot reasonably be required to

18  frame a responsive pleading." Fed. R. Civ. P. 12(e).

19        Here, the Complaint states nothing more than "CZM alleges that Optovue has engaged in

20  unlawful, unfair and and/or [sic] fraudulent business practices within the meaning of California Bus.

21  & Prof. Code § 17200, et seq., by interfering with CZM's contractual relations with third parties."

22  Complaint ¶ 54.  This one and only allegation in support of Optovue's § 17200 claim fails to provide

23  even a hint of the factual basis for the claim.  Indeed, Optovue fails to even mention CZMI's

24  contractual relations with third parties, let alone identify one.  As a result, the allegation is so vague

25  that CZMI is left in the awkward position of having to guess as to what Optovue means when it states

26  that CZMI alleges that Optovue has engaged in unlawful behavior by interfering with its contractual

27  relations with third parties.  This Court should therefore require Optovue to provide a more definite

28  statement of Optovue's Fourth Claim so that CZMI may formulate a response.

**D.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Copyright Infringement Claim**

Optovue's failure and inability to allege sufficient facts upon which this Court can exercise jurisdiction over its copyright infringement claim requires that the claim be dismissed. The Copyright Act of 1976 provides that certain conditions be met before an infringement action may be brought. *See* 17 U.S.C. §§ 401 *et. seq.*; see also *Gibbs v. Buck*, 307 U.S. 66, 72 (1939) (recognizing that a court may consider extrinsic evidence to determine if subject matter jurisdiction exists); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942) (party invoking court's jurisdiction has burden of supporting the allegations of jurisdiction with competent proof). Under the Copyright Act, one of the prerequisites for bringing an infringement action is copyright registration. *See* 17 U.S.C. § 411(a) ("[N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). Thus, the registration requirement acts as a jurisdictional prerequisite to an infringement suit. *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) (registration is required to bring a suit for infringement).

Quite simply, Optovue cannot show that the requirements of the Copyright Act for bringing an infringement suit have been met. CZMI has yet to register with the Copyright Office those of its marketing materials that have been identified in the Complaint. (See Ferreira Decl.) Because the marketing materials are not yet registered as required by the Copyright Act, CZMI cannot bring a copyright infringement action against Plaintiff. Likewise, Count Three of Plaintiff's Complaint seeking declaratory judgment of no infringement under the Copyright Act is barred because CZMI has not yet registered its copyright. *Prospect Planet, L.L.C. v. PaychecksforLife.com*, 2003 U.S. Dist. LEXIS 835, at *5 (D. N.D. Jan. 16, 2003) (citing *Burns v. Rockwood Distributing Co.*, 481 F. Supp. 841, 848-49 & n.14 (the jurisdictional requirements of copyright acts apply equally to declaratory judgment actions)). As the requirements of the Copyright Act for bringing an infringement suit have not been met, this Court does not have subject matter jurisdiction. Therefore, this Court should dismiss Plaintiff's Third Claim for Relief.

1    **V.    CONCLUSION**

2           For all the foregoing reasons, CZMI's Motion to Dismiss Certain Claims and for a More

3    Definite Statement should be granted.

4

5    DATED:  July 9, 2007                                Respectfully submitted,

6                                                        NIXON PEABODY LLP

7

8                                               By: _____

9                                                        DONALD L. BARTELS
                                                         BRUCE E. COPELAND
                                                         LAURA K. CARTER
10                                                       Attorneys for Defendant
                                                         CARL ZEISS MEDITEC, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**CASE NAME:** *Optovue Corp. v. Carl Zeiss Meditec, Inc.*
**COURT:**       United States District Court – Northern District of California – Oakland
**CASE NO.:**    C 07-03010 CW
**NP FILE:**     033750-10

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, Two Embarcadero Center, Suite 2700, San Francisco, CA 94111-3996.

On **July 9, 2007**, I served the following document(s):

- **DEFENDANT CARL ZEISS MEDITEC, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CERTAIN CLAIMS AND FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

- **DECLARATION OF GREGG A. RUBENSTEIN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT;**

- **DECLARATION OF JACKIE FERREIRA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT;**

- **[PROPOSED] ORDER GRANTING DEFENDANT CARL ZEISS MEDITEC, INC.'S MOTION TO DISMISS CERTAIN CLAIMS AND FOR A MORE DEFINITE STATEMENT;**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

___:    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

___:    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

X  :    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

___:    By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

___:    By Electronic Delivery - I caused each such electronic copy to be sent from the offices of Nixon Peabody, San Francisco, California to the electronic mailing address of the addressee(s).

**Addressee(s)**

**See Attached Service List of Attorneys of Record**

**Attorneys of Record – Service List**
*Optovue Corp. v. Carl Zeiss Meditec, Inc.*
**USDC N.D. Case No. C 07-03010 CW**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 9, 2007**, at San Francisco, California.

_____
Tapa E. Tualaulelei

7545821.1

**Attorneys of Record – Service List**
*Optovue Corp. v. Carl Zeiss Meditec, Inc.*
**USDC N.D. Case No. C 07-03010 CW**

1

2    **Attorneys for Plaintiff OPTOVUE**
      **CORPORATION:**
3

4    Diana Luo
      James Pooley
      Larry Scott Oliver
5    Morrison & Foerster LLP
      755 Page Mill Road
6    Palo Alto, CA 94304-1018
      Telephone: (650) 813-5600
7    Fax: (650) 494-0792
      Email: dluo@mofo.com
8    Email: jpooley@mofo.com
      Email: soliver@mofo.com
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7545821.1