COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CIVIL ACTION

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. NO. 07-2453-BLS2 |
| v. ) | |
| ) | |
| WILLIAM SHIELDS, ) | |
| ) | |
| Defendant. ) | |

### SECOND AFFIDAVIT OF JOSEPH DONAHOE

I, Joseph Donahoe, do depose and say that:

1.      I am the Executive Vice President Americas at Carl Zeiss Meditec, Inc.'s.  Carl Zeiss Meditec, Inc. is a subsidiary of Carl Zeiss Meditec AG, which together with Carl Zeiss Meditec AG's other subsidiaries make up Carl Zeiss Meditec ("CZM").  I have been with CZM since 1979.  I have personal knowledge of the matters set forth in this affidavit.

2.      On April 5, 2007, I spoke with William Shields by telephone.  During that call Mr. Shields informed me that he was leaving CZM to accept a position as Vice President International Sales at one of CZM's primary competitors, Optovue, Inc. ("Optovue").  I told Mr. Shields that I did not understand how he could work for Optovue, especially in his role as Vice President International Sales, given his extensive knowledge of CZM's confidential marketing plans, pricing information and Thought Leader relationships.  Mr. Shields assured me that he would not use any of that information in his new position.

3.      On April 10, 2007, I again spoke with Mr. Shields by telephone.  I again told Mr. Shields that I thought he could not perform his new position as Vice President International

**EXHIBIT 6**

- 2 -

Sales without relying upon CZM's confidential information. I explained to him that I believed he had received some of CZM's most sensitive documents and that I thought he would rely upon them in his new position. Mr. Shields did not deny the importance or value of the material he had received at CZM, but rather reiterated that he would not rely upon anything from CZM.

4.      During either my April 5 or 10 conversation with Mr. Shields, I told him to box up and send to CZM all CZM documents and information in his possession, especially confidential information. **Mr. Shields specifically told me that he would do so.**

5.      I understand that Mr. Shields has now admitted that he copied the contents of his CZM laptop prior to returning it and kept large amounts of CZM confidential information and documents. As I specifically discussed with him the importance of returning such materials, his admission that kept CZM materials leads me to conclude that he lied to me.

6.      It is not CZM's practice to seek to prohibit former employees from working for a competitor. This is because CZM does not usually have reason to believe that its former employees failed to return all CZM documents and information in their possession upon departure. This is also because CZM does not normally have reason to distrust its former employees who pledge not to rely upon or take such information. CZM's Employee Agreement is not, however, an agreement to let former employees steal confidential information, provide that information to a competitor and rely upon it while working for a competitor, which is precisely what Mr. Shields appears to have done and is continuing to do.

7.      Based on his actions to date, I have no faith in Mr. Shields' ability or willingness to keep confidential CZM's materials, documents and information and urge this Court to reach the same conclusion. It appears to me that Mr. Shields went to great lengths to keep CZM from discovering his misdeeds and only admitted to them when forced to do so. CZM and I took

- 3 -

Mr. Shields at his word. If Mr. Shields is not prohibited from working at Optovue, I believe he will continue to rely upon the information he took and deny doing so unless and until he is again caught in the act.

8.    I have had the opportunity to review seven CZM documents that I understand Mr. Shields says he copied onto his Optovue laptop and therefore presumably is using in the performance of his duties for Optovue.

9.    The first document, labeled WS-000001-WS-000021, appears to be an internal summary of the Retina market segment. This is a significant teaching tool that Mr. Shields and Optovue could use to train Optovue sales persons about retina diagnosis that Optovue would otherwise have to expend time and resources to develop.

10.    The second document, labeled WS-000022-WS-000036, is an internal CZM October 2006 newsletter. This document is a confidential and proprietary internal CZM document that it not available outside of CZM. It is clearly marked **"Confidential-for internal use only!"** (emphasis added) describes the positioning of Stratus for this current fiscal year, the Stratus advertising campaign and what CZM is saying externally vs. internally about its Stratus product. It also contains specific marketing strategies against CZM competitors, what CZM has learned about each competitor and specific strengths and weaknesses of both the Stratus product and the competitors' products. On page 13 of this document there is confidential information about address CZM's newest product, the Cirrus HD-OCT, and highly-valuable and confidential information about the Cirrus HD-OCT. A competitor could easily use all the information in this document to gain a significant competitive advantage in the marketplace. I cannot overstate the competitive value of this document both to CZM and to a CZM competitor like Optovue.

- 4 -

11.    The third document, labeled WS-000037-WS-000050, is a power point presentation outlining CZM's historical and prospective sales plans in the OCT market. This document is a confidential and proprietary internal CZM document that it not publicly available, and the data in this document is not publicly available. At page 11, this document sets out CZM's future OCT pricing strategy, which anyone with Mr. Shields' 18 years of industry experience (let alone much less) would certainly recognize as confidential and extremely valuable. This is an extremely significant slide and provides Mr. Shields with CZM's pricing strategy through 2008 generally and specifically how CZM will work pricing to introduce its new Cirrus HD-OCT product. Mr. Shields can use this information to position Optovue's competitive product at a price that undercuts CZM's entire strategy for the next two years.

12.    The fourth document, labeled WS-000051-WS-000080, appears to be an internal summary of the Stratus-OCT product. This is a significant teaching tool that Mr. Shields and Optovue could use to train Optovue sales persons about the Stratus product and how to compete against it in the marketplace. Mr. Shields and Optovue gain an unfair competitive advantage by not spending the time and resources necessary to develop this information on their own.

13.    The fifth document, labeled WS-000081-WS-000103, appears to be another internal teaching tool CZM uses about its Stratus-OCT product. This document is a confidential and proprietary internal CZM document that it not available publicly. Again, this could be used as a teaching tool to train Optovue sales persons about the Stratus product and how to compete against it in the marketplace.

10620795.2

- 5 -

14.     The sixth document, labeled WS-000104-WS-000174 is an internal document marked "**CONFIDENTIAL**" and "**CONFIDENTIAL FOR INTERNAL USE ONLY**" (emphasis added). This document is a confidential and proprietary internal CZM document that it not publicly available. This document contains highly confidential information that is not publicly available about both CZM's product and our internal best estimates about competitors' products. For example, on page 13, this documents contains the lowest customer price of the Stratus-OCT, which is not publicly available. To the extent this document contains certain publicly-available information about CZM's competitors, that information was compiled over time and at great cost to CZM. Access to this document allows Mr. Shields and Optovue to avoid incurring the significant time and expense CZM invested in compiling it (assuming they even have the resources to do so) and thereby gain an unfair competitive advantage over CZM. This document also provides Mr. Shields and Optovue a clear view of CZM's sales processes and themes such that Optovue can develop sales themes and materially that directly respond to and undercut CZM's.

15.     The seventh document, labeled WS-000175-WS-000182, is list of Laser Diagnostic Technologies' ("LDT") international distributors. This document is a confidential and proprietary internal CZM document that it not publicly available. CZM purchased LDT and therefore owns all rights to this document. It appears that Mr. Shields is using this information to gain an unfair competitive advantage by not having to spend the time and resources to redevelop this list of distributors and contacts.

Signed under penalties of perjury this 18th day of June, 2007.

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail -hand on _____

Joseph Donahoe

10620795 2