1   DONALD L. BARTELS, State Bar No. 65142
    dbartels@nixonpeabody.com
2   BRUCE E. COPELAND, State Bar No. 124888
    bcopeland@nixonpeabody.com
3   LAURA K. CARTER, State Bar No. 244856
    lcarter@nixonpeabody.com
4   NIXON PEABODY LLP
    One Embarcadero Center, 18th Floor
5   San Francisco, California 94111-3600
    Telephone: (415) 984-8200
6   Fax:  (415) 984-8300

7

    Attorneys for Defendant/Counterclaimant:
8   CARL ZEISS MEDITEC, INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13   OPTOVUE CORPORATION,                    Case No. C 07-03010 CW

14                      Plaintiff,

15        vs.                                **DEFENDANT CARL ZEISS MEDITEC,
                                             INC.'S ANSWER TO OPTOVUE CORP.'S
16   CARL ZEISS MEDITEC, INC.,               COMPLAINT AND COUNTERCLAIM**

17                      Defendant.           **DEMAND FOR JURY TRIAL**

18   ────────────────────────────
     CARL ZEISS MEDITEC, INC.,
19
                        Counterclaimant,
20
21        vs.

22   OPTOVUE CORPORATION, INC.; JAY WEI, an
     individual, and YONGHUA ZHAO, an individual,
23
                        Counterdefendants.
24   ────────────────────────────

25        Defendant Carl Zeiss Meditec, Inc. ("CZMI") hereby submits this Answer, Counterclaims and

26   Third-Party Claims to the Complaint for: 1) Declaratory Judgment of A) Violation of Computer

27   Fraud and Abuse Act; B) No Unfair Competition Under Lanham Act; C) No Infringement Under

28   Copyright Act; D) No Unfair Competition Under California State Law; E) No Trade Secret

1   Misappropriation; F) Plaintiff's Right to Continue Employment of Employee; and 2) Trade Secret

2   Misappropriation By Defendant ("Complaint"), brought by Plaintiff Optovue Corporation

3   ("Optovue") as follows:

4          CZMI answers the allegations set forth in the separately numbered and labeled paragraphs of

5   the Complaint below.  To the extent that any specific allegation in the Complaint is not addressed

6   below, that allegation is denied.  CZMI is simultaneously filing a Motion to Dismiss Certain Claims

7   and for More Definite Statement ("Motion to Dismiss").  Nothing in this Answer and Counterclaims

8   is intended to waive or otherwise affect CZMI's Motion to Dismiss.

9                                                    I.

10                                  **NATURE OF THE ACTION**

11         1.      Paragraph 1 of the Complaint contains no factual allegations to which a responsive

12  pleading is required.  To the extent paragraph 1 contains factual allegations, those allegations are

13  denied.

14                                                  II.

15                                **JURISDICTION AND VENUE**

16         2.      Paragraph 2 of the Complaint states a conclusion of law to which no responsive

17  pleading is required.

18         3.      Paragraph 3 of the Complaint states a conclusion of law to which no responsive

19  pleading is required.

20                                                 III.

21                              **INTRADISTRICT ASSIGNMENT**

22         4.      Paragraph 4 of the Complaint states a conclusion of law to which no responsive

23  pleading is required.

24                                                 IV.

25                                       **THE PARTIES**

26         5.      CZMI lacks knowledge or information sufficient to form a belief as to the truth of the

27  allegations in paragraph 5 concerning its principal place of business and denies the remaining

28  allegations.

6.      Admitted.

## IV. [SIC]

## GENERAL ALLEGATIONS

7.      CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis, denies those allegations.

8.      CZMI denies that Messrs. Wei and Zhao are "pioneers in Optical Coherence Tomography." CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and on that basis, denies those allegations.

9.      CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis, denies those allegations.

10.     Admitted.

11.     Admitted.

12.     CZMI admits that it sent certain correspondence to Optovue that speaks for itself. CZMI denies all remaining allegations in paragraph 12 of the Complaint.

### Optovue's Marketing Statements Are Not False, Misleading or Deceptive Under the Lanham Act

13.     CZMI neither admits nor denies the allegations in paragraph 13 of the Complaint, but states that the exhibits speak for themselves.

14.     Denied.

### CZM Make Spurious Allegations of Copyright Infringement

15.     CZMI neither admits nor denies the allegations in paragraph 15 of the Complaint, but states that the exhibit speaks for itself.

16.     Denied.

17.     Paragraph 17 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 17 contains factual allegations, those allegations are denied.

## **Optovue Has Developed and Maintained Its Own Valuable Trade Secrets**

18.   CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis, denies those allegations.

19.   CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis, denies those allegations.

20.   CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis, denies those allegations.

21.   CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and on that basis, denies those allegations.

22.   CZMI admits that Dr. Huang previously consulted for CZMI.  CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and on that basis, denies those allegations.

23.   CZMI admits that Dr. Huang conducted studies on a CZMI prototype OCT device. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and on that basis, denies those allegations.

24.   CZMI neither admits nor denies that Optovue had access to certain CZMI computer files located on a computer in Dr. Huang's possession, custody and/or control, but states that the documents attached to the Complaint speak for themselves.  CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and on that basis, denies those allegations.

25.   CZMI admits that the value of its computer and the files on that computer exceed $5,000.  CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and on that basis, denies those allegations.

26.   CZMI admits that Dr. Huang has returned to CZMI all computers he was testing on CZMI's behalf.  CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and on that basis, denies those allegations.

27.   Denied.

28.    CZMI neither admits nor denies the allegations in paragraph 28 of the Complaint, but states that the exhibit speaks for itself.

29.    Denied.

30.    Denied.

### Optovue's Right To Continue to Employ William Shields

31.    CZMI admits that William Shields previously served as CZMI's Sales Director for Europe, the Middle East and Africa, Diagnostic Products. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint, and on that basis, denies those allegations.

32.    CZMI neither admits nor denies the allegations in paragraph 32 of the Complaint, but states that the agreement Mr. Shields signed speaks for itself.

33.    CZMI admits that on June 7, 2007, it initiated an action against Mr. Shields in the Massachusetts Superior Court, and thereafter served Mr. Shields with process, including, but not limited to, a temporary restraining order issued by the Massachusetts Superior Court. CZMI denies the remaining allegations in paragraph 33 of the Complaint.

34.    CZMI lacks knowledge or information sufficient to admit or deny whether Mr. Shields has extensive experience in the marketing and sale of ophthalmic equipment. CZMI denies the remaining allegations in paragraph 34 of the Complaint.

35.    CZMI denies that Mr. Shields was not significantly involved in developing pricing plans, budget plans or sales forecasts. CZMI admits that many important decisions regarding sales of its equipment were made with involvement from its parent, but that Mr. Shields played an important role in that decision making process.

36.    Paragraph 36 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 36 contains factual allegations, those allegations are denied.

37.    Denied.

1

## FIRST CLAIM FOR RELIEF
### (Declaration of No Violation under the Computer Fraud and Abuse Act)

2

3       38.     CZMI repeats its answers to paragraphs 1 through 37 in answer to paragraph 38 of the

4   Complaint.

5       39.     Admitted.

6       40.     CZMI lacks knowledge or information sufficient to form a belief as to the truth of the

7   allegations in paragraph 40 of the Complaint, and on that basis, denies those allegations.

8       41.     Paragraph 41 of the Complaint states a conclusion of law to which no responsive

9   pleading is required.  To the extent paragraph 41 contains factual allegations concerning Optovue

10  consultants, those allegations are denied.  To the extent paragraph 41 contains factual allegations

11  concerning Optovue employees, those allegations are the subject of a prior pending action.

12      42.     Paragraph 42 of the Complaint states a conclusion of law to which no responsive

13  pleading is required.  To the extent paragraph 42 contains factual allegations concerning Optovue

14  employees, CZMI denies that a judicial declaration from this Court is necessary or appropriate as

15  claims relating to Mr. Shields are subject to a prior pending action.

16

## SECOND CLAIM FOR RELIEF
### (Declaration of No Unfair Competition Under the Lanham Act)

17

18      43.     CZMI repeats its answers to paragraphs 1 through 42 in answer to paragraph 43 of the

19  Complaint.

20      44.     Admitted.

21      45.     Paragraph 45 of the Complaint states a conclusion of law to which no responsive

22  pleading is required.  To the extent paragraph 45 contains factual allegations, those allegations are

23  denied.

24      46.     Paragraph 46 of the Complaint states a conclusion of law to which no responsive

25  pleading is required.

26      47.     Paragraph 47 of the Complaint states a conclusion of law to which no responsive

27  pleading is required.

28

### THIRD CLAIM FOR RELIEF
#### (Declaration of Noninfringement of Copyright)

48.    CZMI repeats its answers to paragraphs 1 through 47 in answer to paragraph 48 of the Complaint.

49.    CZMI neither admits nor denies the allegations in paragraph 49 of the Complaint, but states that the documents speak for themselves.

50.    Paragraph 50 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 50 contains factual allegations concerning CZMI's copyright rights in its marketing materials, those allegations are denied.

51.    Denied.  Further answering, CZMI states that this issue is not ripe for adjudication as no case or controversy exists in that CZMI has not yet applied to the Copyright Office for registration of any of its Copyright rights with respect to the material at issue, as further explained in its contemporaneously-filed Motion to Dismiss.

52.    Paragraph 52 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 52 contains factual allegations, those allegations are denied.

### FOURTH CLAIM FOR RELIEF
#### Declaration of No Unfair Competition under Cal. Bus. & Prof. Code § 17200, *et seq.*)

53.    CZMI repeats its answers to paragraphs 1 through 52 in answer to paragraph 53 of the Complaint.

54.    CZMI alleges that Optovue has committed acts that constitute unfair competition under Cal. Bus. & Prof. Code § 17200, et seq., as detailed in CZMI's Motion to Dismiss, but the allegations in the Complaint are too vague and/or ambiguous to responsively plead as to the specific acts upon which Optovue seeks a declaration.

55.    Paragraph 55 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 55 contains factual allegations, those allegations are denied.

56.     Paragraph 56 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 56 contains factual allegations, those allegations are denied.

57.     Paragraph 57 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 57 contains factual allegations, those allegations are denied.

## FIFTH CLAIM FOR RELIEF
### (Declaration of No Trade Secret Misappropriation by Optovue)

58.     CZMI repeats its answers to paragraphs 1 through 57 in answer to paragraph 58 of the Complaint.

59.     CZMI neither admits nor denies the allegations in paragraph 59 of the Complaint, but states that the patent application speaks for itself.

60.     Paragraph 60 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 60 contains factual allegations, those allegations are denied.

61.     Paragraph 61 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 61 contains factual allegations, those allegations are denied.

62.     Paragraph 62 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 62 contains factual allegations, those allegations are denied.

## SIXTH CLAIM FOR RELIEF
### (Declaration of Optovue's Right to Continue to Employ William Shields)

63.     CZMI repeats its answers to paragraphs 1 through 62 in answer to paragraph 63 of the Complaint.

64.     CZMI neither admits nor denies the allegations in paragraph 64 of the Complaint, but states that the Massachusetts action speaks for itself.

1    65.    Denied.

2    66.    Denied as to all employees other than Mr. Shields because there is no actual case or

3    controversy.  Further answering, CZMI states that with respect to Mr. Shields, this issue is not

4    appropriate for adjudication in this Court because it is the subject of a prior pending action in the

5    Superior Court of the Commonwealth of Massachusetts as further explained in CZMI's

6    contemporaneously-filed Motion to Dismiss.

7    67.    Paragraph 67 of the Complaint states a conclusion of law to which no responsive

8    pleading is required.  To the extent paragraph 67 contains factual allegations, those allegations are

9    denied for the reasons set forth in CZMI's contemporaneously-filed Motion to Dismiss this claim.

10    **SEVENTH CLAIM FOR RELIEF**
**(Trade Secrets Misappropriation by CZM)**

11

12    68.    CZMI repeats its answers to paragraphs 1 through 67 in answer to paragraph 68 of the

13    Complaint.

14    69.    Denied.

15    70.    Denied.

16    71.    Denied.

17

18    **AFFIRMATIVE DEFENSES**

19    **FIRST AFFIRMATIVE DEFENSE**

20    Optovue's Complaint fails to state facts sufficient to constitute a claim against this defendant.

21    **SECOND AFFIRMATIVE DEFENSE**

22    Optovue's Third and Sixth Claims are barred as a matter of law.

23    **THIRD AFFIRMATIVE DEFENSE**

24    Optovue has violated the Computer Fraud and Abuse Act.

25    **FOURTH AFFIRMATIVE DEFENSE**

26    Optovue has engaged in unfair competition under the Lanham Act.

27    **FIFTH AFFIRMATIVE DEFENSE**

28    Optovue has engaged in unfair competition under Cal. Bus. & Prof. Code § 17200, et seq.

## SIXTH AFFIRMATIVE DEFENSE

Optovue has misappropriated CZMI's trade secrets.

## SEVENTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by its own bad acts and/or the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by its material misrepresentations to CZMI.

## NINTH AFFIRMATIVE DEFENSE

Optovue has failed to mitigate its alleged damages, if any.

## TENTH AFFIRMATIVE DEFENSE

CZMI alleges that Optovue, its agents, employees, servants and/or representatives were negligent, legally responsible or otherwise at fault for the damages alleged in Optovue'e complaint. CZMI therefore requests that in the event of a finding of any liability in favor of plaintiff or settlement or judgment against this defendant, an apportionment of fault be made among all parties as permitted by *Li v. Yellow Cab Company* and *American Motorcycle Association v. Superior Court* by the court or jury. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

## ELEVENTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by the doctrines of waiver and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Optovue's claims are barred to the extent they are not ripe for adjudication.

## THIRTEENTH AFFIRMATIVE DEFENSE

Optovue's claims are barred to the extent that this Court lacks jurisdiction over the subject matter of Optovue's claims.

## COUNTERCLAIMS AGAINST OPTOVUE, INC. AND THIRD-PARTIES JAY WEI AND YONGHUA ZHAO

Defendant, counterclaimant and third-party claimant, Carl Zeiss Meditec, Inc. ("CZMI") alleges for its counterclaims and third-party claims for Violation of the Computer Fraud and Abuse

1    Act, 18 U.S.C. § 1030, Unfair Competition under Section 43(a), 15 U.S.C. § 1125(a), of the Lanham

2    Act, and Violation of the California Uniform Trade Secrets Act, Unfair Competition under Cal. Bus.

3    & Prof. Code § 17200 et seq., Breach of Contract and Unjust Enrichment, against plaintiff and

4    counterclaim defendant Optovue Corporation ("Optovue") and third party defendants Jay Wei and

5    Yonghua Zhao as follows:

6                                **NATURE OF ACTION**

7        1.    These counterclaims and third party claims are asserted to vindicate CZMI's rights

8    under the Computer Fraud and Abuse Act, to protect and seek damages for misappropriation of

9    CZMI's trade secrets and prevent unfair competition by Optovue and Messrs. Wei and Zhao.

10                          **THE PARTIES AND JURISDICTION**

11   **Carl Zeiss Meditec, Inc.**

12       2.    Carl Zeiss Meditec, Inc. ("CZMI") is a New York corporation with a principal place

13   of business in Dublin, California.

14       3.    CZMI is an integrated medical technology company with two main areas of business

15   activity. In the field of ophthalmology, CZMI offers complete solutions for treating the four main

16   eye ailments: vision defects to include refractive, cataract, glaucoma and retinal disorders. CZMI's

17   products support doctors and patients to diagnose and treat these ailments efficiently and precisely.

18   For example, CZMI's Stratus Optical Coherence Tomography ("OCT") scanner is an industry leader

19   in the field of ophthalmic imaging for ocular diseases. In the field of neuro/ENT surgery, CZMI is

20   the world's leading provider of surgical microscopes and visualization solutions for these treatments

21   **Optovue Corporation**

22       4.    Upon information and belief, Optovue Corporation ("Optovue") is a Delaware for-

23   profit corporation with a principal place of business in Fremont, California.

24       5.    Optovue markets and sells an OCT retina scanner called the RTVue. The RTVue

25   unfairly competes with CZMI's currently available Stratus OCT and soon to be available Cirrus

26   OCT.

27

28

**Jay Wei**

6.     Jay Wei is a natural person and, upon information and belief, a citizen of the state of California.

7.     Upon information and belief, Mr. Wei is a co-founder of Optovue and currently serves as Optovue's president and CEO. Immediately prior to beginning his employment with Optovue, Mr. Wei was employed by CZMI.

**Yonghua Zhao**

8.     Yonghua Zhao is a natural person and, upon information and belief, a citizen of the state of California.

9.     Upon information and belief, Mr. Zhao is a co-founder of Optovue and currently serves as Optovue's chief technology officer. Immediately prior to beginning his employment with Optovue, Mr. Zhao was employed by CZMI.

**Jurisdiction and Venue**

10.     This case arises under certain Acts of Congress, including. 15 U.S.C. § 1051 et seq and 18 U.S.C. § 1030. Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. Under principles of supplemental jurisdiction, the Court also has jurisdiction of all claims arising solely under state law.

11.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to CZMI's claims occurred in this judicial district. Specifically, Optovue's and Messrs. Wei and Zhao's actions occurred in this judicial district and they continue to rely upon and benefit from CZMI's trade secrets in this judicial district.

## FACTS

**Computer Fraud and Abuse Allegations**

12.     Upon information and belief, David Huang, M.D. PhD, is an associate professor of ophthalmology at the University of Southern California.

13.     From approximately November 15, 2004 through no later than December 7, 2006, Dr. Huang served as an advisor and consultant to CZMI pursuant to a Clinical Research and

1  Technology Development Agreement, made as of November 15, 2004 ("Clinical Research

2  Agreement").

3       14.    Pursuant to the Clinical Research Agreement, Dr. Huang agreed, among other things,

4  that he would maintain the confidentiality of all confidential information CZMI provided to him or

5  that he created on CZMI's behalf and not use any CZMI-provided resources to benefit anyone other

6  than CZMI.

7       15.    Pursuant to the Clinical Research Agreement, CZMI provided Dr. Huang a CZMI

8  prototype OCT device and a CZMI production OCT device. Each of these devices contained a CZMI

9  computer and files worth in excess of $5,000.

10       16.    Upon information and belief, during the term of the Clinical Research Agreement,

11  Dr. Huang became a member of Optovue's Scientific Advisory Board.

12       17.    Upon information and belief, during the term of the Clinical Research Agreement,

13  Dr. Huang acquired an option or options to purchase certain equity rights in Optovue.

14       18.    Upon joining Optovue's Scientific Advisory Board and/or becoming an Optovue

15  optionee, Dr. Huang became an Optovue agent.

16       19.    Upon learning that Dr. Huang had joined Optovue's Scientific Advisory Board and/or

17  become an Optovue optionee, CZMI terminated the Clinical Research Agreement and demanded that

18  Dr. Huang return all CZMI equipment.

19       20.    Upon reviewing the CZMI equipment that Dr. Huang returned, CZMI determined that

20  the computer on one of the devices had been used for Optovue's benefit. Specifically, CZMI

21  discovered a deleted file directory on one of the computers entitled "RTVue database 1.1.4.3."

22       21.    Dr. Huang's use of CZMI's computer on behalf of Optovue and as an Optovue agent

23  constitutes a violation of the Computer Fraud and Abuse Act.

24  **Lanham Act Unfair Competition Allegations**

25       22.    In 1995, CZMI introduced the world's first commercial OCT retina scanner, the OCT-

26  1. In 2002, CZMI introduced its next-generation commercial OCT retina scanner, the Stratus OCT.

27

28

23.     Despite CZMI's development and sale of the first OCT system, Optovue has used marketing materials with the caption "From the developers of the first OCT systems in eye care" to promote its own product, the RTVue.

24.     CZMI, not Optovue, is the developer of the first commercial OCT system used in eye care.

25.     The RTVue competes directly with CZMI's Stratus OCT.

26.     Optovue's marketing claim to be the developer of the first OCT system in eye care is a false or misleading description of fact that is likely to cause confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with CZMI, the true developers of the first OCT systems in eye care.

27.     Optovue's marketing claim to be the developer of the first OCT system in eye care in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of Optovue's goods and/or services.

28.     CZMI is the author of certain marketing material entitled "Interpretive Key," a copy of which is attached as Exhibit B to the Complaint. The "Interpretive Key" material contains the "Stratus" name, an image taken by a Stratus OCT and CZMI contact information on the back of the material.

29.     Upon information and belief, Optovue has: (1) taken the "Interpretive Key" material; (2) covered up the name "Stratus" in one location; (3) copied the altered document without the CZMI contact information; and (4) used the altered document in connection with sales of its RTVue product.

30.     Optovue's use of the altered "Interpretive Key" material is a false or misleading description of fact that is likely to cause confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with CZMI' Stratus OCT.

**Trade Secret Misappropriation Allegations**

31.     Jay Wei and Yonghua Zhao are former CZMI employees who worked on the development of the Stratus OCT. Messrs. Wei and Zhao are both engineers who worked in CZMI's laboratories and developed key parts of CZMI's OCT retina scanner technology.

32.    While employed by CZMI, Messrs. Wei and Zhao's research and development activities included work on OCT technology.

33.    One aspect of Mr. Zhao's research and development on CZMI's behalf was software creation.

34.    In the course of their CZMI employment, Messrs. Wei and Zhao each maintained laboratory notebooks containing their research notes and findings.  Those notebooks and the information contained therein are CZMI's property

35.    The notebooks and the information contained therein constitute information that derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure.

36.    CZMI takes reasonable steps to safeguard the confidentiality of its trade secrets, including, but not limited to, having all employees, including Messrs. Wei and Zhao, sign confidentiality agreements.

37.    In 2003, Mr. Wei and in 2004 Mr. Zhao voluntarily ended their CZMI employment and founded Optovue.

38.    Soon after founding Optovue, Mr. Wei filed provisional patent applications for certain OCT-related technology.  Upon information and belief, at least two of those provisional patent applications, 60/543,862 and 60/543,767, contains concepts and technology Mr. Wei, Mr. Zhao and/or others developed while employed by CZMI.

39.    Upon information and belief, the specific concepts and technologies that appear in Mr. Wei's patent applications, including but not limited to 60/543,862, also appear in Messrs. Wei and/or Zhao's CZMI lab notebooks.

40.    As a CZMI employee, Mr. Zhao developed a certain software application that captured the video stream from a camera showing the front of a patient's eye during data collection. The name of this software application is "Captured_ACOCT.avi" and Mr. Zhao designed it for use on a CZMI prototype.

41.    Upon information and belief, Optovue's RTVue machine also utilizes a software application called "Captured_ACOCT.avi" to capture the video stream from a camera showing a patient's retina during data collection.

42.    Upon information and belief, the text strings within the executables of these applications (on the CZMI prototype and RTVue), contain significant overlaps of code.

43.    Mr. Wei's reliance upon and submission to the United States Patent and Trademark Office of concepts and technologies he, Mr. Zhao and/or others developed in the course of their CZMI employment for Optovue's benefit is a misappropriation of CZMI's trade secrets.

44.    Mr. Zhao's disclosure and use of software applications that he developed in the course of his CZMI employment for Optovue's benefit is a misappropriation of CZMI's trade secrets

45.    Optovue's reliance upon software applications that Mr. Zhao developed in the course of his CZMI employment is a misappropriation of CZMI's trade secrets.

**California Bus. & Prof. Code § 17200 Allegations**

46.    Optovue and/or its agents have misappropriated CZMI computers for Optovue's benefit.

47.    Optovue has claimed in its advertising and marketing materials to be the developer of the first OCT systems in eye care.

48.    Optovue has copied and used certain CZMI marketing materials for its own benefit, but redacted references to CZMI and CZMI's products.

49.    Upon information and belief, Optovue and Messrs. Wei and Zhao have misappropriated CZMI's trade secrets by relying upon and utilizing concepts and technologies they developed in the course of their employment by CZMI.

50.    Such actions constitute unfair or fraudulent business acts or practices and/or unfair, deceptive, untrue or misleading advertising.

**Breach of Contract Allegations**

51.    Mr. Wei entered into an Employment Agreement with Humphrey Instruments, Inc., dated September 28, 1992 ("Wei Employment Agreement").

52.    Mr. Wei entered into the Wei Employment Agreement in consideration of his employment with Humphrey Instruments, Inc.

53.    CZMI is the successor in interest to all of Humphrey Instruments, Inc.'s rights and obligations under the Wei Employment Agreement.

54.    The Wei Employment Agreement defines "Confidential Information" as:

> any information relating investigational or marketed products, research or manufacturing processes, business studies, business procedures and finances which has not been made public . . . .

55.    Pursuant to the Wei Employment Agreement, Mr. Wei agreed that he would "not, either during or after [his] employment, disclose any confidential information acquired because of such employment without the consent of an officer of the corporation."

56.    Mr. Wei and CZMI are parties to a Severance Agreement and General Release, executed by Mr. Wei on October 29, 2003 and CZMI on October 30, 2003 ("Wei Severance Agreement").

57.    Pursuant to the Wei Severance Agreement, Mr. Wei agreed, among other things, "to maintain the confidentiality of all confidential information, knowledge or data relating to Carl Zeiss Meditec, Inc., or any affiliated company, which was obtained by [Mr. Wei] during [his]employment with Carl Zeiss Meditec, Inc., and agrees not to communicate or divulge any such information, knowledge or data to anyone or utilize such information, knowledge or data without the prior written consent of the Company."

58.    The concepts and technology Mr. Wei developed while employed by CZMI are Confidential Information pursuant to the Wei Employment Agreement and Wei Severance Agreement.

59.    Subsequent to his employment with CZMI, Mr. Wei disclosed and made use of on Optovue's behalf certain CZMI Confidential Information, including, without limitation, concepts and technology he developed while employed by CZMI.

60.    Mr. Zhao and CZMI are parties to an Employee Agreement, executed by Mr. Zhao on December 12, 2000 ("Zhao Employee Agreement").

61.    Mr. Zhao entered into the Zhao Employee Agreement in consideration of his employment with CZMI.

62.    The Zhao Employee Agreement defines "Confidential Information" as:

> information pertaining to any aspect of the Company's business which is information not known by actual or potential competitors of the Company, proprietary information of the Company or its customers or suppliers, or information designated by the Company as Confidential.

63.    Pursuant to the Non-Disclosure Clause of the Zhao Employee Agreement, Mr. Zhao agreed:

> to hold in confidence and not directly or indirectly to use or disclose, either during or after termination of my employment with the Company, any Confidential Information I obtain or create during the period of my employment, whether or not during working hours, except to the extent authorized by the Company, until such Confidential Information becomes generally known. I agree not to make copies of such Confidential Information except if authorized by the Company. Upon Termination of my employment or upon an earlier request of the Company, I will return or deliver to the Company all tangible forms of such Confidential Information in my possession or control including, but not limited to drawing, specifications, documents, records, devices, models or any other material and copies or reproduction thereof.

64.    Prior to leaving CZMI, Mr. Zhao executed a Termination Certification in favor of CZMI on March 12, 2004 ("Termination Certification").

65.    Pursuant to the Termination Certification, Mr. Zhao agreed, among other things, continued compliance with the Zhao Employee Agreement and to "preserve as confidential all proprietary, technical and business information pertaining to Carl Zeiss Meditec, Inc.

66.    The concepts and technology Mr. Zhao developed while employed by CZMI are Confidential Information pursuant to the Zhao Employee Agreement and Termination Certification.

67.    Upon information and belief, subsequent to his employment with CZMI, Mr. Zhao disclosed and made use of on Optovue's behalf certain CZMI Confidential Information, including, without limitation, certain software concepts and technology he developed while employed by CZMI.

## COUNT I

### Computer Fraud and Abuse by Optovue

68.    CZMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1-67 of the Counterclaims and Third Party Claims.

69.    Optovue's agents exceeded their authorized access to a CZMI computer and thereby gained value beyond the use of the computer.

70.    Optovue's agents intentionally accessed a protected CZMI computer and thereby caused CZMI to suffer a loss in excess of $5,000.

71.    Such actions constitute a violation of § 1030 of the Computer Fraud and Abuse Act.

## COUNT II

### Unfair Competition under § 43(a) of the Lanham Act by Optovue

72.    CZMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1-71 of the Counterclaims and Third Party Claims.

73.    Optovue has utilized marketing and advertising materials with the claim "the developers of the first OCT systems in eye care."

74.    CZMI, not Optovue, is the first company to develop commercial OCT systems in eye care.

75.    Optovue's marketing claim to be the developer of the first OCT system in eye care is a false or misleading description of fact that is likely to cause confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with CZMI, the true developers of the first OCT systems in eye care.

76.    Optovue's claim to be the developer of the first OCT system in eye care in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of Optovue's goods and/or services.

77.    Optovue's claim to be the developer of the first OCT system in eye care constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125.

78.    Optovue has utilized certain CZMI-developed marketing material entitled "Interpretive Key" that Optovue has altered to remove one reference to "Stratus OCT" and to remove contact information for CZMI.

79.    CZMI, not Optovue, is the owner and developer of the Stratus OCT.

80.    Optovue's marketing claim to be associated with the Stratus OCT or that its RTVue is connected with the Stratus OCT is a false or misleading description of fact that is likely to cause

1  confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with

2  CZMI's Stratus OCT.

3      81.    Optovue's claim to be associated with the Stratus OCT or that its RTVue is connected

4  with the Stratus OCT in commercial advertising or promotion misrepresents the nature,

5  characteristics and/or qualities of Optovue's goods and/or services.

6      82.    Optovue's claim to be associated with the Stratus OCT or that its RTVue is connected

7  with the Stratus OCT constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125.

8  ## COUNT III

9  Trade Secret Misappropriation by Optovue, Jay Wei and Yonghua Zhao

10      83.    CZMI repeats and makes a part hereof each and every allegation set forth in

11  paragraphs 1-82 of the Counterclaims and Third Party Claims.

12      84.    In the course of their CZMI employment, Messrs. Wei and Zhao created CZMI trade

13  secrets concerning OCT technology.

14      85.    CZMI took adequate steps to safeguard the trade secrets Messrs. Wei and Zhao

15  developed in the course of their CZMI employment.

16      86.    Upon information and belief, after leaving CZMI and founding Optovue, Messrs. Wei

17  and Zhao utilized for their own benefit and for Optovue's benefit CZMI trade secrets they developed

18  in the course of their CZMI employment.

19      87.    CZMI did not consent to Mr. Wei's use of the trade secrets he created in the course of

20  his CZMI employment.

21      88.    CZMI did not consent to Mr. Zhao's use of the trade secrets he created in the course of

22  his CZMI employment.

23      89.    CZMI did not consent to Optovue's use of the trade secrets Messrs. Wei and/or Zhao

24  created in the course of their CZMI employment.

25      90.    Optovue and Messrs. Wei and Zhao's actions constitute misappropriation of CZMI's

26  trade secrets in violation of California Uniform Trade Secret Act.

27      91.    Mr. Wei's disclosure of CZMI's trade secrets in patent applications that caused such

28  trade secrets to be published and therefore lose their trade secret status has damaged CZMI.

92.    Upon information and belief, Optovue, Wei and Zhao's acts of misappropriation will continue, causing severe and irreparable harm to CZMI, unless enjoined by this court.

93.    To the extent that any patents have issued or will issue to Mr. Wei, including, without limitation, patents claiming priority from the 60/543,862 and 60/543,767 applications, that are based, in whole or in part, on CZMI trade secrets or other CZMI confidential information, such patents are CZMI's property and should be assigned accordingly.

## COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17200 by Optovue, Jay Wei and Yonghua Zhao

94.    CZMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1-93 of the Counterclaims and Third Party Claims.

95.    Optovue's agents' use of CZMI's computers without CZMI's permission to do so is an unfair business practice.

96.    Optovue's advertising claim to be the developer of the first OCT systems in eye care is deceptive, untrue and/or misleading advertising.

97.    Optovue's copying and use of CZMI marketing materials for Optovue's benefit is deceptive, untrue and/or misleading advertising.

98.    Optovue, Jay Wei and Yonghua Zhao's misappropriation and use of CZMI's trade secrets concerning OCT technology is an unfair business practice.

99.    Optovue, Jay Wei and Yonghua Zhao's respective unfair business practices and/or deceptive advertising violate Cal. Bus. & Prof. Code § 17200.

100.    Upon information and belief, Optovue, Wei and Zhao's acts of unfair business practices will continue, causing severe and irreparable harm to CZMI, unless enjoined by this court.

## COUNT V

### Breach of Contract by Wei and Zhao

101.    CZMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1-100 of the Counterclaims and Third Party Claims.

102.    CZMI and Mr. Wei are parties to the Wei Employment Agreement.

103.    CZMI and Mr. Wei are parties to the Wei Severance Agreement.

1    104.    Pursuant to the Wei Employment Agreement and Wei Severance Agreement, Mr. Wei

2  agreed, among other things, to hold in confidence and not use or disclose any of CZMI's Confidential

3  Information.

4    105.    Mr. Wei materially breached the Wei Employment Agreement and Wei Severance

5  Agreement by, among other things, relying upon concepts and/or technology he developed while

6  employed by CZMI in provisional patent applications 60/543,862 and 60/543,767.

7    106.    CZMI and Mr. Zhao are parties to the Zhao Employee Agreement.

8    107.    CZMI and Mr. Zhao are parties to the Termination Certification.

9    108.    Pursuant to the Zhao Employee Agreement and Termination Certification, Mr. Zhao

10  agreed, among other things, to hold in confidence and not use or disclose any of CZMI's Confidential

11  Information.

12    109.    Mr. Zhao materially breached the Zhao Employee Agreement and Termination

13  Certification by, among other things, utilizing a software application he developed while employed

14  by CZMI.

15                                        **COUNT VI**

16                        Unjust Enrichment Against Optovue, Wei and Zhao

17    110.    CZMI repeats and makes a part hereof each and every allegation set forth in

18  paragraphs 1-109 of the Counterclaims and Third Party Claims.

19    111.    Optovue has benefited from its wrongful use of the CZMI's trade secrets, confidential

20  information and marketing materials and has paid no remuneration or other fees to CZMI in return

21  for this benefit.

22    112.    Optovue's failure to compensate CZMI constitutes unjust enrichment and has

23  damaged CZMI.

24    113.    Mr. Wei has benefited from his wrongful use of the CZMI's trade secrets and

25  confidential information and has paid no remuneration or other fees to CZMI in return for this

26  benefit.

27    114.    Mr. Wei's failure to compensate CZMI constitutes unjust enrichment and has

28  damaged CZMI.

ANSWER AND COUNTERCLAIM                    -22-                                    10637863.5
CASE NO. C07-03010 CW

1    115.    Mr. Zhao has benefited from his wrongful use of the CZMI's trade secrets and

2 confidential information and has paid no remuneration or other fees to CZMI in return for this

3 benefit.

4    116.    Mr. Zhao's failure to compensate CZMI constitutes unjust enrichment and has

5 damaged CZMI.

6    WHEREFORE, CZMI respectfully asks that the Court:

7    1.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

8 on Count I of these Counterclaims and Third Party Claims.

9    2.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

10 on Count II of these Counterclaims and Third Party Claims.

11    3.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

12 injunctive relief prohibiting the continued use of CZMI's trade secrets and assignment to CZMI of

13 any patents that have issued or will issue to Mr. Wei that are based, in whole or in part, on CZMI

14 trade secrets or other CZMI confidential information on Count III of these Counterclaims and Third

15 Party Claims.

16    4.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

17 and injunctive relief prohibiting the continued unfair business practices on Count IV of these

18 Counterclaims and Third Party Claims.

19    5.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

20 on Count V of these Counterclaims and Third Party Claims.

21    6.    Enter judgment in favor of CZMI for damages, in an amount to be determined at trial,

22 on Count VI of these Counterclaims and Third Party Claims.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1    7.    Enter judgment in favor of CZMI for costs, attorney's fees and such other relief as the

2    Court deems appropriate.

3

4    DATED:  July 9, 2007                                    Respectfully submitted,

5                                                            NIXON PEABODY LLP

6

7                                              By: _____

8                                                  DONALD L. BARTELS
                                                   BRUCE E. COPELAND
9                                                  LAURA K. CARTER
                                                   Attorneys for Defendant/Counterclaimant
10                                                 CARL ZEISS MEDITEC, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

CZMI hereby demands a trial by jury on all issue so triable.

DATED:  July 9, 2007

Respectfully submitted,

NIXON PEABODY LLP

By: _____
DONALD L. BARTELS
BRUCE E. COPELAND
LAURA K. CARTER
Attorneys for Defendant/Counterclaimant
CARL ZEISS MEDITEC, INC.

**PROOF OF SERVICE**

1    **CASE NAME:** *Optovue Corp. v. Carl Zeiss Meditec, Inc.*
     **COURT:**         **United States District Court – Northern District of California – Oakland**
2    **CASE NO.:**      **C 07-03010 CW**
     **NP FILE:**       **033750-10**

3

4        I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Fl., San Francisco, CA 94111.

5

6        On **July 9, 2007,** I served the following document(s):

7        •  **DEFENDANT CARL ZEISS MEDITEC, INC.'S ANSWER TO OPTOVUE CORP.'S COMPLAINT AND COUNTERCLAIM**

8

9        •  **DEMAND FOR JURY TRIAL [ND CA RULE 3-6(A)]**

10   on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

11   ___:   <u>By First-Class Mail</u> — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with
12   the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

13

14   ___:   <u>By Personal Service</u> — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

15   _X_:   <u>By Overnight Courier</u> — I caused each such envelope to be given to an overnight mail service
16   at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

17   ___:   <u>By Facsimile</u> — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008.
18   The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission,
19   a copy of which is attached to the original of this declaration.

20   ___:   <u>By Electronic Delivery</u> - I caused each such electronic copy to be sent from the offices of Nixon Peabody, San Francisco, California to the electronic mailing address of the addressee(s).

21   <u>**Addressee(s)**</u>

22   **See Attached Service List of Attorneys of Record**

23       I declare under penalty of perjury that the foregoing is true and correct. Executed on **July 9,**
24   **2007**, at San Francisco, California.

25

26                                                            _____
                                                             Tapa E. Tualaulelei

27

28

**Attorneys of Record – Service List**
*Optovue Corp. v. Carl Zeiss Meditec, Inc.*
USDC N.D. Case No. C 07-03010 CW

1

2   Diana Luo
    James Pooley
3   Larry Scott Oliver
    Morrison & Foerster LLP
4   755 Page Mill Road
    Palo Alto, CA  94304-1018
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Plaintiff Optovue Corporation:

Telephone:  (650) 813-5600
Fax:  (650) 494-0792
Email: dluo@mofo.com
Email: jpooley@mofo.com
Email: soliver@mofo.com

10637883.2