1  JAMES POOLEY (CA SBN 58041)
   SCOTT OLIVER (CA SBN 174824)
2  DIANA LUO (CA SBN 233712)
   KATHERINE NOLAN-STEVAUX (CA SBN 244950)
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792
   JPooley@mofo.com
6  SOliver@mofo.com
   DLuo@mofo.com
7  KNolanstevaux@mofo.com

8  Attorneys for Plaintiff
   OPTOVUE CORPORATION
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                           OAKLAND DIVISION

13

14  OPTOVUE CORPORATION, a California       Case No.   C 07-03010 CW
    Corporation,
15                                          **OPTOVUE CORPORATION'S
                    Plaintiff,              OPPOSITION TO CARL ZEIS
16                                          MEDITEC, INC.'S MOTION TO
        v.                                  DISMISS CERTAIN CLAIMS AND
17                                          FOR A MORE DEFINITE
    CARL ZEISS MEDITEC, INC., a New York    STATEMENT**
18  Corporation,
                                            Date:   August 23, 2007
19                  Defendant.              Time:   2:00 p.m.
                                            Ctrm:   2 – 4th Floor
20
                                            The Honorable Claudia Wilken
21

22  CARL ZEISS MEDITEC, INC.,

23                  Counterclaimant,

24      v.

25  OPTOVUE CORPORATION, INC.; JAY WEI,
    and individual, and YONGHUA ZHAO, an
26  individual,

27                  Counterdefendants.

28

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS
CASE NO. C 07-03010 CW
pa-1181603

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | ARGUMENTS | 2 |
|  | A. The Court Has Jurisdiction Over Optovue's Sixth Claim | 2 |
|  |    1. There Is An Actual Case or Controversy With Respect To Optovue's Right To Employ | 2 |
|  |    2. Abstention, a Rarely Used Exception, Is Unwarranted Here | 4 |
|  |       a. No Presumption Applies Simply Because There Exist Both State and Federal Cases | 4 |
|  |       b. CZM Cannot Satisfy The Other *Brillhart* Factors | 7 |
|  |       c. Additional Ninth Circuit Factors Support Jurisdiction | 8 |
|  | B. Motions Under Rule 12(e) Are Disfavored In Light Of Lenient Pleading Requirements | 9 |
|  | C. Declaratory Actions Regarding Copyright Claims Do Not Require Copyright Registration | 10 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page

**CASES**

A.G. Edwards & Sons, Inc. v. Smith,
  736 F. Supp. 1030 (D. Ariz. 1989) ... 10

Adv. Bionics Corp. v. Medtronic, Inc.,
  29 Cal. 4th 697 (2002) ... 7

Am. Nat'l Fire Ins. Co. v. Hungerford,
  53 F.3d 1012 (9th Cir. 1995) ... 5, 6

Applera Corp. v. Illumina, Inc.,
  282 F. Supp. 2d 1120 (N.D. Cal. 2003) ... 8

Application Group, Inc. v. Hunter Group, Inc.,
  61 Cal. App. 4th 881 (1998) ... 6, 7

Application Science & Technology, LLC v. Statmon Technologies Corp.,
  05-C-6864, 2006 WL 1430215 (N.D. Ill. April 21, 2006) ... 11

Bank One, N.A. v. Boyd,
  288 F.3d 181 (5th Cir. 2002) ... 8

Bolton v. Actuant Corp.,
  No. 03-08184 Pa(CWx), 2004 U.S. Dist. Lexis 15192 (C.D. Cal. Mar. 8, 2004) ... 4

Brillhart v. Excess Ins. Co. of Am.,
  316 U.S. 491 (1942) ... 5, 7, 8

Burns v. Rockwood Distrib. Co.,
  481 F. Supp. 841 (N.D. Ill. 1979) ... 10, 11

Colorado River Water Conservation District v. United State,
  424 U.S. 800 (1976) ... 4, 5

Cont'l Casualty Co. v. Robsac Indus.,
  947 F.2d 1367 (9th Cir. 1991) ... 7

DeFeo v. Procter & Gamble Co.,
  831 F. Supp. 776 (N.D. Cal. 1993) ... 5, 6, 8, 9

Dole Food Co. v. Watts,
  303 F.3d 1104 (9th Cir. 2002) ... 7, 8, 9

Enreach Tech. Inc. v. Embedded Internet Solutions, Inc.,
  403 F. Supp. 2d 968 (N.D. Cal. 2005) ... 12

Evident Corp. v. Church & Dwight Co.,
  399 F.3d 1310 (Fed. Cir. 2005) ... 3

FDIC v. Wise,
  758 F. Supp. 1414 (D. Colo. 1991) ... 10

Fujitsu Ltd. v. Nanya Tech. Corp.,
  No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 44386 (N.D. Cal. June 6, 2007) ... 3

Gladwell Gov't Servs. v. County of Marin,
  C-04-3332 SBA, 2005 U.S. Dist. Lexis 42276 (N.D. Cal. Oct. 17, 2005) ... 4

Gov't Employees Ins. Co. v. Dizol,
  133 F.3d 1220 (9th Cir. 1998) ... 4, 5, 8, 9

# TABLE OF AUTHORITIES
(continued)

Page

*In re Glenfed, Inc. Sec. Litig.*,
   42 F.3d at 1546 .................................................................................................. 10

*In re Hanford Nuclear Reservation Litig.*,
   780 F. Supp. 1551 (E.D. Wash. 1991) .............................................................. 10

*Marx v. Gumbinner*,
   855 F.2d 783 (11th Cir. 1988) ........................................................................... 10

*MedImmune, Inc. v. Genentech, Inc.*
   -- U.S. --, 127 S. Ct. 764 (2006) ........................................................................ 3

*Merrill Lynch Mortgage Corp. v. Narayan*,
   908 F.2d 246 (7th Cir. 1990) ............................................................................. 10

*Neilmed Prods. v. Med-Systems*, Inc.,
   472 F. Supp. 2d 1178 (N.D. Cal 2007) ............................................................... 3

*O'Connor v. Boeing N. Am.*,
   311 F.3d 139 (9th Cir. 2002) ............................................................................. 10

*Open Source Yoga Unity v. Choudhury*,
   74 U.S.P.Q. 2d 1434 (N.D. Cal. 2005) .............................................................. 11

*Polido v. State Farm Mut. Auto. Ins. Co.*,
   110 F.3d 1418 (9th Cir. 1997) ......................................................................... 5, 7

*Preschooler II v. Clark County Sch. Bd. of Trs.*,
   479 F.3d 1175 (9th Cir. 2007) ........................................................................... 10

*Prospect Planet, L.L.C. v. PaychecksforLife.com*,
   No. A3-02-91, 2003 U.S. Dist. LEXIS 835 (D.N.D. Jan. 16, 2003) ........... 10, 11

*Sheerbonnet, Ltd. v. Am. Express Bank Ltd.*,
   17 F.3d 46 (2d Cir. 1994) ..................................................................................... 5

*Smith v. Lenches*,
   263 F.3d 972 (9th Cir. 2001) ............................................................................... 7

*Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*,
   655 F.2d 938 (9th Cir. 1981) .................................................................... 3, 8, 12

*Stanton v. Embrey*,
   93 U.S. 548 (1877) ............................................................................................... 4

*Swedlow, Inc. v. Rohm & Haas Co.*,
   455 F.2d 884 (9th Cir. 1972) ........................................................................... 3, 4

*Zito v. Steeplechase Films, Inc.*,
   267 F. Supp.2d 1022 (N.D. Cal 2003) ............................................................... 11

**STATUTES**

17 U.S.C. § 412 ............................................................................................................ 11

Cal. Bus. & Prof. Code § 16600 ................................................................................... 7

Fed. R. Civ. P. 8(f) ...................................................................................................... 10

# TABLE OF AUTHORITIES
(continued)

**OTHER AUTHORITIES**                                                                                                                    **Page**

Erwin Chemerinsky, *Federal Jurisdiction*, §14.2 (3d ed. 1999) .................................................. 4

## I. INTRODUCTION

There is a core disconnect between Carl Zeiss Meditec's ("CZM") actions and arguments. In its motion to dismiss Optovue's declaratory judgment claims, CZM says there is no real dispute, that anything disputed is already being handled by a state court in Boston, and that Optovue doesn't need any declarations from the Court about employee mobility or non-infringement of copyrights.

Yet at the same time, CZM threatens Optovue with suit in letter after letter—and a month ago made good on those threats, suing an Optovue employee in Boston. Indeed, despite its protestations that there is no dispute between the companies, CZM uses *this case* to sue Optovue and two more of its employees over alleged trade secrets.

There isn't any legitimate argument that the companies are mired in disputes, and both urgently need a declaration of their rights so that they can carry on developing and selling products, freed of CZM's threats and false claims.

## II. STATEMENT OF FACTS

Optovue develops new technologies for the diagnosis and treatment of eye diseases. The company was founded and advised by several of the pioneers in Optical Coherence Tomography ("OCT") and has created next-generation ophthalmic diagnosis tools based on Fourier-Domain[1] OCT ("FD-OCT") technology. FD-OCT machines take a digital image of the retina and process the information, at extraordinarily high speed and high resolution. These tools are critical for patients with conditions such as macular degeneration, diabetic retinopathy, glaucoma, and other macular diseases. Optovue began selling FD-OCT tools in November 2006, immediately taking market share from established competitors' older technology.

CZM is the dominant player in the ophthalmic diagnosis market. CZM's current "Stratus" OCT machine is built using traditional low-speed, low-resolution technology, and its next-generation tool using FD technology is slated for release late this year.

Beginning in late 2006, in an effort to slow marketplace adoption of Optovue's product,

---

[1] Fourier domain is a well-known concept in mathematics and computer science; however, it has only recently been applied in a practical way to ophthalmic tools.

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS
CASE NO. C 07-03010 CW
pa-1181603

1

CZM launched a campaign of threats and false allegations against Optovue and associated individuals, asserting:

- theft of CZM trade secrets;
- prosecuting patent applications based on CZM information;
- deceiving consumers about the development of OCT technology;
- misappropriating CZM information kept on CZM computers used by Optovue's consultant, Professor David Huang of the Doheny Eye Institute; and
- infringing CZM's copyrights in its marketing documents.

On June 7th, 2007, CZM filed suit in Massachusetts against Optovue's recently-hired employee William Shields, seeking an injunction to stop him from working for Optovue.[2] Declaration of Gregg A. Rubenstein In Support of CZM's Motion to Dismiss ("Rubenstein Decl."), Ex.1.

CZM's behavior has had an impact: Optovue, a relatively new and much smaller company, has been forced to commit valuable resources to combating CZM's campaign.

This case was filed to get resolution of this dispute, through a declaration from the Court that Optovue, among other things, is competing fairly, is not infringing any valid copyrights, and has the right to hire employees, even if they previously worked for CZM. The First, Fourth and Sixth Claims fall squarely within the scope of the Declaratory Judgment Act.

## III. ARGUMENTS

### A. The Court Has Jurisdiction Over Optovue's Sixth Claim

#### 1. There Is An Actual Case or Controversy With Respect To Optovue's Right To Employ

Optovue's Sixth Claim seeks a declaration of its right under California law to hire from a national pool of potential employees. CZM tries to conflate the claim with its dispute in Boston over Mr. Shields. That misses the point.

The Declaratory Judgment Act (the "Act") authorizes a federal court to "declare the rights and other legal relations" of parties to a case or actual controversy. *MedImmune, Inc. v.*

---

[2] The Massachusetts State court held two hearings and, although the court issued a preliminary injunction, the court did not grant CZM's request that Mr. Shields be prevented from working for Optovue or that the case proceed with expedited discovery. Rubenstein Decl., Exs. 2-4.

*Genentech, Inc.*, -- U.S. --, 127 S. Ct. 764, 770-71 (2006). The actual controversy requirement of the Act is the same as the case or controversy requirement of Article III of the United States Constitution. *Id.* The threshold for "a case or controversy" is low. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a **substantial controversy**, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (emphasis added).

CZM tries to downplay the controversy it has created, but its own Counterclaims belie its argument. They allege that two other Optovue employees—Jay Wei and Yonghua Zhao—have stolen CZM trade secret information and have misappropriated it for Optovue's benefit. Indeed, Messrs. Wei and Zhao have been named as defendants. *See* Counterclaims at ¶¶ 43-49, 51-67, Counts III-VI (Docket No. 18).

CZM has thus confirmed the "case or controversy" that it suggests is lacking. *See Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1313 (Fed. Cir. 2005) (party has standing to bring declaratory judgment counterclaims in response to the opposing party's infringement action); *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C 06-6613 CW, 2007 U.S. Dist. LEXIS 44386, at *2-4 (N.D. Cal. June 6, 2007) (declaratory judgment counterclaims also appropriate with respect to an unasserted patent).[3]

Even if Messrs. Wei and Zhao had not been joined as parties, an "actual threat of litigation" is not necessary for a declaratory judgment action under Ninth Circuit law. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co.*, 655 F.2d 938, 942, 944 (9th Cir. 1981) ("much lower threshold" than actual threat of litigation necessary to show a case or controversy); *see also Neilmed Prods. v. Med-Systems*, Inc., 472 F. Supp. 2d 1178, 1180 (N.D. Cal 2007) (defendant's notice of opposition to plaintiff's application for a trademark was sufficient to create a "real and reasonable apprehension"). The Sixth Claim does not request, as CZM pretends it does, a "global proclamation" (Mot. at 8) of Optovue's rights; rather, it addresses both **actual** and threatened litigation.[4]

---

[3] *See* Declaration of Diana Luo ("Luo Decl.") In Support of Optovue's Opposition to CZM's Motion to Dismiss, Ex. A.
[4] The court in *Swedlow, Inc. v. Rohm & Haas Co.* found that exercising jurisdiction would require

### 2. Abstention, a Rarely Used Exception, Is Unwarranted Here

CZM urges the Court to abstain from asserting jurisdiction, presumably so that CZM can continue its campaign of baseless threats. But abstention is the exception to the rule, appropriate only in the rarest of circumstances. None of the factors which might support abstention is present here.

#### a. No Presumption Applies Simply Because There Exist Both State and Federal Cases

There is no presumption of abstention in declaratory actions. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). "[T]he rule has long been established that the existence of a case in one court does not defeat jurisdiction in another." Erwin Chemerinsky, *Federal Jurisdiction*, § 14.2 at 817 (3d ed. 1999). As the Supreme Court stated in 1877, "the pendency of a prior suit in another jurisdiction is not a bar . . . even though the two suits are for the same cause of action." *Stanton v. Embrey*, 93 U.S. 548, 554 (1877). The Supreme Court reiterated this rule a hundred years later in *Colorado River Water Conservation District v. United States*: "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" 424 U.S. 800, 817 (1976).

Moreover, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow

---

it to render an advisory opinion, because the plaintiff initiated the declaratory action against the defendant's not-yet-completed manufacturing facility that could potentially infringe the plaintiff's patent. 455 F.2d 884, 885-86 (9th Cir. 1972). The court reasoned that that suit was too speculative and remote, and that the plaintiff had the alternative remedy of suing for infringement. *Id.* Optovue has no such alternative remedy to resolve the false claims CZM has made.

CZM's other citations are equally distinguishable. In *Gladwell Gov't Servs. Inc. v. County of Marin*, C-04-3332 SBA, 2005 U.S. Dist. Lexis 42276, at *3 (N.D. Cal. Oct. 17, 2005) (Luo Decl. Ex. E), there was no case or controversy about the ownership of certain documents, because the court had decided the ownership issue in a prior ruling. In *Bolton v. Actuant Corp.*, No. 03-08184 Pa(CWx), 2004 U.S. Dist. Lexis 15192, at *2-*4 (C.D. Cal. Mar. 8, 2004) (Luo Decl. Ex. F), the court dismissed the plaintiffs' declaratory claim seeking a declaration of the defendant's liability under a pension plan, because the defendant had not defaulted on its obligations. But here, Optovue has already been suffered through months of threats of litigation, and now, to *actual* litigation.

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS
CASE NO. C 07-03010 CW
pa-1181603

4

exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* This is because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* at 817.

CZM next argues that if abstention is not presumptive, the Court ought nonetheless to abstain from hearing Optovue's Sixth Claim. But CZM cannot show that this case meets the threshold requirement for abstention: that the declaratory case and the state case "present[] the ***same issues, not governed by federal law, between the same parties***." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (emphasis added).

First, Optovue is not a party to the Shields action.[5] While Optovue employs Mr. Shields, "similarity of parties is not the same as identity of parties." *Sheerbonnet, Ltd. v. Am. Express Bank Ltd.*, 17 F.3d 46, 50 (2d Cir. 1994).

CZM argues that if Optovue *could* join or intervene in the Boston action, Optovue should be treated as a party in that action. But CZM provides no support for that novel proposition. Some of the cases CZM cites have been overturned by the Ninth Circuit in *Dizol*. 133 F.3d at 1224. And even if they were good law in the Ninth Circuit, they focus on whether the plaintiff "could have presented the issues that it brought to federal court in a separate action to the same [state] court that will decide the underlying [] action." *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997); *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1016-17 (9th Cir. 1995).[6] Optovue could not have brought its Sixth Claim before the Massachusetts State court, because the Sixth Claim requires application of California's unique law and public policy on employee mobility.

More fundamentally, CZM's argument is simply illogical. CZM chose to sue Mr. Shields in a forum distant from California, where both CZM and Optovue are based. It now argues that

---

[5] CZM argues that Optovue "participate[s]" in the Boston action. Indeed, Optovue submitted a single declaration in opposition to CZM's request for a preliminary injunction. But the question is not some vague idea of "participation;" rather, it is whether Optovue is a ***party***. Clearly, it is not.

[6] *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993) is particularly unpersuasive because it requires that the state court and declaratory action be "mirror image[s]" of each other. In *DeFeo*, the parties agreed that the two actions presented the "very same issue." *Id.* Even CZM does not argue that the Boston and California actions are the same.

because Optovue could be put to the burden of litigating there (in a state that has no interest or expertise in California's public policy of free employment), Optovue should have no remedy here. If CZM next sues Mr. Wei in Oregon and Mr. Zhao in Alaska, it will presumably make the same argument. The very point of the Declaratory Judgment Act is to avoid such burdens and to resolve real disputes between parties.

Second, the issues in the federal and State cases are not identical. In the Massachusetts State action, CZM seeks to prevent Mr. Shields from working for Optovue. Here, in its Sixth Claim, Optovue seeks a declaration of its rights, as a California employer, to be free to hire from a national talent pool under Cal. Bus. & Prof. Code § 16600. The issues are different in two significant respects: the complaint filed in Massachusetts focuses on Mr. Shields, as an Optovue employee, and his right to continue his employment at Optovue; this Court must also determine the rights of the Optovue, as a California employer. Moreover, the Massachusetts court only needs to adjudicate the dispute surrounding Mr. Shields' employment, while the question before this Court encompasses more—not merely whether Optovue can employ Mr. Shields, but whether it may employ him and Optovue's other current and prospective employees. CZM has already joined Messrs. Wei and Zhao as counterdefendants and alleged that Messrs. Wei and Zhao have stolen CZM trade secret information and have misappropriated it for Optovue's benefit. These allegations are similar to those CZM made with respect to Mr. Shields before the Massachusetts State court and are sufficient to create a "real and reasonable apprehension" that justifies Optovue in seeking a declaration of its rights at least with respect to Messrs. Wei and Zhao's employment.

Third, "California employers . . . have a strong and legitimate interest in having broad freedom to choose from . . . a 'national,' application pool. . ." *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 901 (1998). California courts place paramount importance on employee mobility and employer access to a free pool of labor. *DeFeo*, 831 F. Supp. at 778 (California has a strong public policy favoring competition in employment). The abstention analysis turns on whether there is "a state law issue that the state court is equally, if not better equipped to decide." *Hungerford*, 53 F.3d at 1018. Because the Sixth Claim arises under California law, a court sitting in California, instead of Massachusetts, is inherently better-

equipped to address it. *See Adv. Bionics Corp. v. Medtronic, Inc.*, 29 Cal. 4th 697, 707-08 (2002) (allowing a Californian corporation to proceed with its suit under Cal. Bus. & Prof. Code § 16600 in California); *Dole Food Co. v. Watts*, 303 F.3d 1104, 1115-16 (9th Cir. 2002) (California has a strong interest in providing forum for its residents and citizens).

Fourth, CZM fails the "not governed by federal law" requirement. Optovue also seeks a declaration of its rights under federal statutes (the Copyright Act, the Lanham Act, and the Computer Fraud And Abuse Act), and it could not have presented these issues to the state court that will decide the action against Mr. Shields. *See Polido*, 110 F.3d at 1423.

Finally, because of the other claims in Optovue's Complaint, even if the Court were to decline jurisdiction over the Sixth Claim, it would not dispose of the entire litigation, making CZM's argument essentially pointless.

### b. CZM Cannot Satisfy The Other *Brillhart* Factors

Assuming, *arguendo*, that CZM could meet the threshold requirements of same issues, state law, and same parties—and as noted above, it cannot—it still could not satisfy the balance of the *Brillhart* test for abstention. The Ninth Circuit interprets *Brillhart* as focusing on three principal goals: to 1) avoid needless determinations of state law by federal courts; 2) discourage declaratory judgment actions as a means of forum shopping; and 3) avoid duplicative litigation. *See Cont'l Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991).

Abstention here would not avoid needless determination of state law issues.[7] The issues presented to the Court in the Sixth Claim are broader than those before the Massachusetts State court: Optovue is concerned about its right to employ from a national pool of talent; the Boston court will address only Mr. Shields. Moreover, because California has a special interest in employers' right to hire and a public policy favoring competition, issues arising under the California statute should be heard by a California court. *See Application Group*, 61 Cal. App. 4th

---

[7] *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001), is inapplicable here. In *Smith*, the plaintiffs voluntarily dismissed all federal claims against the defendant but the defendants wanted to continue in federal court to resolve their state law counterclaim, despite the fact a state court was examining the same issue. *Id.* at 973. Because the federal court would needlessly determine the identical matter pending in State court, the Ninth Circuit affirmed the district court's dismissal of the counterclaim. *Id.* at 978.

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS
CASE NO. C 07-03010 CW                                                                                   7
pa-1181603

at 901; *Dole Food*, 303 F.3d at 1115-16.

Similarly, there is no suggestion that Optovue or CZM are forum shopping—indeed, CZM is using this case to file numerous counterclaims against Optovue and its employees, claims it chose not to assert in the Massachusetts State court case. And even though Optovue obviously has an interest in the outcome of the Massachusetts case, its complaint against CZM deals with different circumstances which require resolution independent of the litigation against Mr. Shields. CZM has been threatening since late 2006 to sue Optovue on various copyright, trademark, and unfair competition claims (*see* Optovue's Complaint, Exhibits A-D; Luo Decl., Ex. D), leaving Optovue under the "Damoclean threat of impending litigation" for months. *Hunter Eng'g Co.*, 655 F.2d at 943.[8]

Finally, CZM cannot show that this declaratory judgment action will lead to duplicative litigation. In determining priority, courts must take into consideration "not only the filing date, but also the progress of the litigation." *Applera Corp. v. Illumina, Inc.*, 282 F. Supp. 2d 1120, 1127 (N.D. Cal. 2003); *see Bank One, N.A. v. Boyd*, 288 F.3d 181, 186 (5th Cir. 2002) (concluding that although "the state court action was filed first in time, . . . its progress relative to the federal suit[]" counseled against abstention). Other than CZM's preliminary injunction request, very little has happened in the Massachusetts State case, where discovery has only just begun.

### c. Additional Ninth Circuit Factors Support Jurisdiction

Under Ninth Circuit law, in addition to satisfying the *Brillhart* tests, a party urging abstention must also prove that the *Dizol* factors are met. CZM simply ignores this requirement. Under *Dizol*, 133 F.3d at 1225, n.5, these factors include:

(1) whether the declaratory action will settle all aspects of the controversy,

(2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue,

(3) whether the declaratory action is being sought merely for the purposes of procedural

---

[8] That CZM filed in Boston two business days before Optovue filed here is irrelevant, for courts have repeatedly rejected the "first-to-file" rule in light of the policies governing declaratory relief. *DeFeo*, 831 F. Supp. at 779-80.

1  fencing or to obtain a "res judicata" advantage,

2  (4) whether the use of a declaratory action will result in entanglement between the federal
3  and state court systems,

4  (5) the convenience of the parties, and

5  (6) the availability and relative convenience of other remedies.

6  First, dismissing the Sixth Claim would not settle all aspects of the controversy, because
7  Optovue still seeks a declaration of its rights under various other federal and California statutes,
8  and because CZM is asserting in this case claims of unfair competition and trade secret
9  misappropriation. Indeed, dismissing the Sixth Claim would lead to piecemeal litigation. *See*
10  *Dizol*, 133 F.3d at 1226. Even the cases cited by CZM recognize that the federal court should
11  retain jurisdiction if the "federal action will continue even if [a] claim for declaratory relief is
12  dismissed." *DeFeo*, 831 F. Supp. at 778; *see Dizol*, 133 F.3d at 1225 ( "[W]hen other claims are
13  joined with an action for declaratory relief . . . the district court should not, as a general rule,
14  remand or decline to entertain the claim for declaratory relief.").

15  Second, given that CZM has already sued three of Optovue's employees and has accused
16  Optovue and its consultants of misappropriating CZM trade secrets, a declaratory judgment will
17  provide much-needed clarity on the relations between the parties.

18  Third, CZM makes no effort to show that this action is "procedural fencing"—Optovue's
19  claims are substantial and independent of CZM's litigation against Mr. Shields.

20  Fourth, the Massachusetts State court and this Court are hearing substantially different
21  issues, and the only potential overlap relates to Mr. Shields.

22  Fifth, this Court is the most convenient forum for both parties, as the majority of the
23  evidence, as well as most of the witness, are located in California for both CZM and Optovue.
24  (Both companies have their principal place of business in this District.) *See* Optovue's
25  Complaint, ¶¶ 5-6 (Docket No. 1); CZM's Answer, ¶ 6 (Docket No. 18); Luo Decl. ¶¶ 5.

26  Finally, Optovue, as a startup company incorporated and with a principal place of business
27  in California, should be permitted to adjudicate its disputes here. *See Dole Food*, 303 F.3d at
28  1115. The Sixth Claim arises from California, not Massachusetts law, and California has a

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS    9
CASE NO. C 07-03010 CW

pa-1181603

special interest in interpreting its law and enforcing its public policy. There is no other practical remedy to address CZM's improper behavior.

### B. Motions Under Rule 12(e) Are Disfavored In Light Of Lenient Pleading Requirements

CZM seeks a more definite statement of Optovue's Fourth Claim. But motions under Rule 12(e) are strongly disfavored, because pleadings are construed liberally. Fed. R. Civ. P. 8(f); *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). As a result, courts grant 12(e) motions only sparingly. *In re Hanford Nuclear Reservation Litig.*, 780 F. Supp. 1551, 1583 (E.D. Wash. 1991), *abrogated on other grounds, O'Connor v. Boeing N. Am.*, 311 F.3d 139 (9th Cir. 2002).

Moreover, Rule 12(e) is aimed primarily at intelligibility rather than lack of detail.[9] *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). For the details of the claim, discovery is the appropriate vehicle. Courts routinely frown on a defendant's use of motions under Rule 12(e) as a "shotgun tactic" to substitute for discovery (*Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir. 1988); *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Ariz. 1989)) or as a dilatory tactic to postpone filing an answer. *See Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 251-252 (7th Cir. 1990). CZM will obtain all the facts it needs in discovery. Delaying the case by demanding a new complaint simply enables its campaign of threats to continue that much longer.

### C. Declaratory Actions Regarding Copyright Claims Do Not Require Copyright Registration

CZM's entire argument for dismissal of Optovue's First Claim rests on a misreading of two non-controlling authorities, *Prospect Planet, L.L.C. v. PaychecksforLife.com*, No. A3-02-91, 2003 U.S. Dist. LEXIS 835 (D.N.D. Jan. 16, 2003)[10] and *Burns v. Rockwood Distrib. Co.*, 481 F. Supp. 841 (N.D. Ill. 1979).

---

[9] The level of detail that CZM requests (such as a precise identification of "CZM's contractual relations with third parties") is more than would be required even under the heightened pleading standards of fraud under Rule 9(b). *See In re Glenfed, Inc. Sec. Litig.*, 42 F.3d at 1546.

[10] Luo Decl., Ex. C.

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS
CASE NO. C 07-03010 CW

pa-1181603

10

The plaintiff in *Burns* first filed a copyright infringement claim against the defendant. *Burns*, 481 F. Supp. at 848-849. The defendant's compulsory counterclaim included a claim for a declaratory judgment of non-infringement. *Id.* Because the court determined that no copyright had been registered, the original infringement claim was found to be unsustainable for lack of subject matter jurisdiction. *Id.* As a result, the related counterclaim without an independent jurisdictional ground, including the declaratory judgment claim, had to be dismissed as well. *Id.* In *Prospect Planet*, the district court in North Dakota simply relied on *Burns* without any further analysis.

Here, though, Optovue brought the declaratory action first and then CZM moved to dismiss. Whether a copyright in the marketing collateral has been registered is not at issue, because Optovue's First Claim is not a counterclaim to an infringement action, but rather a request for a declaration that there is no infringement.[11]

But regardless, *Burns* and *Prospect Planet* are inconsistent with controlling case law from the Ninth Circuit, which permits a plaintiff to file for copyright registration **after** a case is filed. *Zito v. Steeplechase Films, Inc.*, 267 F. Supp.2d 1022, 1036 (N.D. Cal 2003). Under 17 U.S.C. § 412, registration merely enables a copyright owner to also recover statutory damages and attorney's fees; therefore, the lack of registration limits remedies but does not prevent an infringement claim. *See also Open Source Yoga Unity v. Choudhury*, 74 U.S.P.Q. 2d 1434 (N.D. Cal. 2005) (allowing declaratory action where plaintiff sought declaration that defendant's copyright registrations were invalid **and** that the plaintiff did not infringe the any of defendant's copyrights).

There can be no legitimate debate that CZM's threats created a reasonable apprehension of litigation and that, under the Declaratory Judgment Act, is enough: "A copyright action for declaratory judgment presents a justiciable case or controversy if the defendant's actions have caused the declaratory judgment plaintiff to harbor a real and reasonable apprehension that he

---

[11] It is also worth noting that the Northern District of Illinois recently reversed the *Burns* rule, holding in *Application Science & Technology, LLC v. Statmon Technologies Corp.*, 05-C-6864, 2006 WL 1430215, at *1 (N.D. Ill. April 21, 2006) that copyright registration is **not** a prerequisite to a declaratory action of no infringement. *See* Luo Decl., Ex. D.

OPTOVUE'S OPPOSITION TO CZM'S MOTION TO DISMISS  11
CASE NO. C 07-03010 CW

pa-1181603

will be subject to liability if he continues to manufacture his product." *Enreach Tech. Inc. v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 978 (N.D. Cal. 2005).

Finally, CZM's argument that a declaratory action can only be brought if the copyright has been registered runs afoul the underlying policy of the Act, to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never." *Hunter Eng'g Co.*, 655 F.2d at 943. Under CZM's view of the law, CZM would be able to threaten to sue Optovue indefinitely and in distant fora but delay acquiring the necessary registrations, in order to prevent Optovue from obtaining a declaration of non-infringement. Such a result would be contrary to the principles underlying the Declaratory Judgment Act.

## IV.  CONCLUSION

Optovue finds itself in the classical, but unfortunate, position of the small startup with better technology, disrupting the comfortable position of the large established competitor. CZM has responded with a campaign of intimidation through unfounded allegations. Optovue wants resolution of these claims so that it can proceed with proper competition. The Declaratory Judgment Act is the right vehicle for resolving this dispute. CZM's motion should be denied.

Dated:  July 26, 2007

JAMES POOLEY
SCOTT OLIVER
DIANA LUO
KATHERINE NOLAN-STEVAUX

MORRISON & FOERSTER LLP

By:  ____/s/ Diana Luo____
        Diana Luo

Attorneys for Plaintiff
OPTOVUE CORPORATION