# EXHIBIT A


Analysis
As of: Jul 25, 2007

FUJITSU LIMITED, a Japanese corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California corporation, Plaintiffs, v. NANYA TECHNOLOGY CORP., a Taiwanese corporation, and NANYA TECHNOLOGY CORP., U.S.A, a California corporation, Defendants, AND RELATED COUNTERCLAIMS.

No. C 06-6613 CW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2007 U.S. Dist. LEXIS 44386

**June 6, 2007, Decided**
**June 6, 2007, Filed**

**PRIOR HISTORY:** *Fujitsu Ltd. v. Nanya Tech. Corp.,* 2007 U.S. Dist. LEXIS 13132 (N.D. Cal., Feb. 9, 2007)

**COUNSEL:** [*1] For Fujitsu Limited, a Japanese corporation, Plaintiff: Gregory Lawrence Evans, LEAD ATTORNEY, Chris L Holm, Milbank, Tweed, Hadley & McCloy LLP, Los Angeles, CA.; Christopher E. Chalsen, Frank A Bruno, Lawrence Tucker Kass, Michael Martin Murray, Milbank Tweed Hadley & McCloy LLP, New York, NY.

For Fujitsu Microelectronics America, Inc., a California corporation, Plaintiff: Chris L Holm, Gregory Lawrence Evans, LEAD ATTORNEYS, Milbank, Tweed, Hadley & McCloy LLP, Los Angeles, CA.; Christopher E. Chalsen, Lawrence Tucker Kass, Michael Martin Murray, Milbank Tweed Hadley & McCloy LLP, New York, NY.

For Nanya Technology Corp., a Taiwanese corporation, Nanya Technology Corp. U.S.A., a California corporation, Defendants: Rajkumar Vinnakota, LEAD ATTORNEY, Alfonso Garcia Chan, Jeffrey R. Bragalone, Joseph F. DePumpo, Justin Bryce Kimble, Martin Augustine Pascual, Michael W Shore, Shore Chan Bragalone LLP, Dallas, TX.; Kenneth Edward Shore, Vance Preston Freeman, Longview, TX.; Martin C. Fliesler, Fliesler Meyer LLP, San Francisco, CA.

**JUDGES:** CLAUDIA WILKEN, United States District Judge.

**OPINION BY:** CLAUDIA WILKEN

**OPINION:**

ORDER GRANTING IN PART MOTION TO STRIKE PLAINTIFFS' COUNTERCLAIMS AND [*2] DENYING MOTION TO STRIKE PLAINTIFFS' FIRST SUPPLEMENTAL PATENT LOCAL RULE 3-1 DISCLOSURE

Defendants Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively, Nanya) move to strike the counterclaims filed by Plaintiffs Fujitsu Limited and Fujitsu Microelectronics America, Inc. (collectively, Fujitsu). In a separate motion, Nanya moves to strike Fujitsu's First Supplemental Patent Local Rule 3-1 Disclosure. Fujitsu opposes the motions. The matter is decided on the papers. Having considered all of the

papers filed by the parties, the Court grants in part and denies Nanya's motion to strike Fujitsu's counterclaims and Supplemental Patent Local Rule 3-1 Disclosure.

BACKGROUND

At the case management conference on February 2, 2007, the Court asked whether Nanya or Fujitsu would be adding any additional claims or parties to the lawsuit. n1 Counsel for Fujitsu responded that "as of now, we don't have any. . . ." Counsel for Nanya indicated that it would be asserting additional counterclaims and additional declaratory claims along with its answer. The Court informed Nanya that it could file its counterclaims with its answer, but other than [*3] that, February 2, 2007, was the deadline for adding additional parties and claims. The scheduling order provides that, with the exception of any counterclaim filed with the answer, the deadline to add additional parties or claims was February 2, 2007.

n1 Prior to the case management conference, the Court heard argument on Nanya's motion to dismiss, transfer or stay. In its February 9, 2007 order, the Court denied without prejudice Nanya's motion. The Court concluded that the case Nanya filed against Fujitsu in Guam was the first-filed case and, therefore, this Court would defer to the Guam district court to decide the appropriate forum and whether the first-filed rule is applicable. The Court is still awaiting the Guam district court's ruling on Fujitsu's motion to transfer the case in Guam to the Northern District of California. If that motion is denied, this case will be transferred to Guam. Nonetheless, in the interest of efficiency, the Court rules on the within motions.

On February 21, 2007, Nanya filed [*4] its Answer, Affirmative Defenses and Counterclaims. Count Thirteen was entitled, "Non-Infringement, Invalidity, and Unenforceability of U.S. Patent No. 5,227,996." Although Fujitsu had previously accused Nanya of infringing its '966 patent, Fujitsu had not alleged that Nanya infringed the '996 patent in its complaint in this action, nor did it include any assertions of the '996 patent in its Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Contentions.

On March 16, 2007, Fujitsu filed its Reply, Affirmative Defenses and Counterclaims. It contained six counterclaims. The first counterclaim alleged that Nanya infringed its '966 patent. The remaining counterclaims alleged breach of contract, breach of confidentiality, fraud, negligent misrepresentation and unfair competition under California law. On April 4, 2007, Fujitsu filed its First Supplemental Patent Local Rule 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions, which asserts that Nanya infringes claims 1, 2, 3, 4, 5 and 13 of the '996 patent. Fujitsu did not seek leave of the Court to file its six new claims or to file its supplemental patent infringement disclosure.

DISCUSSION

Nanya [*5] argues that Fujitsu's counterclaims and supplemental disclosure were filed without leave of the Court in violation of the Court's scheduling order, the Federal Rules of Civil Procedure and the Local Patent Rules and, thus, should be stricken because they constitute immaterial and impertinent matter. Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." See also Fed. R. Civ. P. 15(a) ("a party may amend the party's pleading only by leave of court or by written consent of the adverse party"); Patent L.R. 3-7 (explaining that, except in situations not applicable here, amendment or modification of preliminary infringement contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause").

Fujitsu responds that its counterclaims are compulsory in response to Nanya's counterclaims and thus should not be stricken. It argues that it was not required to seek leave to file these counterclaims or to supplement its preliminary infringement contentions.

[*6]

The Ninth Circuit has noted that counterclaims in reply may be used in situations where the counterclaims are compulsory. Frank Briscoe Co. v. Clark County, 857 F.2d 606, 610 (9th Cir. 1988). Nanya does not dispute that Fujitsu's counterclaims in reply are responsive to its counterclaims, nor does it argue that the counterclaims in reply are not compulsory. Nanya points out that Fujitsu was aware of the facts on which its counterclaims in reply are predicated before Nanya filed its counterclaims and that Fujitsu could have brought, in its original complaint,