# EXHIBIT B

Case 4:07-cv-03010-CW    Document 25-3    Filed 07/26/2007    Page 1 of 5

LEXSEE 2003 U.S. DIST. LEXIS 835


Cited
As of: Jul 25, 2007

Prospect Planet, L.L.C., an Indiana Corporation, Plaintiff, -vs- Paychecks for Life.com, an Idaho Corporation, Defendant.

A3-02-91

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA, SOUTHEASTERN DIVISION

2003 U.S. Dist. LEXIS 835; 65 U.S.P.Q.2D (BNA) 1798; Copy. L. Rep. (CCH) P28,559

January 16, 2003, Decided
January 16, 2003, Date Filed

**DISPOSITION:** [*1] Defendant's motion to dismiss granted; cause of action dismissed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff brought a declaratory judgment action, seeking an opinion from the court that it had not infringed upon defendant's copyright. Defendant filed a motion to dismiss for lack of personal and subject matter jurisdiction and for failure to state a claim for which relief could be granted.

**OVERVIEW:** Defendant alleged copyright infringement, and sent plaintiff a cease and desist letter. Plaintiff sent defendant a settlement agreement, which defendant rejected. Defendant abandoned its copyright claim because the costs significantly outweighed the benefits, and made a counter-offer to plaintiff, offering a mutual release and $ 500. Plaintiff brought suit, seeking a declaratory judgment. The court held that defendant had not made any application for registration; thus, it could not bring a copyright infringement action against plaintiff. Similarly, plaintiff's declaratory judgment action for copyright non-infringement was barred because of defendant's failure to register its copyright. Furthermore, because defendant had not registered its copyright, the court lacked subject matter jurisdiction, and could not entertain an action for declaratory judgment. Finally, an actual controversy was not present. Defendant accused plaintiff of copyright infringement, but not in the context of the declaratory judgment action as required by the Eighth Circuit, and defendant was no longer interested in pursuing any claim against plaintiff.

**OUTCOME:** Defendant's motion to dismiss was granted due to a lack of subject matter jurisdiction and due to the lack of an actual controversy. Plaintiff's cause of action was dismissed without prejudice.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > General Overview*
*Civil Procedure > Declaratory Judgment Actions > Federal Judgments > Discretion*
[HN1] The Declaratory Judgment Act, *28 U.S.C.S. § 2201*, authorizes courts to adjudicate controversies between parties before a conflict blossoms into a larger and more costly claim. The Declaratory Judgment Act

Case 4:07-cv-03010-CW   Document 25-3   Filed 07/26/2007   Page 3 of 5

Page 2
2003 U.S. Dist. LEXIS 835, *1; 65 U.S.P.Q.2D (BNA) 1798;
Copy. L. Rep. (CCH) P28,559

gives a court substantial discretion not to exercise jurisdiction even where jurisdiction exists. The party seeking declaratory relief must establish both (A) federal subject matter jurisdiction and (B) an actual controversy. The court must first determine if it can exercise subject matter jurisdiction over the action because it cannot entertain a declaratory judgment without such jurisdiction.

*Civil Procedure > Jurisdiction > General Overview*
*Copyright Law > Civil Infringement Actions > Jurisdiction & Venue > General Overview*
*Copyright Law > Formalities > General Overview*
[HN2] The Copyright Act of 1976, 17 U.S.C.S. § 400 et seq., requires that certain conditions be fulfilled before an infringement action may be brought. One such prerequisite is copyright registration.

*Copyright Law > Civil Infringement Actions > Presumptions & Requirements > Registration Requirement*
*Copyright Law > Formalities > Deposit & Registration > Deposit > General Overview*
*Copyright Law > Formalities > Deposit & Registration > Registration > Refusal to Accept Registration*
[HN3] See *17 U.S.C.S. § 411(a)*.

*Copyright Law > Civil Infringement Actions > Declaratory Relief*
*Copyright Law > Civil Infringement Actions > Presumptions & Requirements > Registration Requirement*
*Copyright Law > Formalities > General Overview*
[HN4] The copyright registration requirement of *17 U.S.C.S. § 411(a)* acts as a jurisdictional prerequisite to an infringement suit.

*Civil Procedure > Justiciability > Case or Controversy Requirements > Adverse Legal Interests*
*Civil Procedure > Justiciability > Case or Controversy Requirements > Immediacy*
*Civil Procedure > Jurisdiction > General Overview*
[HN5] An actual controversy is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Civil Procedure > Justiciability > Case or Controversy Requirements > Actual Disputes*
*Copyright Law > Civil Infringement Actions > Declaratory Relief*
*Copyright Law > Civil Infringement Actions > Jurisdiction & Venue > General Overview*
[HN6] In copyright cases requesting a declaratory judgment, the Eighth Circuit uses a two-pronged test to determine whether an actual controversy exists. The court must first determine whether the defendant has expressly or impliedly charged the plaintiff with infringement. Then, the court must determine whether the plaintiff is engaged in present activity which could constitute infringement or whether the plaintiff has taken concrete steps with the intent to conduct such activity.

**COUNSEL:** For Prospect Planet, LLC, PLAINTIFF: Michael S Neustel, Neustel Law Offices, Ltd, Fargo, ND USA.

**JUDGES:** RODNEY S. WEBB, DISTRICT JUDGE, UNITED STATES DISTRICT COURT.

**OPINION BY:** RODNEY S. WEBB

**OPINION**

*MEMORANDUM AND ORDER*

### I. Introduction

Before the Court is a motion to dismiss or, in the alternative, to transfer the case to the District of Idaho, submitted by Defendant, Paychecks For Life.com ("Paychecks") (doc. # 3). Paychecks moves to dismiss Plaintiff, Prospect Planet's ("Prospect") declaratory judgment action for lack of personal and subject matter jurisdiction and for failure to state a claim for which relief can be granted. Prospect brings the present action seeking an opinion from the Court that it did not infringe upon Paychecks' copyright. As articulated below, Paychecks' motion to dismiss is **GRANTED**.

### II. Facts

Prospect and Paychecks are competitors who generally run the same type of network marketing business. For purposes of this motion, the important undisputed facts are that [*2] Paychecks collects business leads, sells blocks of leads to distributors, and

Page 3

2003 U.S. Dist. LEXIS 835, *2; 65 U.S.P.Q.2D (BNA) 1798;
Copy. L. Rep. (CCH) P28,559

provides a convenient Internet-based method of contacting these leads. One method of contact is through the use of preformatted "prospecting e-mail" templates. Paychecks designs, writes, formats, and copyrights the e-mail templates.

In January 2002, Paychecks created a new series of e-mail templates known as "email8," which included graphics named "email8_admin.gif" and "email8.jpg." In the second quarter of 2002, Prospect unveiled a new solicitation web-site for its clients. Paychecks examined Prospect's new web-site and found graphics with almost identical file names "email8.jpg" and "email8_bg5.gif." This led Paychecks to conclude that Prospect had surreptitiously copied the images and text, as well as the look and feel of their e-mail template.

On June 13, 2002, Paychecks' general counsel sent a letter to Prospect alleging copyright infringement. The letter demanded that Prospect cease and desist the use of Paychecks' copyrighted materials. The letter, however, did not provide any specific examples of copyright infringement. Upon receipt of the letter, Prospect retained counsel and soon thereafter filed [*3] the present action.

On July 2, 2002, Prospect's attorney sent Paychecks a Settlement Agreement. Under the terms of the agreement Prospect was to receive $ 25,000 and Paychecks was to sign a letter of apology to be posted on their web-site for 90 days. The agreement also called for a mutual release. Paychecks rejected this offer and hired an intellectual property attorney who recommended that Paychecks abandon its copyright claim because the costs significantly outweighed the benefits. Paychecks then made a counter-offer to Prospect offering a mutual release and $ 500. Prospect responded by demanding a public apology and $ 2,500. Paychecks rejected Prospect's offer and then Prospect formally served the complaint on Paychecks.

### III. Discussion & Legal Analysis

Prospect seeks a declaratory judgment. [HN1] The Declaratory Judgment Act, *28 U.S.C. § 2201*, authorizes courts to adjudicate controversies between parties before a conflict blossoms into a larger and more costly claim. The Declaratory Judgment Act gives a court substantial discretion not to exercise jurisdiction even where jurisdiction exists. *Wilton v. Seven Falls Co., 515 U.S. 277, 286-87, 132 L. Ed. 2d 214, 115 S. Ct. 2137 (1995)*. [*4] The party seeking declaratory relief must establish both (A) federal subject matter jurisdiction and (B) an actual controversy. The court must, then, first determine if it can exercise subject matter jurisdiction over the action because it cannot entertain a declaratory judgment without such jurisdiction.

#### A. *Subject Matter Jurisdiction*

Prospect contends that this Court has subject matter jurisdiction under *28 U.S.C. § 1338(a)*, which gives a federal court original jurisdiction over any civil action arising under federal copyright law. [HN2] The Copyright Act of 1976 requires that certain conditions be fulfilled before an infringement action, such as this one, may be brought. *See 17 U.S.C. §§ 401 et seq.; see also Burns v. Rockwood Distributing Co., 481 F. Supp. 841, 845 (N.D. Ill. 1979)* One such prerequisite is copyright registration. *MGB Homes, Inc., v. Ameron Homes, Inc., 903 F.2d 1486, 1488 (11th Cir. 1990)*. [HN3] Section 411(a) of the Copyright Act states: where the deposit, application and fee required for registration have been delivered to the Copyright Office ... and registration has been refused, [*5] [then] the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

Therefore, [HN4] the registration requirement acts as a jurisdictional prerequisite to an infringement suit. *Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994)* (stating registration is required in order to bring a suit for infringement). Here, Defendant has not made any application for registration, thus it could not bring a copyright infringement action against Plaintiff. Similarly, Plaintiff's declaratory judgment action for copyright non-infringement is barred because of Defendant's failure to register its copyright. *See Burns, 481 F. Supp. at 848-49 & n.14* (stating that the jurisdictional requirements of copyright actions apply equally to declaratory judgment actions). Because Defendant has not registered its copyright, the Court lacks subject matter jurisdiction, and it cannot entertain an action for declaratory judgment.

#### B. *Actual Controversy*

The Court will analyze the actual controversy prong of the declaratory judgment test, even though the first prong, [*6] subject matter jurisdiction, is not satisfied. [HN5] An actual controversy is a "substantial controversy, between parties having adverse legal

Page 4

2003 U.S. Dist. LEXIS 835, *6; 65 U.S.P.Q.2D (BNA) 1798;
Copy. L. Rep. (CCH) P28,559

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 85 L. Ed. 826, 61 S. Ct. 510 (1941)*. [HN6] In copyright cases requesting a declaratory judgment, the Eighth Circuit uses a two-pronged test to determine whether an actual controversy exists. *Diagnostic Unit Inmate Council v. Films Inc., 88 F.3d 651, 653 (8th Cir. 1995)*. The court must first determine whether the defendant has expressly or impliedly charged the plaintiff with infringement. *Id.* Then, the court must determine whether the plaintiff is engaged in present activity which could constitute infringement or whether the plaintiff has taken concrete steps with the intent to conduct such activity. *Id.*

Here, an actual controversy is not present. First, it is clear that Paychecks accused Prospect of copyright infringement, but not in the context of the declaratory judgment action as required by the Eighth Circuit. Accusations occurring before the lawsuit [*7] are not relevant because they do not represent present activity.

*Id.* Furthermore, Paychecks has not registered its material and apparently is no longer interested in pursuing any claim against Prospect. Therefore, an actual controversy is not present.

### IV. Conclusion

Defendant's motion to dismiss is **GRANTED** due to lack of subject matter jurisdiction and due to lack of an actual controversy. Plaintiff's cause of action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated this day of January, 2003.

1/16/03

RODNEY S. WEBB, DISTRICT JUDGE

UNITED STATES DISTRICT COURT