JAMES POOLEY (CA SBN 58041)
SCOTT OLIVER (CA SBN 174824)
DIANA LUO (CA SBN 233712)
KATHERINE NOLAN-STEVAUX (CA SBN 244950)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
JPooley@mofo.com
SOliver@mofo.com
DLuo@mofo.com
KNolanstevaux@mofo.com

Attorneys for Plaintiff
OPTOVUE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPTOVUE CORPORATION, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARL ZEISS MEDITEC, INC., a New York Corporation,<br><br>Defendant. | Case No.   C 07-03010 CW<br><br>**OPTOVUE CORPORATION'S ANSWER TO CARL ZEIS MEDITEC, INC.'S COUNTERCLAIMS**<br><br>The Honorable Claudia Wilken |
| CARL ZEISS MEDITEC, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>OPTOVUE CORPORATION, INC.; JAY WEI, and individual, and YONGHUA ZHAO, an individual,<br><br>Counterdefendants. | |

OPTOVUE'S ANSWER TO CZM'S COUNTERCLAIMS
CASE NO. C 07-03010 CW
pa-1182557

Counterdefendants Optovue Corporation, Jay Wei, and Yonghua Zhao (collectively as ("Optovue") hereby file its Answer to Defendant/Counterclaimant Carl Zeiss Meditec, Inc.'s ("CZM") Counterclaims I-VI, and generally deny each and every allegation stated in CZM's Counterclaims except those allegations specifically admitted herein. For further answer, Optovue answers and avers to each numbered paragraph as follows:

## NATURE OF ACTION

1. Paragraph 1 of the Counterclaims contains no factual allegations to which a responsive pleading is required. To the extent paragraph 1 contains factual allegations, those allegations are denied.

## THE PARTIES AND JURISDICTION

**Carl Zeiss Meditec, Inc.**

2. Optovue is without sufficient information or knowledge sufficient to form a belief as to the truth of CZM's allegations in Paragraph 2 and therefore denies them.

3. Optovue is without information or knowledge sufficient to form a belief as to the truth of CZM's allegations in Paragraph 3 and therefore denies them.

**Optovue Corporation**

4. Admitted.

5. Optovue admits that Optovue markets and sell an OCT retina scanner called RTVue. Optovue also admits that CZM markets and sells the "Status OCT." Optovue denies the remaining allegations in Paragraph 5.

**Jay Wei**

6. Admitted.

7. Optovue admits that Mr. Wei is the co-founder of Optovue and currently serves as its president and CEO. Optovue also admits that Mr. Wei is a former employee of CZM. Optovue denies the remaining allegations in Paragraph 7.

**Yonghua Zhao**

8. Admitted.

9. Optovue admits that Mr. Zhao is the co-founder of Optovue and currently serves as its chief technology officer. Optovue also admits that Mr. Zhao is a former employee of CZM. Optovue denies the remaining allegations in Paragraph 9.

**Jurisdiction and Venue**

10. Admitted.

11. Optovue admits that venue is proper under 28 U.S.C. § 1391. Optovue denies the remaining allegations in Paragraph 11.

## FACTS

**Computer Fraud and Abuse Allegations**

12. Admitted.

13. Optovue admits that Dr. Huang had previous served as a consultant to CZM. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 13 and, on this basis, denies them.

14. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 14 and, on this basis, denies them.

15. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 15 and, on this basis, denies them.

16. Optovue admits that Dr. Huang became a member of Optovue's Scientific Advisory Board. Optovue denies the remaining allegations in Paragraph 16.

17. Optovue admits that it had issued Dr. Huang Optovue stock options, as part of its ordinary business practice. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 17 and, on this basis, denies them.

18. Denied.

19. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 19 and, on this basis, denies them.

20. Denied.

21. Denied.

**Lanham Act Unfair Competition Allegations**

22. Optovue admits that CZM introduced the OCT-1, in 1995. Optovue also admits that the Stratus OCT was introduced in 2002. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 22 and, on this basis, denies them.

23. Optovue admits that some of Optovue's marketing materials contain the phrase "From the developers of the first OCT systems in eye care." Optovue denies the remaining allegations in Paragraph 23.

24. Denied.

25. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 25 and, on this basis, denies them.

26. Denied.

27. Denied.

28. Optovue admits that a copy of the marketing material entitled "Interpretive Key" is attached as Exhibit B to the Complaint. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 28 and, on this basis, denies them.

29. Denied.

30. Denied.

**Trade Secret Misappropriation**

31. Optovue admits that Jay Wei and Yonghua Zhao are former CZM employees. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 31 and, on this basis, denies them.

32. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 32 and, on this basis, denies them.

33. Optovue admits that Mr. Zhao, while employed by CZM, had written some software. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 33 and, on this basis, denies them.

1      34.    Optovue admits that Messrs. Wei and Zhao maintained notebooks while at CZM. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 34 and, on this basis, denies them.

      35.    Denied.

      36.    Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 36 and, on this basis, denies them.

      37.    Optovue admits that Messrs. Wei and Zhao previously worked for CZM. Optovue also admits that Messrs. Wei and Zhao founded Optovue. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 37 and on this basis, denies them.

      38.    Optovue admits that Mr. Wei filed provisional patent applications, 60/543,862 and 60/543,767. Optovue denies the remaining allegations in Paragraph 38.

      39.    Denied.

      40.    Denied.

      41.    Denied.

      42.    Denied.

      43.    Denied.

      44.    Denied.

      45.    Denied.

**California Bus. & Prof. Code § 17200**

      46.    Denied.

      47.    Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 47 and on this basis, denies them.

      48.    Denied.

      49.    Denied.

      50.    Denied.

**Breach of Contract Allegations**

      51.    Admitted.

52. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 52, and on that basis, denies them.

53. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 53, and on that basis, denies them.

54. Optovue admits that the referenced language appears in the Wei Employment Agreement. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 54, and on that basis, denies them.

55. Optovue admits that the referenced language appears in the Wei Employment Agreement. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 55, and on that basis, denies them.

56. Admitted.

57. Optovue admits that the referenced language appears in the Wei Severance Agreement. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 57, and on that basis, denies them.

58. Denied.

59. Denied.

60. Admitted.

61. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 61, and on that basis, denies them.

62. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 62, and on that basis, denies them.

63. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 63, and on that basis, denies them.

64. Admitted.

65. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 65, and on that basis, denies them.

66. Denied.

67. Denied.

## COUNT I

### Computer Fraud and Abuse By Optovue

68. Optovue realleges and incorporates herein by reference its answer to paragraphs 1-67.

69. Denied.

70. Denied.

71. Denied.

## COUNT II

### Unfair Competition Under § 43(a) Of The Lanham Act By Optovue

72. Optovue realleges and incorporates herein by reference its answers to paragraphs 1-71.

73. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 73, and on that basis, denies them.

74. Denied

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Optovue admits that CZM markets and sells the "Stratus OCT." Optovue denies the remaining allegations in Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

## COUNT III

### Trade Secret Misappropriation By Optovue, Jay Wei, and Yonghua Zhao

83. Optovue realleges and incorporates herein by reference its answers to paragraphs 1-82.

84. Optovue admits that Messrs. Wei and Zhao are former employees of CZM. Optovue denies the remaining allegations in Paragraph 84.

85. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 85 and, on that basis, denies them.

86. Optovue admits that Messrs. Wei and Zhao previous worked for CZM. Optovue also admits that Messrs. Wei and Zhao founded Optovue. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's remaining allegations in Paragraph 86 and, on that basis, denies them.

87. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 88 and, on that basis, denies them.

88. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 89 and, on that basis, denies them.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

## COUNT IV

### Violation of Cal. Bus. & Prof. Code § 17200 By Optovue, Jay Wei, and Yonghua Zhao

93. Optovue realleges and incorporates herein by reference its answers to paragraphs 1-92.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

///

///

## COUNT V

### Breach of Contract By Wei And Zhao

100. Optovue realleges and incorporates herein by reference its answers to paragraphs 1-99.

101. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 102 and, on that basis, denies them.

102. Admitted.

103. Admitted.

104. Denied.

105. Optovue is without sufficient information or knowledge to form a belief as to the truth of CZM's allegations in Paragraph 106 and, on that basis, denies them.

106. Admitted.

107. Admitted.

108. Denied.

## COUNT VI

### Unjust Enrichment Against Optovue, Wei, and Zhao

109. Optovue realleges and incorporates herein by reference its answers to paragraphs 1-108.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

WHEREFORE, Optovue prays that judgment be entered in its favor; that Defendant's counterclaims be dismissed with prejudice; that Defendant be ordered to pay all costs, expenses and attorneys' fees incurred by Optovue to the extent permissible by law; and for such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

CZM's counterclaims fail to state claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by the doctrine of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by CZM's consent and/or license.

### FOURTH AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by the applicable statute(s) of limitations.

### FIFTH AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by the doctrine of ready ascertainability.

### SEVENTH AFFIRMATIVE DEFENSE

CZM's counterclaims are barred by its material misrepresentation to Optovue.

### EIGHTH AFFIRMATIVE DEFENSE

CZM has not mitigated damages, if any.

Dated: July 30, 2007

JAMES POOLEY
SCOTT OLIVER
DIANA LUO
KATHERINE NOLAN-STEVAUX
MORRISON & FOERSTER LLP

By: _____
L. Scott Oliver

Attorneys for Plaintiff
OPTOVUE CORPORATION

## JURY DEMAND

Optovue demands a jury trial on all issues triable to a jury in this matter.

Dated: July 30, 2007

JAMES POOLEY
SCOTT OLIVER
DIANA LUO
KATHERINE NOLAN-STEVAUX

MORRISON & FOERSTER LLP

By: /s/ L. Scott Oliver
     L. Scott Oliver

Attorneys for Plaintiff
OPTOVUE CORPORATION