DONALD L. BARTELS, State Bar No. 65142
dbartels@nixonpeabody.com
BRUCE E. COPELAND, State Bar No. 124888
bcopeland@nixonpeabody.com
LAURA K. CARTER, State Bar No. 244956
lcarter@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

GREGG A. RUBENSTEIN, *Pro Hac Vice*
grubenstein@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110-2131
Telephone: (617) 345-6184
Fax: (617) 345-1300

Attorneys for Defendant and Counterclaimant:
CARL ZEISS MEDITEC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTOVUE CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CARL ZEISS MEDITEC, INC.,<br><br>　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. C 07-03010 CW<br><br>**DEFENDANT AND COUNTERCLAIMANT CARL ZEISS MEDITEC, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS CERTAIN CLAIMS AND FOR A MORE DEFINITE STATEMENT**<br><br>Date:　　August 23, 2007<br>Time:　　2:00 p.m.<br>Before:　Hon. Claudia Wilken |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Carl Zeiss Meditec, Inc. ("CZMI") replies to the following arguments and/or case law offered in Optovue, Inc.'s ("Optovue") Opposition to CZMI's Memorandum of Points and Authorities in Support of Motion to Dismiss.

**I. OPTOVUE'S SIXTH CLAIM FOR RELIEF SHOULD BE DISMISSED IN FAVOR OF THE CURRENTLY PENDING MASSACHUSETTS ACTION BECAUSE IT CONCERNS A MATTER EXCLUSIVELY GOVERNED BY MASSACHUSETTS LAW AND BECAUSE IT SEEKS A PURELY ADVISORY OPINION FROM THIS COURT.**

A.  Optovue argues throughout its Opposition that this court must retain jurisdiction over its Sixth claim because Optovue seeks a declaration beyond the scope of Optovue's right to employ William Shields to include Optovue's right "to hire from a national pool of potential employees." (Opposition at 2, 6, 7.) This open-ended and unqualified prayer is nothing more than a request for an advisory opinion and therefore must be rejected as failing to state an actual case or controversy. (*See* CZMI's Memorandum of Points and Authorities at 7-8.) Importantly, Optovue does not identify a single potential employee it seeks to hire or what restrictions, if any, might prohibit such a person from working for Optovue.[1] As California case law clearly establishes, choice of law issues, which will certainly play an important role in deciding who Optovue can hire from a "national pool of talent," must be analyzed on a case-by-case basis such that any declaration this court enters concerning a "national pool" would be a prohibited advisory opinion.[2] *See Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 895-908 (1998) (detailing in-depth analysis required for choice of law analysis and unique interests of different states); *Golden v. Zwickler*, 394 U.S. 103, 108

---

[1] Accordingly, Optovue's professed concern with being sued in Oregon concerning Mr. Wei and Alaska concerning Mr. Zhao and presumably in a myriad of other jurisdictions (Opposition at 6), is pure hyperbole. First, CZMI has already asserted claims against these individuals in this action, not in Oregon and Alaska. Second, CZMI sued Mr. Shields in Massachusetts because it is where he lived during his employment with CZMI, where he currently lives, the forum most convenient to him and because the legal issues concerning his employment by Optovue are governed by Massachusetts law. Massachusetts is not some random jurisdiction, but rather the most appropriate forum in which to resolve claims concerning Mr. Shields. Optovue should not be heard to complain that CZMI has chosen the most appropriate and convenient forum to the person whose immediate employment is at risk.

[2] Taken at face value, Optovue asks this court to declare that it can hire any person from anywhere, regardless of whether that person has stolen his or her former employer's trade secrets, intends to share those trade secrets with Optovue or whether the person is bound by a covenant not compete valid under California law. Such a declaration is neither warranted nor sustainable.

(1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.") (citation omitted).  Moreover, to the extent Optovue's right to hire "from a national pool of potential employees" is a controversy, it is solely the result of Optovue's imagination.  CZMI has never claimed or sought to prohibit Optovue's broad-based hiring or recruitment.  Rather, CZMI has asserted non-compete claims against one specific employee who has admitted lying to CZMI about his retention of CZMI materials and admitted using CZMI materials in the performance of his Optovue duties.

      B.     Optovue next argues that "[t]here is no presumption of abstention in declaratory actions" and cites *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) in support.  (Opposition at 4.)  Optovue's argument is wrong.  The *Dizol* Court specifically held that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, **there is a presumption that the entire suit should be heard in state court**."[3] *Id.* at 1225 (emphasis added); *see also Chamberlain v. Allstate Ins Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991) ("[W]hen a party requests declaratory relief in federal court and a suit is pending in state court presenting the same state law issues, **there exists a presumption that the entire suit should be heard in state court**.") (emphasis added).

      C.     Next, Optovue argues that the *Brillhart* factors do not favor abstention in this case.  (Opposition at 5-7.)  In fact, all three of the *Brillhart* factors (needless determination of state law issues, discouragement of filing declaratory actions to forum shop and avoiding duplicative litigation) strongly favor abstention.  First, Mr. Shields' right to work for Optovue is not only exclusively a matter of state law, it is a matter of Massachusetts state law.  *See Application Group,* 61 Cal. App. 4th at 895 ("California law does not apply to or regulate [a California employer's] recruitment or employment . . ." of employees beyond the borders of California.).  The claim concerning Mr. Shields is a Massachusetts state law issue; nothing more, nothing less, and the most appropriate place for it to be resolved is where CZMI filed its initial claim, Massachusetts.  Second, its

---

[3] What the *Dizol* Court did say is that "there is no presumption in favor of abstention in declaratory actions generally . . ." when there is no prior pending state action addressing the same issue.  This is a far cry from Optovue's misleading and unqualified statement in its Opposition.

protestations to the contrary notwithstanding, Optovue clearly filed this action in response to the Massachusetts action in an attempt to wrest jurisdiction away from the Massachusetts Superior Court and forum shop, even though Mr. Shields' residence in Massachusetts is approximately 40 miles from the Massachusetts court in which his case is pending.[4]  Third, abstention will avoid duplicate litigation.  The court in the Massachusetts action has already conducted three hearings concerning Mr. Shields, issued two temporary restraining orders, a preliminary injunction and a commission to conduct out-of-state discovery that has resulted in service of a subpoena.  Moreover, Mr. Shields has produced indices of computer files he took from CZMI and close to one thousand pages of paper documents in the Massachusetts action.  Adjudicating claims concerning Mr. Shields in this court is the quintessential example of duplicative litigation.  *See generally Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018 (N.D. Cal. 2005) (applying *Brillhart* to stay federal declaratory judgment action in favor of previously-filed state court action concerning restrictive covenant); *Schmitt v. JD Edwards World Solutions Co.*, C.A. No. 01-1009 VRW, 2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) (same); *DeDeo v. Procter & Gamble, Co.*, 831 F. Supp. 776 (N.D. Cal. 1993) (same).

    D.    Optovue argues that abstention in this case is governed by the *Colorado River* doctrine. (Opposition at 4-5.)  It is not.  *Chamberlain*, 931 F.2d at 1366 ("The *Colorado River* test, however, **does not apply** where the Declaratory Judgments Act, 28 U.S.C. § 2201, is involved.") (emphasis added).  Again, Optovue's argument is contrary to controlling precedent.

    E.    Optovue's next argument is that abstention in inappropriate because the parties to the Massachusetts action and this action are not identical and that it could not have brought the claims it asserts here in the Massachusetts action. (Opposition at 5.)  This argument is wrong for two reasons.  First, Optovue's citation of *Dizol* as overruling CZMI's case law on this matter is once again wrong.  *Dizol* says nothing whatsoever about identity of parties or the case law CZMI has cited.  (*See* CZMI's Memorandum of Points and Authorities at 9-10.)  Rather, *Dizol* address what, if any, "record of its reasoning" a trial court must make concerning its decision to abstain from exercising jurisdiction over

---

[4] Optovue's argument that CZMI is forum shopping because it has "file[d] numerous counterclaims against Optovue and it employees," (Opposition at 8) is again disingenuous.  Optovue alone is responsible for this litigation, not CZMI.  That CZMI has asserted *compulsory* counterclaims based on Optovue initiating this action only demonstrates that Optovue, concerned about litigating in Massachusetts, has decided to forum shop.

a declaratory action when a party objects to the exercise of jurisdiction. 133 F.3d at 1225. Second, Optovue's argument that it could not have brought its Sixth claim in Massachusetts because it "requires application of California's unique law and public policy on employee mobility" borders on the absurd. (Opposition at 5.) Massachusetts courts routinely perform choice of law analyses and are fully capable of determining the applicability of California law and applying it where appropriate. Moreover, at least with respect to Mr. Shields, Massachusetts law, not California law, governs. *Application Group,* 61 Cal. App. 4th at 895 ("California law does not apply to or regulate [a California employer's] recruitment or employment . . ." of employees beyond the borders of California.).

      F.    Optovue's argument that abstention is inappropriate because it will not dispose of the entire case also fails. (Opposition at 5, 7, 9.) Optovue's repeated attempts to confuse its other claims with the declaration it asserts it is entitled to in its Sixth claim should be rejected. Any fair reading of Optovue's Complaint demonstrates the distinct nature of each of its claims. Indeed, the only similarity between Optovue's claims is the parties. While Optovue is free to bring such diverse and distinct claims in a single action, it cannot rely upon the presence of unrelated claims to argue that dismissal of the entirely independent Sixth claim is inappropriate.

      G.    Optovue next argues that abstention is inappropriate because CZMI has asserted claims against Messrs. Wei and Zhao. (Opposition at 6.) In fact, the allegations and prayers in the Counterclaim establish that CZMI does not seek to prevent Mr. Wei, Mr. Zhao or unnamed others from continuing their employment with Optovue. Rather, CZMI's claims against Messrs. Wei and Zhao seek only: (1) monetary damages; and (2) injunctive relief prohibiting their continued use of CZMI's trade secrets and assignment of any patents they have secured based on CZMI's trade secrets. CZMI's claims against Messrs. Wei and Zhao are, therefore, distinct from those concerning Mr. Shields and pose no obstacle to this court deferring to the Massachusetts court on a matter of Massachusetts law.

      H.    Optovue also argues that CZMI has not met additional mandatory requirements for abstention set forth in *Dizol*. (Opposition at 8-10.) Again, Optovue inaccurately cites *Dizol*. First, *Dizol* recognizes and reiterates that "[t]he *Brillhart* factors remain the philosophic touchstone for the

district court." 133 F.3d at 1225. The additional factors that Optovue cites appear in a footnote which explains that a district court *may* consider additional factors beyond the three *Brillhart* factors, but does not require satisfaction of these additional factors as Optovue argues. *Id.* at 1225 n.5. Second, even if this court considers the additional factors, abstention is still appropriate. Abstention will settle all aspects of the controversy concerning Mr. Shields and this declaratory judgment action will not clarify the legal issues concerning Mr. Shields because those issues are governed by Massachusetts law. Abstention is also appropriate because, as discussed above, Optovue filed this action and seeks a declaration concerning Mr. Shields purely to obtain some perceived advantage in forum. Adjudication of the Sixth claim also poses the potential of entanglement between federal and state courts should the courts reach different conclusions concerning Mr. Shields' right to work for Optovue. Lastly, the convenience of the parties favors Massachusetts, where CZMI has voluntarily appeared and Mr. Shields resides. Accordingly, the additional *Dizol* factors, even if considered, favor abstention.

I. Finally, all of Optovue's arguments with respect to Mr. Shields ring hollow based on the fact that **Mr. Shields has not seen fit to ask this court to adjudicate his status.** Nor has he moved to dismiss the Massachusetts action. Absent Mr. Shields' presence before this court so that he would be bound by any declaration that this court may enter, a declaration by this court would be of little, if any, value.

## II. OPTOVUE SHOULD BE REQUIRED TO IDENTIFY THE CONTRACTS WITH WHICH IT CLAIMS NO INTERFERENCE SO AS TO ALLOW CZMI TO RESPONSIVELY PLEAD.

A. Optovue argues that it should not be ordered to plead a more definite statement of its Fourth claim, (Opposition at 10), but made no cogent argument why except to say that such motions for a more definite statement are disfavored. The fact that motions for a more definite statement may be disfavored is of no moment where, as here, Optovue itself does not seem capable of identifying the contractual relations with which CZMI has allegedly interfered. "To prevail on a cause of action for intentional interference with contractual relations, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that

1  contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the
2  contractual relationship; (4) actual breach or disruption of the contractual relationship; and
3  (5) resulting damage." *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1148 (2004). Optovue has done none of
4  this and its argument that CZMI must "discover" the basis of Optovue's claim is simply not an
5  appropriate means for Optovue to determine if it has a good faith basis for its own claim.

**III.   OPTOVUE'S THIRD CLAIM CONCERNING COPYRIGHT INFRINGEMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

A.   Optovue argues that CZMI has misread and inappropriately relied upon *Burns v. Rockwood Distributing Co.*, 481 F. Supp. 841 (N.D. Ill. 1979) and *Prospect Planet, L.L.C. v. PaychecksforLife.com*, 2003 U.S. Dist. LEXIS 835, 65 U.S.P.Q.2d 1798 (D.N.D. Jan. 16, 2003) because, unlike in those cases, Optovue has filed its non-infringement claim prior to CZMI asserting an infringement claim. CZMI has not misread the cases it cites. Both *Burns* and *Prospect Planet* establish that copyright registration is the sine qua non of any infringement or lack of infringement claim. It is irrelevant whether the infringement claim or non-infringement claim comes first; absent registration, federal courts lack jurisdiction to adjudicate either claim regardless of order.[5] Indeed, the other cases Optovue cites concerning the copyright claim either follow the general rule that infringement actions, including declaratory judgment actions, are barred on subject matter jurisdiction grounds when the work is unregistered or are irrelevant to this issue.

B.   Optovue also argues that both *Burns* and *Prospect Planet* are inconsistent with Ninth Circuit case law. They are not. Notably, Optovue does not cite a Ninth Circuit decision as support for its assertion, but rather relies upon *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022 (N.D. Cal. 2005) for the principal that lack of copyright registration limits remedies, but does not prevent an infringement claim. In fact, *Zito* confirmed the general rule that a copyright registration is a

---

[5] Optovue's assertion that *Burns* was recently reversed by *Application Science & Technology, LLC v. Statmon Technologies Corp.*, 05-C-6864, 2006 WL 1430215, at *1 (N.D. Ill. April 21, 2006), is incorrect. As Optovue is undoubtedly aware, one federal district court cannot "reverse" another. Moreover, the *Application Science* decision does not even mention *Burns*, so it did not "reverse" it. What actually happened in *Application Science* is that neither the court nor the parties found case law supporting the general rule that copyright registration is a prerequisite to bringing a copyright infringement action (notwithstanding that *Burns* was a Northern District of Illinois case). Lacking such authority and ignoring the clear statutory language of 17 U.S.C. § 411(a), the *Application Science* Court held that the declaratory judgment action could proceed.

prerequisite to filing a copyright infringement case, citing 17 U.S.C. §411(a). *Zito* allowed an infringement claim to proceed as a matter of efficiency because the plaintiff obtained registration shortly after the case was filed and thereafter filed an amended complaint before the defendant's motion to dismiss was heard. CZMI has not registered the marketing material at issue, making *Zito* wholly inapposite. The other Northern District of California case Optovue cites, *Open Source Yoga Unity v. Choudhury*, 74 U.S.P.Q.2d 1434 (N.D. Cal. 2005), deals with registered copyrights and therefore is also inapposite to the subject matter jurisdiction issue presented here.

    C.    Lastly, Optovue has not cited and cannot cite any authority for its novel proposition that the Declaratory Judgment Act trumps the statutory subject matter jurisdiction requirements of the Copyright Act. *Enreach Technology, Inc v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968 (N.D. Cal. 2005), deals with registered copyrights, not unregistered copyrights and *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938 (9th Cir. 1981), deals with declaratory relief in a patent infringement case. Neither case, therefore, supports Optovue's argument that it has stated a claim upon which relief can be granted with respect to its copyright infringement claim.

## IV. CONCLUSION.

For all the foregoing reasons and those in CZMI's Memorandum of Points and Authorities, CZMI's Motion to Dismiss Certain Claims and for a More Definite Statement should be granted.

DATED: August 2, 2007                                      Respectfully submitted,

                                                                NIXON PEABODY LLP

By:   /s/ Gregg A. Rubenstein  .
      DONALD L. BARTELS
      BRUCE E. COPELAND
      LAURA K. CARTER
      GREGG A. RUBENSTEIN, *Pro Hac Vice*
      Attorneys for Defendant/Counterclaimant
      CARL ZEISS MEDITEC, INC.

## PROOF OF SERVICE

**CASE NAME:** *Optovue Corp. v. Carl Zeiss Meditec, Inc.*
**COURT:** United States District Court – Northern District of California – Oakland
**CASE NO.:** C 07-03010 CW
**NP FILE:** 033750-10

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, Suite 2700, San Francisco, CA 94111-3600.

On **August 2, 2007,** I served the following document(s):

- **DEFENDANT AND COUNTERCLAIMANT CARL ZEISS MEDITEC, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION TO DISMISS CERTAIN CLAIMS AND FOR A MORE DEFINITE STATEMENT**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

__X__ : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

____ : By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____ : By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

____ : By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

____ : By Electronic Delivery - I caused each such electronic copy to be sent from the offices of Nixon Peabody, San Francisco, California to the electronic mailing address of the addressee(s).

**Addressee(s)**

**See Attached Service List of Attorneys of Record**

I declare under penalty of perjury that the foregoing is true and correct. Executed on **August 2, 2007**, at San Francisco, California.

                                           /s/ Tapa E. Tualaulelei
                                                 Tapa E. Tualaulelei

**Attorneys of Record – Service List**
*Optovue Corp. v. Carl Zeiss Meditec, Inc.*
USDC N.D. Case No. C 07-03010 CW

**Attorneys for Plaintiff/Counter-Defendant OPTOVUE CORPORATION and Counter-Defendants JAY WEI and YONGHUA ZHAO:**

James Pooley, Esq.
L. Scott Oliver, Esq.
Diana Luo, Esq.
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304-1018
Telephone:  (650) 813-5600
Fax:  (650) 494-0792
Email: dluo@mofo.com
Email: jpooley@mofo.com
Email: soliver@mofo.com