IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTOVUE CORPORATION, a California Corporation, | No. C 07-3010 CW |
| Plaintiff and Counter-Defendant, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT |
| v. | |
| CARL ZEISS MEDITEC, INC., a New York Corporation, | |
| Defendant and Counterclaimant. | |

Defendant Carl Zeiss Meditec (CZM) moves to dismiss the sixth and third claims and for a more definite statement as to the fourth claim of Plaintiff Optovue Corp.'s complaint. Optovue opposes the motion. Having considered all of the papers filed by the parties and the evidence cited therein, the Court grants CZM's motions.

BACKGROUND

According to the complaint, Optovue is an opthalmic device company that develops and commercializes new imaging technologies for the diagnosis and treatment of eye diseases. It is a new

company that began selling its product in November, 2006.  CZM is an established company specializing in opthalmic diagnosis.  On June 7, 2007, CZM filed a suit in Massachusetts state court against William Shields, one of its former employees who left the company to accept a position with Optovue.  Carl Zeiss Meditec, Inc. v. Shields, Massachusetts Superior Court, Suffolk County, Civil Action No. 07-2453.  The Massachusetts suit alleges that Shields breached his employment agreement with CZM by failing to return all confidential information when he departed the company and by disclosing confidential information to Optovue.  Therefore, CZM seeks injunctive relief preventing Shields from continuing his employment with Optovue.

On June 11, 2007, Optovue filed this suit, seeking declaratory relief stating that, among other things, it may continue to employ William Shields (Sixth Claim for Relief); it has not engaged in unlawful, unfair or fraudulent business practices within the meaning of California Business and Professions Code § 17200 (Fourth Claim for Relief); and it has not infringed any of CZM's protectable copyrights (Third Claim for Relief).

At the same time CZM filed the motions addressed in this order, it filed an answer, counterclaims against Optovue and third-party claims against Jay Wei and Yonghua Zhao, former employees of CZM who left the company to found Optovue.  CZM alleges that Wei and Zhou are currently Optovue's chief executive officer and chief technology officer.  CZM brings claims for computer fraud and abuse and unfair competition under the Lanham Act against Optovue.  CZM also brings claims for trade secret misappropriation, violation of

2

California Business and Professions Code § 17200 and unjust enrichment against Optovue, Wei and Zhou and for breach of contract against Wei and Zhou.

DISCUSSION

I.  Sixth Claim for Relief

Optovue's sixth claim states that CZM's "attempt to preclude Mr. Shields from working for Optovue is improper and seeks to deprive Optovue of its right to free access to a national pool of potential employees." Complaint ¶ 65. Optovue asserts that a justiciable controversy currently exists between the parties regarding Optovue's "and its employees' (and prospective employees') rights to be free from trade restraints." Id. at ¶ 66. Therefore, Optovue seeks a declaration "that it has the right to continue [to] employ Mr. Shields." Id. at ¶ 67.

To the extent the claim purports to relate only to Optovue's continuing ability to employ Shields, CZM argues that the Court should decline to exercise its discretionary jurisdiction over this claim for declaratory relief because it is substantially similar to the issues in the Massachusetts suit. CZM argues that Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), controls. In Brillhart, the Supreme Court held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495.

Optovue counters that Brillhart is inapplicable because neither the parties nor the issues are identical in the two suits,

3

1  noting that the Massachusetts suit has been filed against Shields
2  himself and will only resolve the question of whether he can
3  continue to be employed by Optovue.  In contrast, Optovue
4  characterizes its claim as concerning "its rights, as a
5  California employer, to be free to hire from a national talent pool
6  under California Business and Professions Code § 16600."
7  Opposition at 6.  However, as noted above, the complaint seeks a
8  declaration regarding only Optovue's ability to continue to employ
9  Shields, the exact issue to be determined in the Massachusetts
10 action.

11     In Government Employees Insurance Co. v. Dizol, 133 F.3d 1220
12 (9th Cir. 1998), the Ninth Circuit held, "The district court should
13 avoid needless determination of state law issues; it should
14 discourage litigants from filing declaratory actions as a means of
15 forum shopping; and it should avoid duplicative litigation."
16 Id. at 1225.  Other concerns include:

> whether the declaratory action will settle all aspects
> of the controversy; whether the declaratory action will
> serve a useful purpose in clarifying the legal relations
> at issue; whether the declaratory action is being sought
> merely for the purposes of procedural fencing or to
> obtain a 'res judicata' advantage; or whether the use of
> a declaratory action will result in entanglement between
> the federal and state court systems. In addition, the
> district court might also consider the convenience of
> the parties, and the availability and relative
> convenience of other remedies.

23 Id. 1225 n.5, quoting American States Ins. Co. v. Kearns, 15 F.3d
24 142, 145 (9th Cir. 1994) (J. Garth, concurring).  To the extent
25 Optovue seeks a declaration of its right to continue to employ
26 Shields, these factors weigh in favor of declining jurisdiction
27 over Optovue's sixth claim for relief.  Although the parties are

4

not identical in the two actions, the same issues will be decided. Presumably CZM could move to join or intervene in the Massachusetts case.

Further, to the extent Optovue seeks a declaration of its rights with respect to a national pool of employees, the Court finds that it is seeking an advisory opinion. Optovue has not demonstrated that there is any justiciable question regarding its rights to do so. As CZM notes, the Massachusetts suit against Shields is based on his failure to return confidential information when terminating his employment with CZM and sharing confidential information with Optovue in breach of his termination agreement with CZM. Similarly, CZM's counterclaims against Wei and Zhou are based on specific acts they took after terminating their employment with CZM and CZM does not seek to prohibit their employment with Optovue. Therefore, there is no current question of whether CZM is seeking to prevent Optovue from hiring from a national pool of employees. Optovue may amend its sixth claim to seek a declaration of its rights to hire only persons with respect to whom it can truthfully state, within the constraints of Rule 11 of the Federal Rules of Civil Procedure, it reasonably fears being sued for hiring.

II. Motion for a More Definite Statement of the Fourth Claim

"[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988) (citing Famolare Inc. v. Edison Bros. Stores, Inc., 525 F. Supp.

5

940, 949 (E.D. Cal. 1981)).

"Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (1994). "Rule 12(e) is designed to correct only unintelligibility in a pleading not merely a claimed lack of detail." FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976). The proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion. Musacchio, 695 F. Supp at 1060 (citing Kuenzell v. United States, 20 F.R.D. 96, 98 (N.D. Cal. 1957)).

A Rule 12(e) motion may be granted, however, "where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan, 874 F. Supp. at 1077.

CZM moves for a more definite statement of Optovue's fourth claim, which seeks a declaration "that it has not engaged in any unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200." Complaint ¶ 57. Optovue asserts that CZM has alleged that Optovue has done so "by interfering with CZM's contractual relations with third parties." Id. ¶ 54. CZM argues that Optovue must identify the contractual relationships with which it believes CZM has accused it of interfering. However, the more appropriate question is on which of CZM's allegations does Optovue seek declaratory relief. Although CZM should be aware of any allegations of interference CZM has made, it is not clear if Optovue seeks a declaration of every

6

1  allegation CZM has made or only particular allegations.  The only
2  third party contractual relationship mentioned in the attachments
3  to the complaints concerns CZM's relationship with a Dr. David
4  Huang.
5      Further, as currently stated, Optovue seeks a declaration that
6  it has not engaged in any unfair competition as defined by
7  California Business and Professions Code § 17200 that CZM might
8  have alleged.  In the correspondence attached to the complaints,
9  CZM states various other concerns which could be considered
10 allegations of violations of § 17200.
11     The Court grants CZM's motion for a more definite statement.
12 Optovue shall amend its complaint to indicate for which allegations
13 it seeks a declaration of its rights.
14 III. Motion to Dismiss the Third Claim for Relief
15     Optovue's third claim notes that CZM has alleged that Optovue
16 "has infringed CZM's copyrights by distributing certain marketing
17 material entitled 'Interpretive Key.'"  Complaint ¶ 49.  Therefore,
18 Optovue seeks a declaration "that it has not infringed any valid
19 CZM copyrights."  Id. at ¶ 52.  CZM moves to dismiss the claim,
20 arguing that it has not registered any of the material in the
21 Interpretive Key.  Therefore, CZM argues that the Court lacks
22 subject matter jurisdiction over the claim because the Copyright
23 Act of 1976 provides that "no action for infringement of the
24 copyright in any United States work shall be instituted until
25 preregistration or registration of the copyright claim has been
26 made in accordance with this title."  17 U.S.C. § 411(a); see also
27 Zito v. Steeplechase Films, Inc., 267 F.Supp.2d 1022, 1025 (N.D.

7

1  Cal. 2003) ("Registration of a copyrighted work with the Copyright
2  Office is a prerequisite to filing suit under copyright law.
3  Registration is a jurisdictional requirement." (internal citations
4  omitted)); Jefferson Airplane v. Berkeley Systems, Inc., 886
5  F.Supp. 713, 714-15 (N.D. Cal. 1994) (same).

6      Although CZM clearly cannot bring a suit for infringement of
7  any copyright in its Interpretive Key because it has not registered
8  that material, neither party cites any controlling case law
9  establishing whether registration is required for Optovue's claim
10 for declaratory relief related to the Interpretive Key and the
11 Court is aware of none.  The parties cite district court cases from
12 other districts, one of which supports a finding of jurisdiction,
13 Application Science & Tech., LLC v. Statmon Techs. Corp., 2006 U.S.
14 Dist. LEXIS 35885, *1 (N.D. Ill.), and two which do not, Burns v.
15 Rockwood Dist. Co., 481 F. Supp. 841 (N.D. Ill. 1979); Prospect
16 Planet, LLC v. PaychecksforLife.com, 2003 U.S. Dist. LEXIS 835
17 (D.N.D. 2003).

18     Optovue argues that even if CZM could not actually bring a
19 suit for infringement, there is a justiciable case or controversy
20 because CZM has stated that Optovue's use of the Interpretive Key
21 material "is a clear infringement of CZM's copyright."  Complaint,
22 Exhibit B at 2.  Therefore, Optovue argues that it has a reasonable
23 apprehension of litigation.

24     This appears to be the basis upon which the Northern District
25 of Illinois found jurisdiction over a declaratory relief claim
26 related to non-infringement of an unregistered copyright in
27 Application Science.  In that case, the party seeking the

28     8

declaratory relief had been sued for infringement under "common law copyright law" in state court. 2006 U.S. Dist. LEXIS 35885, at *1. The Illinois court noted that there were no cases on point and posed the question, "can a party accuse another of infringement and prevent the alleged infringer from seeking redress by failing to bring a coercive lawsuit?" Id. Noting that the Copyright Act preempts any state common law copyright law and citing the policy behind the Declaratory Judgment Act, the Application Science court found that the answer to that question must be in the negative "when the accuser seeks to prevent the alleged infringer from seeking redress by failing to register the copyright." Id.

Although CZM in this case has voiced its belief that it has rights to its unregistered copyrights, it has not filed any litigation alleging infringement. Further, CZM's failure to register the copyright will prevent it from bringing any suit for infringement. Unlike the defendant in Application Science, CZM has not filed a state court suit alleging infringement. Therefore, there are no grounds on which to find that CZM has tried to circumvent Optovue's rights by not registering its copyright. The Court finds that any apprehension of infringement litigation is too remote to support a claim under the declaratory judgment act.

Optovue's third claim seeking a declaration of noninfringement of copyright is dismissed without leave to amend. Optovue may amend its complaint to seek declaratory relief with respect to any valid CZM copyrights on which it has reason to fear litigation.

9

CONCLUSION

For the foregoing reasons, the Court GRANTS CZM's motion to dismiss Optovue's sixth and third claims with leave to amend and GRANTS CZM's motion for a more definite statement of Optovue's fourth claim. Optovue shall file its amended complaint within two weeks of the date of this order. Any motion to dismiss shall be filed two weeks thereafter and noticed for hearing on October 25, 2007 at 2:00 pm. The case management conference set for September 25, 2007 will be heard on October 25 at 2:00 pm.

IT IS SO ORDERED.

Dated: 8/20/07

CLAUDIA WILKEN
United States District Judge