1  JAMES POOLEY (CA SBN 58041)
   SCOTT OLIVER (CA SBN 174824)
2  DIANA LUO (CA SBN 233712)
   KATHERINE NOLAN-STEVAUX (CA SBN 244950)
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California 94304-1018
   Telephone: 650.813.5600
5  Facsimile: 650.494.0792
   JPooley@mofo.com
6  SOliver@mofo.com
   DLuo@mofo.com
7  KNolanstevaux@mofo.com

8  Attorneys for Plaintiff
   OPTOVUE CORPORATION and
9  Counterdefendants OPTOVUE CORPORATION,
   JAY WEI and YONGHUA ZHAO

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                           OAKLAND DIVISION

14

| 15 | OPTOVUE CORPORATION, a California Corporation, | Case No.   C 07-03010 CW |
|---|---|---|
| 16 | | |
| 17 | Plaintiff, | **FIRST AMENDED COMPLAINT FOR (1) DECLARATORY JUDGMENT OF (A) NO VIOLATION OF COMPUTER FRAUD AND ABUSE ACT; (B) NO UNFAIR COMPETITION UNDER LANHAM ACT; (C) NO TRADE SECRET MISAPPROPRIATION; AND FOR (2) TRADE SECRET MISAPPROPRIATION BY DEFENDANT** |
| 18 | v. | |
| 19 | CARL ZEISS MEDITEC, INC., a New York Corporation, | |
| 20 | Defendant. | |
| 21 | | |
| 22 | CARL ZEISS MEDITEC, INC., | |
| 23 | Counterclaimant, | **DEMAND FOR JURY TRIAL** |
| 24 | v. | |
| 25 | OPTOVUE CORPORATION, INC.; JAY WEI, and individual, and YONGHUA ZHAO, an individual, | |
| 26 | | |
| 27 | Counterdefendants. | |

28

FIRST AMENDED COMPLAINT
Case No. C 07-03010 Cw

## I.
## NATURE OF THE ACTION

1.  This is a civil action arising under the 1) Computer Fraud and Abuse Act, Title 18 U.S.C. § 1030, for a declaratory judgment pursuant to Title 28 U.S.C. § 2201 of no unlawful access to defendant's computers; 2) Lanham Act, Title 15 U.S.C. § 1125 for a declaratory judgment pursuant to Title 28 U.S.C. § 2201 of no false, deceptive or misleading marketing statements; 3) various California state laws for a declaratory judgment that Optovue Corporation ("Optovue") has not misappropriated any Carl Zeiss Meditec, Inc. ("CZM") trade secrets, and 4) for remedies for trade secret misappropriation by CZM.

## II.
## JURISDICTION AND VENUE

2.  Claims I and II arise under United States statutes (Titles 18 U.S.C. § 1030, 15 U.S.C. § 1125, 17 U.S.C. §101, *et seq.*).  This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1338(a), 1338(b), and 2201.  Claims III and IV arise under the laws of the State of California. This Court has supplemental jurisdiction pursuant to Title 28 U.S.C. § 1367(a).

3.  Venue is established in this judicial district pursuant to Title 28 U.S.C. §§ 1391(b) and 1400(b).

## III.
## THE PARTIES

4.  Optovue Corporation is a California corporation having its principal place of business in Fremont, California.

5.  On information and belief, Carl Zeiss Meditec, Inc. is a New York corporation with its principal place of business in Dublin, California.  Also on information and belief, CZM is a subsidiary of Carl Zeiss Meditec AG.

## IV.
## GENERAL ALLEGATIONS

6.  Optovue is an ophthalmic device company that works with ophthalmologists and clinical researchers to develop and commercialize new imaging modalities for the diagnosis and

FIRST AMENDED COMPLAINT                    2
Case No. C 07-03010 Cw

treatment of eye diseases.

7. Optovue was founded and advised by several of the pioneers in Optical Coherence Tomography ("OCT") and has developed next-generation ophthalmic diagnosis tools based on Fourier-Domain OCT ("FD-OCT") technology. FD-OCT machines provide physicians with advanced retina diagnostic capabilities at extremely high speeds and extremely high resolution. These tools have major benefits for patients with retina conditions such as macular degeneration, diabetic retinopathy, glaucoma, and other macular diseases.

8. Since November 2006, Optovue has been selling the "RTVue," its FD-OCT system.

9. Optovue and CZM both sell ophthalmic diagnosis tools. On information and belief, CZM's Stratus OCT machine competes with Optovue's RTVue. On information and belief, CZM sells its ophthalmic diagnosis tools in this district.

10. Some of Optovue's current employees and some of Optovue's founders and employees were once employed by CZM.

11. Beginning in late 2006, and apparently in an effort to suppress competition in the OCT market, CZM began threatening legal action against Optovue, alleging unfair competition and trade secret misappropriation, as well as implying conduct, which if it occurred, could be claimed as improper access to CZM computers.

**Optovue's Marketing Statements Are Not False, Misleading or Deceptive Under the Lanham Act**

12. On April 11, 2007, CZM notified Optovue that Optovue's marketing material for its FD-OCT system containing the phrase "developers of the first OCT system in eye care" is "false" and "deceptive." Ex. A. On May 24, 2007, CZM alleged that the phrase is "misleading and deceptive." Ex. B.

13. Mr. Wei of Optovue is the developer of the first OCT eye care system. Optovue's statement is a reflection of a fact, and is not false, misleading or deceptive.

////

////

FIRST AMENDED COMPLAINT                              3
Case No. C 07-03010 Cw

### Optovue Has Developed and Maintained Its Own Valuable Trade Secrets

14. Optovue has expended significant time and expense developing its confidential, proprietary and trade secret information and products (including both current and planned future products), and in developing and servicing its clients and growing its business. This information is referred to herein as the Trade Secrets.

15. Optovue's Trade Secrets include but are not limited to product sourcing, development, future product plans, marketing, and advertising plans and strategies, finances—including costs of business and current and future profits—opportunities for future growth and development, and information about employees, including personnel files and information, and other proprietary and confidential information belonging to Optovue concerning its business.

16. The Optovue Trade Secrets are not generally known among Optovue's competitors, were developed at considerable expense, and provide Optovue with a significant competitive advantage.

17. The Optovue Trade Secrets are maintained in confidence at Optovue by limiting access to the Trade Secrets to those employees with a need to know such information. Optovue also requires all employees and third parties with access to sign agreements agreeing that they will not divulge the Optovue Trade Secrets and will keep them in confidence.

18. Professor David Huang of the Doheny Eye Institute in Southern California is a member of Optovue's Scientific Advisory Board and has consulted with Optovue. On information and belief, Dr. Huang has also consulted for CZM, and his lab uses both companies' products—as well as products from other companies—in its research.

19. On information and belief, Dr. Huang conducted studies on a CZM prototype OCT device in his laboratory, and Dr. Huang also had access to certain of the Optovue Trade Secrets, under a nondisclosure agreement with Optovue.

20. CZM alleges that Optovue had access to computer files on the CZM prototype in Dr. Huang's lab. Optovue denies this allegation.

21. On information and belief, the value of the computer associated with the CZM prototype at Dr. Huang's laboratory, and any files on that computer exceeds $5,000. OCT

FIRST AMENDED COMPLAINT  4
Case No. C 07-03010 Cw

1  systems cost approximately $10,000-$60,000.

2  22.  On information and belief, Dr. Huang has returned to CZM all of its confidential information, and CZM computers that Dr. Huang had been testing, and before doing so, deleted from such computer the Optovue Trade Secrets he had been working with.

23.  On information and belief, when CZM examined the returned equipment, it performed certain operations to restore the Optovue Trade Secret information and improperly gained access thereto.  Ex A.

24.  On May 2, 2007, Optovue requested that CZM identify the information it had improperly accessed and the identities of individuals at CZM who had been exposed to this information.  Ex. B.

25.  CZM did not respond to these requests and, on information and belief, still unlawfully possesses the Optovue Trade Secrets.

26.  On information and belief, CZM's acts of misappropriation were willful and malicious, and will continue, causing irreparable harm to Optovue, unless enjoined by this Court.

### FIRST CLAIM FOR RELIEF
### (Declaration of No Violation under the Computer Fraud and Abuse Act)

27.  Optovue repeats and realleges each and every allegation made above as though fully set forth herein.

28.  CZM alleges that one or more of Optovue's current employees and/or consultants, while still employed by CZM, gained access to confidential information stored on CZM-owned computer equipment and communicated such information to Optovue.  CZM also alleges that one or more of Optovue's current employees failed to return removable computer media containing CZM confidential information at the termination of his employment at CZM.

29.  Optovue denies that any of its current employees intentionally accessed a CZM computer without authorization.  Optovue denies that any of its employees communicated CZM computer-stored confidential information to Optovue or caused related loss to CZM or any other party.

FIRST AMENDED COMPLAINT                     5
Case No. C 07-03010 Cw

30. There exists an actual and justiciable controversy between CZM and Optovue with respect to CZM's allegation of access to computer-stored confidential information by CZM's former employees and/or consultants.

31. Therefore, Optovue seeks a declaratory judgment that none of its employees and/or consultants violated the Computer and Fraud and Abuse Act, 18 U.S.C. §1030. A judicial declaration is necessary and appropriate at this time so that Optovue can ascertain its rights.

## SECOND CLAIM FOR RELIEF
### (Declaration of No Unfair Competition Under Lanham Act)

32. Optovue repeats and realleges each and every allegation made above as though fully set forth herein.

33. CZM alleges that Optovue has engaged in false, misleading, and deceptive business practices by marketing the RTVue product with the phrase "developers of the first OCT systems in eye care."

34. Optovue denies that it has engaged in any misleading and deceptive business practice under 15 U.S.C. § 1125.

35. There exists an actual and justiciable controversy between CZM and Optovue with respect to such allegedly false, misleading or deceptive business practices by Optovue.

36. Optovue seeks a declaratory judgment that it has not engaged in false, misleading or deceptive business practices as alleged by CZM. A judicial declaration is necessary and appropriate at this time so that Optovue can ascertain its rights.

## THIRD CLAIM FOR RELIEF
### (Declaration of No Trade Secret Misappropriation by Optovue)

37. Optovue repeats and realleges each and every allegation made above as though fully set forth herein.

38. CZM alleges that Optovue misappropriated CZM trade secrets with respect to Optovue's Patent Application No. 11/056537 (the "'537 Application").

39. Optovue denies that it misappropriated any CZM trade secrets in connection with prosecution of the '537 Application.

40. There exists an actual and justiciable controversy between CZM and Optovue with respect to CZM's allegation of trade secret misappropriation relating to the '537 Application.

41. Optovue seeks a declaratory judgment that it has not misappropriated any trade secrets of CZM. A judicial declaration is necessary and appropriate at this time so that Optovue can ascertain its rights.

### FOURTH CLAIM FOR RELIEF
### (Trade Secrets Misappropriation by CZM)

42. Optovue repeats and realleges each and every allegation made above as though fully set forth herein.

43. On information and belief, CZM has obtained and used or intends to use Optovue's Trade Secrets without authorization, to design and/or manufacture competing OCT products and to assist its ongoing efforts to compete against Optovue in the ophthalmic diagnostic tools market.

44. On information and belief, CZM has acted with knowledge that the information it unlawfully acquired and used was Optovue's Trade Secrets, and that it was not authorized to possess or use these Trade Secrets; CZM has therefore acted willfully and maliciously.

45. On information and belief, CZM's acts of misappropriation will continue, causing severe and irreparable harm to Optovue, unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Optovue prays for judgment as follows:

1. For a declaration that Optovue has not violated the Computer and Fraud and Abuse Act, with respect to any computer owned by CZM.

2. For a declaration that Optovue has not engaged in false, misleading or deceptive business practices, by using the phrase "developers of the first OCT systems in eye care."

3. For a declaration that Optovue has not misappropriated any trade secrets of CZM.

4. For injunctive and compensatory relief against CZM for its misappropriation of the Optovue Trade Secrets, including enhancement of damages.

5. That Optovue be awarded its costs of suit, including reasonable attorneys' fees;

FIRST AMENDED COMPLAINT                               7
Case No. C 07-03010 Cw

and

6.  For such other and further relief as the Court deems just and proper.

Dated: August 28, 2007

JAMES POOLEY
SCOTT OLIVER
DIANA LUO
KATHERINE NOLAN-STEVAUX

MORRISON & FOERSTER LLP

By: _____
L. Scott Oliver

Attorneys for Plaintiff
OPTOVUE CORPORATION and
Counterdefendants OPTOVUE
CORPORATION, INC.; JAY WEI;
and YONGHUA ZHAO

FIRST AMENDED COMPLAINT
Case No. C 07-03010 Cw

8

## DEMAND FOR JURY TRIAL

Defendant Optovue demands trial by jury of all causes of action herein pursuant to F.R.C.P. Rule 38 and Local Rule 3-6(a).

Dated: August 28, 2007

JAMES POOLEY
SCOTT OLIVER
DIANA LUO
KATHERINE NOLAN-STEVAUX

MORRISON & FOERSTER LLP

By _/s/ L. Scott Oliver_
L. Scott Oliver

Attorneys for Plaintiff
OPTOVUE CORPORATION and
Counterdefendants OPTOVUE
CORPORATION, INC.; JAY WEI;
and YONGHUA ZHAO

pa-1190720

FIRST AMENDED COMPLAINT
Case No. C 07-03010 Cw

9