# EXHIBIT A

# WEIL, GOTSHAL & MANGES LLP

SILICON VALLEY OFFICE
201 REDWOOD SHORES PARKWAY
REDWOOD SHORES, CALIFORNIA 94065
(650) 802-3000
FAX: (650) 802-3100

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
NEW YORK
PARIS
PRAGUE
SINGAPORE
WARSAW
WASHINGTON, D.C.

April 11, 2007

JASON D. KIPNIS
DIRECT LINE (650) 802-3046
E-MAIL: jason.kipnis@weil.com

**VIA FACSIMILE AND FEDERAL EXPRESS**
Mr. James Pooley
Pooley & Oliver LLP
Five Palo Alto Square
3000 El Camino Real, 7th Floor
Palo Alto, CA 94306

Dear Mr. Pooley:

This letter is in response to your letter of November 1, 2006, to Yar Chaikovsky, my former partner. I apologize for the delay in responding, but it has taken some time to get familiar with the issues in the wake of Yar's departure. Below is a response to the points raised in your letter:

First, you observed that the application for Optovue's issued patent was filed on October 28, 2005, roughly two years after Mr. Wei's departure from Carl Zeiss Meditec ("CZM"). However, your letter failed to address the fact that Mr. Wei also filed two provisional patent applications on February 10, 2004, just several months after leaving CZM. We have studied the content of those provisional applications, and our preliminary review has determined that at least one, U.S. Provisional App. No. 60/543,862, contains confidential information of CZM that was in Mr. Wei's possession while he was employed by CZM. Further, we have also analyzed the pending Optovue patent applications claiming priority from those provisional applications, and have concluded that CZM should be the sole assignee of at least Optovue's pending U.S. Application No. 11/056,537.

Second, you mentioned that you see no reason to suspect improper use of CZM confidential information because the Optovue product relies on fourier domain technology, which is "fundamentally different" from CZM's technology. But, your client is certainly aware that CZM has been developing spectral domain OCT technology since at least 2004, because Tom Zhao, one of the founders of Optovue, was an early contributor to CZM's development of this technology before his departure from CZM in 2004.

SV1:\268923\03\5RS303!.DOC\33842.0003

WEIL, GOTSHAL & MANGES LLP
Mr. James Pooley
April 11, 2007
Page 2

Third, regarding Optovue's interference with CZM's contractual relations with third parties, CZM is particularly concerned about Optovue's relationship with Prof. David Huang. Specifically, until recently, Prof. Huang was a long-term scientific adviser to CZM, and he now serves on Optovue's scientific advisory board. While Prof. Huang was working with CZM, he had in his possession a prototype CZM OCT device and a production CZM OCT device. CZM has re-possessed its OCT devices from Prof. Huang, and found stored on one of the disk drives indications of several files, including a directory, relating to RTVue, Optovue's competing OCT product. CZM is justifiably alarmed at finding Optovue files on the disk drive of its highly confidential OCT device, and would like to understand exactly what Optovue asked Prof. Huang to investigate, whether he used any CZM equipment to do so, and whether any employee of Optovue has had access to any of the CZM equipment in Prof. Huang's possession.

Also, in our last letter, CZM pointed out a false statement regarding CZM on Optovue's website, which has since been removed. However, since our last letter, CZM has become aware of additional troubling marketing practices of Optovue. Namely, Optovue has begun distributing marketing literature for its OCT product, with the caption: "From the developers of the first OCT systems in eye care." At best, this statement is deceptive, because it is easily verifiable that CZM was the first company to provide a commercially available OCT device for eye care. CZM demands that Optovue immediately remove this false statement from its marketing materials. In addition, CZM has in its possession a marketing document provided to a physician by an Optovue salesperson, which is a complete copy of a CZM document, but with the references to CZM and CZM's product redacted. This raises a host of legal issues, including copyright infringement and unfair competition. CZM demands that Optovue immediately cease providing to customers any marketing material derived from CZM documentation.

I hope you find that the additional information in this letter sufficiently answers your questions, and helps you to understand CZM's concerns. CZM remains willing to discuss these issues in a productive manner, and requests a substantive response within the next two weeks. We may take further legal actions if a satisfactory response is not received within two weeks.

I look forward to your response.

Sincerely,

Jason Kipnis

JDK/mac