# EXHIBIT B

MORRISON FOERSTER

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

May 2, 2007

James Pooley
(650) 813-5710
jpooley@mofo.com

**VIA FACSIMILE (650) 802-3100**

Jason Kipnis, Esq.
Weil, Gotshall & Manges
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Re: <u>Optovue Corporation (Carl Zeiss Meditec Demand)</u>

Dear Jason:

Thank you for your letter of April 11, 2007 regarding Carl Zeiss and Optovue.

First, we are extremely concerned by your statement that Carl Zeiss ("CZ") has come into possession of Optovue trade secret information. Dr. David Huang informs us that he deleted all Optovue data that was on a CZ computer in Dr. Huang's lab before it was returned to CZ. Your letter suggests that CZ has somehow resurrected deleted RTVue data, although you do not provide us with the names of the specific files that CZ has obtained. Please immediately provide the names of *all* individuals at CZ who have been exposed to this information, as well as the files they have been exposed to.

Moreover, as you are aware, Dr. Huang consults with both CZ and Optovue, and of course his laboratory uses both companies' products—as well as those from other companies—in testing technology. The question is not whether he worked with both companies' software, but whether CZ somehow misappropriated previously-deleted information owned by Optovue.

With respect to your question about Optovue's provisional patent applications, there is no confidential CZ information in the '862 and '537 applications. As you will note in those applications, Figures 1 and 2 depict the general prior art, including other companies' products. Figure 3 depicts a prior art CZ German product that is well known to those of skill in the field. That is the only relationship between these applications and CZ. If you have some other factual basis for suggesting that CZ information is contained in those applications, please let me know.

**MORRISON   FOERSTER**

Jason Kipnis, Esq.
May 2, 2007
Page -2-

      With respect to your question about Fourier domain technology, the technology is in the public domain, and numerous papers have been published on the topic in the last decade. As I informed Yar last November, nothing in Optovue's Fourier domain product is based on work done at CZ. In addition, we are informed that Tom Zhao's only work on the technology while at CZ was based on public domain sources, and in any event Mr. Zhao contributed nothing to Optovue's Fourier domain product.

      As for your suggestion that the statement "From the developers of the first OCT systems in eye care" is deceptive," I am puzzled. Dr. Wei is—as you know—the developer of the first OCT system. Optovue's marketing department is certainly permitted to point out this fact, and nothing in the statement makes any reference to CZ or suggests any affiliation with CZ. If you are aware of any case law supporting your contention that this is a false and deceptive statement, please forward it to me.

      Finally, you refer to an unidentified piece of marketing material "provided to a physician." Without more information, it is not possible for me to respond. Please forward a copy of the document to which you are referring.

      While we have since last November remained willing to discuss your concerns, your April 11 letter puts a new and very important issue on the table: CZ's possession of Optovue trade secret information. I look forward to receiving the information I have requested, so that we can determine appropriate next steps.

Very truly yours,

James Pooley

JP:kgo

cc:  Jay Wei, President & CEO
      Optovue Corporation

Internal Documents 4812-7774-4129.1