1    DONALD L. BARTELS, State Bar No. 65142
     dbartels@nixonpeabody.com
2    BRUCE E. COPELAND, State Bar No. 124888
     bcopeland@nixonpeabody.com
3    LAURA K. CARTER, State Bar No. 244856
     lcarter@nixonpeabody.com
4    NIXON PEABODY LLP
     One Embarcadero Center, 18th Floor
5    San Francisco, California 94111-3600
     Telephone: (415) 984-8200
6    Fax: (415) 984-8300

7    GREGG A. RUBENSTEIN (*pro hac vice*)
     grubenstein@nixonpeabody.com
8    NIXON PEABODY LLP
     100 Summer Street
9    Boston, Massachusetts, 02110
     Telephone: (617) 345-1000
10   Fax: (617) 345-1300

11   Attorneys for Defendant/Counterclaimant:
     CARL ZEISS MEDITEC, INC.

12

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16

17   OPTOVUE CORPORATION,                     Case No. C 07-03010 CW

18                      Plaintiff,
                                              **DEFENDANT CARL ZEISS MEDITEC,**
19        vs.                                 **INC.'S ANSWER TO OPTOVUE CORP.'S**
                                              **FIRST AMENDED COMPLAINT**
20   CARL ZEISS MEDITEC, INC.,

21                      Defendant.            **DEMAND FOR JURY TRIAL**

22   CARL ZEISS MEDITEC, INC.,

23                      Counterclaimant,

24        vs.

25   OPTOVUE CORPORATION, INC.; JAY WEI, an
     individual, and YONGHUA ZHAO, an individual,
26

27                      Counterdefendants.

28

1   Defendant Carl Zeiss Meditec, Inc. ("CZMI") hereby submits this Answer to the First

2   Amended Complaint for: 1) Declaratory Judgment of A) No Violation of Computer Fraud and Abuse

3   Act; B) No Unfair Competition Under Lanham Act; C) No Trade Secret Misappropriation and for 2)

4   Trade Secret Misappropriation By Defendant ("Amended Complaint"), brought by Plaintiff Optovue

5   Corporation ("Optovue") as follows:

6   CZMI answers the allegations set forth in the separately numbered and labeled paragraphs of

7   the Amended Complaint below.  To the extent that any specific allegation in the Amended Complaint

8   is not addressed below, that allegation is denied.

9                                    **I.**

10                         **NATURE OF THE ACTION**

11   1.      Paragraph 1 of the Amended Complaint contains no factual allegations to which a

12   responsive pleading is required.  To the extent paragraph 1 contains factual allegations, those

13   allegations are denied.

14                                   **II.**

15                         **JURISDICTION AND VENUE**

16   2.      Paragraph 2 of the Amended Complaint states a conclusion of law to which no

17   responsive pleading is required.

18   3.      Paragraph 3 of the Amended Complaint states a conclusion of law to which no

19   responsive pleading is required.

20                                  **III.**

21                             **THE PARTIES**

22   4.      CZMI lacks knowledge or information sufficient to form a belief as to the truth of the

23   allegations in paragraph 4 concerning Optovue's principal place of business and denies the remaining

24   allegations.

25   5.      Admitted.

26

27

28

## IV.

## GENERAL ALLEGATIONS

6.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint, and on that basis, denies those allegations.

7.    CZMI denies that Messrs. Wei and Zhao are "pioneers in Optical Coherence Tomography." CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Amended Complaint, and on that basis, denies those allegations.

8.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint, and on that basis, denies those allegations.

9.    Admitted.

10.    Admitted.

11.    CZMI admits that it sent certain correspondence to Optovue that speaks for itself. CZMI denies all remaining allegations in paragraph 11 of the Amended Complaint.

### Optovue's Marketing Statements Are Not False, Misleading or Deceptive Under the Lanham Act

12.    CZMI neither admits nor denies the allegations in paragraph 12 of the Amended Complaint, but states that the exhibits speak for themselves.

13.    Denied.

### Optovue Has Developed and Maintained Its Own Valuable Trade Secrets

14.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint, and on that basis, denies those allegations.

15.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint, and on that basis, denies those allegations.

16.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and on that basis, denies those allegations.

17.    CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and on that basis, denies those allegations.

18.    CZMI admits that Dr. Huang previously consulted for CZMI. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Amended Complaint, and on that basis, denies those allegations.

19.    CZMI admits that Dr. Huang conducted studies on a CZMI prototype OCT device. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Amended Complaint, and on that basis, denies those allegations.

20.    CZMI neither admits nor denies that Optovue had access to certain CZMI computer files located on a computer in Dr. Huang's possession, custody and/or control, but states that the documents attached to the Amended Complaint speak for themselves. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Amended Complaint, and on that basis, denies those allegations.

21.    CZMI admits that the value of its computer and the files on that computer exceed $5,000. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Amended Complaint, and on that basis, denies those allegations.

22.    CZMI admits that Dr. Huang has returned to CZMI all computers he was testing on CZMI's behalf. CZMI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Amended Complaint, and on that basis, denies those allegations.

23.    Denied.

24.    CZMI neither admits nor denies the allegations in paragraph 24 of the Amended Complaint, but states that the exhibit speaks for itself.

25.    Denied.

26.    Denied.

**FIRST CLAIM FOR RELIEF**
**(Declaration of No Violation under the Computer Fraud and Abuse Act)**

27.     CZMI repeats its answers to paragraphs 1 through 26 in answer to paragraph 27 of the Amended Complaint.

28.     Admitted.

29.     CZMI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint, and on that basis, denies those allegations.

30.     Paragraph 30 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 30 contains factual allegations concerning Optovue consultants or employee other than William Shields, those allegations are denied.  To the extent paragraph 30 contains factual allegations concerning William Shields, claims relating to Mr. Shields have been dismissed in favor of a prior pending action.

31.     Paragraph 31 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 31 contains factual allegations concerning Mr. Shields, CZMI denies that a judicial declaration from this Court is necessary or appropriate as claims relating to Mr. Shields have been dismissed in favor of a prior pending action.

**SECOND CLAIM FOR RELIEF**
**(Declaration of No Unfair Competition Under the Lanham Act)**

32.     CZMI repeats its answers to paragraphs 1 through 31 in answer to paragraph 32 of the Amended Complaint.

33.     Admitted.

34.     Paragraph 34 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 34 contains factual allegations, those allegations are denied.

35.     Paragraph 35 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 35 contains factual allegations, those allegations are denied.

36.     Paragraph 36 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 36 contains factual allegations, those allegations are denied.

### THIRD CLAIM FOR RELIEF
**(Declaration of No Trade Secret Misappropriation by Optovue)**

37.     CZMI repeats its answers to paragraphs 1 through 36 in answer to paragraph 37 of the Amended Complaint.

38.     CZMI neither admits nor denies the allegations in paragraph 38 of the Amended Complaint, but states that the exhibits to the Amended Complaint and the patent application speaks for themselves.

39.     Paragraph 39 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 39 contains factual allegations, those allegations are denied.

40.     Paragraph 40 of the Amended Complaint states a conclusion of law to which no responsive pleading is required. To the extent paragraph 40 contains factual allegations, those allegations are denied.

41.     Paragraph 41 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent paragraph 41 contains factual allegations, those allegations are denied.

### FOURTH CLAIM FOR RELIEF
**(Trade Secrets Misappropriation by CZM)**

42.     CZMI repeats its answers to paragraphs 1 through 41 in answer to paragraph 42 of the Amended Complaint.

43.     Denied.

44.     Denied.

45.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Optovue has violated the Computer Fraud and Abuse Act.

### SECOND AFFIRMATIVE DEFENSE

Optovue has engaged in unfair competition under the Lanham Act.

### THIRD AFFIRMATIVE DEFENSE

Optovue has misappropriated CZMI's trade secrets.

### FOURTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by its own bad acts and/or the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by its material misrepresentations to CZMI.

### SIXTH AFFIRMATIVE DEFENSE

Optovue has failed to mitigate its alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

CZMI alleges that Optovue, its agents, employees, servants and/or representatives were negligent, legally responsible or otherwise at fault for the damages alleged in Optovue's Amended Complaint. CZMI therefore requests that in the event of a finding of any liability in favor of plaintiff or settlement or judgment against this defendant, an apportionment of fault be made among all parties as permitted by *Li v. Yellow Cab Company* and *American Motorcycle Association v. Superior Court* by the court or jury. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### EIGHTH AFFIRMATIVE DEFENSE

Optovue's claims are barred by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Optovue's Complaint fails to state facts sufficient to constitute a claim against CZMI.

### TENTH AFFIRMATIVE DEFENSE

Optovue's claims are barred to the extent they are not ripe for adjudication.

1     WHEREFORE, CZMI respectfully asks that the Court:

2         1.     Dismiss the Amended Complaint in its entirety and that Optovue takes nothing

3     therefrom;

4         2.     Enter judgment in favor of CZMI for costs, attorney's fees; and

5         3.     Such other relief as the Court deems appropriate.

6                    **COUNTERCLAIMS AND THIRD-PARTY CLAIMS**

7         CZMI incorporates and re-alleges the facts and causes of action set forth in its Counterclaims

8     and Third-Party Claims of July 9, 2007.

9     DATED:  September 7, 2007                              Respectfully submitted,

10                                                            NIXON PEABODY LLP

11

12                                                  By:  /s/ Bruce E. Copeland
                                                         DONALD L. BARTELS
13                                                       BRUCE E. COPELAND
                                                         LAURA K. CARTER
14                                                       GREGG A. RUBENSTEIN
                                                         Attorneys for Defendant/Counterclaimant
15                                                       CARL ZEISS MEDITEC, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2
CZMI hereby demands a trial by jury on all issue so triable.

3

4       DATED:  September 7, 2007                    Respectfully submitted,

5                                                      NIXON PEABODY LLP

6

7                                          By:   /s/ Bruce E. Copeland
                                                DONALD L. BARTELS
8                                               BRUCE E. COPELAND
                                                LAURA K. CARTER
9                                               GREGG A. RUBENSTEIN
                                                Attorneys for Defendant/Counterclaimant
10                                              CARL ZEISS MEDITEC, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**CASE NAME:** *Optovue Corp. v. Carl Zeiss Meditec, Inc.*
**COURT:**      United States District Court – Northern District of California – Oakland
**CASE NO.:**   C 07-03010 CW
**NP FILE:**    033750-10

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, Suite 2700, San Francisco, CA 94111-3600.

On **September 7, 2007,** I served the following document(s):

- **DEFENDANT CARL ZEISS MEDITEC, INC.'S ANSWER TO OPTOVUE CORP.'S FIRST AMENDED COMPLAINT**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 **X** :   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

___:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

___:   By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

___:   By Electronic Delivery - I caused each such electronic copy to be sent from the offices of Nixon Peabody, San Francisco, California to the electronic mailing address of the addressee(s).

**Addressee(s)**

**See Attached Service List of Attorneys of Record**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on **September 7, 2007**, at San Francisco, California.

                                        /s/ Tapa E. Tualaulelei
                                        Tapa E. Tualaulelei

**Attorneys of Record – Service List**
*Optovue Corp. v. Carl Zeiss Meditec, Inc.*
USDC N.D. Case No. C 07-03010 CW

1

2  **Attorneys for Plaintiff/Counter-Defendant**
**OPTOVUE CORPORATION and Counter-**
3  **Defendants JAY WEI and YONGHUA**
**ZHAO:**
4

5  James Pooley, Esq.
L. Scott Oliver, Esq.
6  Diana Luo, Esq.
MORRISON & FOERSTER LLP
7  755 Page Mill Road
Palo Alto, CA  94304-1018
8  Telephone:  (650) 813-5600
Fax:  (650) 494-0792
9  Email: dluo@mofo.com
Email: jpooley@mofo.com
10 Email: soliver@mofo.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28