UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTOVUE CORPORATION,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CARL ZEISS MEDITEC, INC.,<br><br>　　　　　　　　Defendant. | Case No. C 07-03010 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| CARL ZEISS MEDITEC, INC.,<br><br>　　　　　　　　Counterclaimant,<br><br>　vs.<br><br>OPTOVUE CORPORATION, INC.; JAY WEI, an individual, and YONGHUA ZHAO, an individual,<br><br>　　　　　　　　Counterdefendants. | Date:　October 11, 2007<br>Time:　2:00 pm<br><br>HON. CLAUDIA WILKEN |

10730788.3

# JOINT CASE MANAGEMENT PLAN

Pursuant to the Standing Order for All Judges for Civil Cases filed on or after March 1, 2007 of the United States District Court for the Northern District of California, the parties submit this Joint Case Management Plan.

1. <u>Jurisdiction and Service.</u> The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims and third-party claims arises under certain Acts of Congress, including 15 U.S.C. § 1051. Accordingly, the court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. The court has supplemental jurisdiction under over the parties' state law claims pursuant to 28 U.S.C. § 1367. No issues regarding personal jurisdiction or venue exist and all parties have been served.

2. <u>Facts.</u>

**Optovue's Factual Statement.** Optovue is an ophthalmic device company that works with ophthalmologists and clinical researchers to develop and commercialize new imaging modalities for the diagnosis and treatment of eye diseases. Optovue was founded and advised by several of the pioneers in Optical Coherence Tomography ("OCT") and has developed next-generation ophthalmic diagnosis tools based on Fourier-Domain OCT ("FD-OCT") technology. FD-OCT machines provide physicians with advanced retina diagnostic capabilities at extremely high speeds and extremely high resolution. Since November 2006, Optovue has been selling the "RTVue," its FD-OCT system.

Carl Zeiss Meditec, Inc. ("CZMI") also sells ophthalmic diagnosis tools. Beginning in late 2006, CZMI began threatening legal action against Optovue, alleging unfair competition and trade secret misappropriation, as well as implying conduct, which if it occurred, could be claimed as improper access to CZMI computers.

Optovue seeks a declaratory judgment pursuant to Title 28 U.S.C. § 2201 of 1) no unlawful access to defendant's computers, under the Computer Fraud and Abuse Act, Title 18 U.S.C. § 1030; 2) no false, deceptive or misleading marketing statements under Lanham Act, Title 15 U.S.C. § 1125, 3) no misappropriation any alleged CZMI trade secrets. Optovue also seeks various remedies for trade secret misappropriation by CZMI. CZMI denies Optovue's allegations and has asserted various counterclaims, including unfair competition, trade secret misappropriation, and breach of contract.

**CZMI's Factual Statement.** The parties in this case are competitors involved in the business of developing, manufacturing, and selling ophthalmic tools and products. Plaintiff Optovue Corp. ("Optovue") was founded by two former employees of Defendant Carl Zeiss Meditec, Inc. ("CZMI"), Counterdefendants Jay Wei ("Wei") and Yonghua Zhao ("Zhao"). Both Wei and Zhao were parties to respective employment and separation agreements with CZMI requiring, inter alia, that Wei and Zhao not divulge confidential information pertaining to CZMI's business during or after their respective employment with CZMI. CZMI alleges by way of counterclaims that after Wei and Zhao departed from CZMI's employ, Wei and Zhou disclosed and made use of on Optovue's behalf certain CZMI confidential information, including, without limitation, concepts and technology that each developed while employed by CZMI. CZMI further alleges that Optovue's agent, Doctor David Huang, used a CZMI computer and its contents for the benefit of Optovue in violation of federal law. CZMI also alleges that (a) Optovue's use of certain of CZMI's marketing materials, (b) Optovue's claim to be associated with the Stratus OCT, a CZMI product, and/or (c) Optovue's claim that the RTVue, an Optovue product, is connected with the Stratus OCT, constitute unfair and deceptive business practices. Thus, CZMI alleges that Optovue, Wei, and Zhao, inter alia, misappropriated CZMI's trade secrets, engaged in unfair business practices, and unjustly enriched themselves, all in violation of California law.

Optovue, Wei, and Zhao generally deny CZMI's allegations, and Optovue seeks judicial declarations that it has not engaged in the unlawful conduct alleged. Optovue also alleges that CZMI misappropriated Optovue's trade secrets when CZMI examined computer equipment that had been returned to CZMI by Dr. Huang. Optovue contends that it is entitled to injunctive and compensatory relief against CZMI. CZMI denies these allegations.

**Principle Factual Issues In Dispute.**
- Whether Dr. Huang used CZMI's computer for Optovue's benefit and if so, whether he acted as Optovue's agent when he did so.
- Whether Optovue made false claims in its advertising materials.
- Whether certain Optovue patent applications are based on CZMI's confidential information.

3. <u>Legal Issues.</u> The parties dispute the following issues:

 1. Whether Optovue violated the Computer Fraud and Abuse Act when Dr. Huang allegedly utilized a CZMI computer and its contents for Optovue's benefit;

 2. Whether Optovue's marketing claim to be the developer of the first OCT system in eye care is a false or misleading description of fact that is likely to cause confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with CZMI, the true developers of the first OCT systems in eye care, in violation of the Lanham Act;

 3. Whether Optovue's marketing claim to be the developer of the first OCT system in eye care in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of Optovue's goods and/or services, in violation of the Lanham Act;

 4. Whether Optovue's use of the altered "Interpretive Key" material, allegedly originally produced by CZMI, is a false or misleading description of fact that is likely to cause confusion or mistake as to the affiliation, connection, or association of Optovue's RTVue with CZMI' Stratus OCT, in violation of the Lanham Act;

 5. Whether Wei's alleged reliance upon and submission to the United States Patent and Trademark Office of concepts and technologies he, Mr. Zhao and/or others developed in the course of their CZMI employment for Optovue's benefit is a misappropriation of CZMI's trade secrets, in violation of the California Uniform Trade Secret Act;

 6. Whether Zhao's alleged disclosure and use of software applications that he developed in the course of his CZMI employment for Optovue's benefit is a misappropriation of CZMI's trade secrets, in violation of the California Uniform Trade Secret Act;

 7. Whether Optovue's alleged reliance upon software applications that Mr. Zhao developed in the course of his CZMI employment is a misappropriation of CZMI's trade secrets, in violation of the California Uniform Trade Secret Act;

8. Whether Dr. Huang's use of CZMI's computers without CZMI's permission to do so is an unfair business practice, in violation of Cal. Bus. & Prof. Code § 17200;

9. Whether Optovue's advertising claim to be the developer of the first OCT systems in eye care is deceptive, untrue and/or misleading advertising, in violation of Cal. Bus. & Prof. Code § 17200;

10. Whether Optovue's alleged copying and use of CZMI marketing materials for Optovue's benefit is deceptive, untrue and/or misleading advertising, in violation of Cal. Bus. & Prof. Code § 17200;

11. Whether Optovue's, Wei's and Zhao's alleged misappropriation and use of CZMI's trade secrets concerning OCT technology is an unfair business practice, in violation of Cal. Bus. & Prof. Code § 17200;

12. Whether Wei materially breached employment and severance agreements with CZMI by, among other things, allegedly relying upon concepts and/or technology he developed while employed by CZMI for the benefit of Optovue;

13. Whether Zhao materially breached employment and termination agreements with CZMI by, among other things, allegedly utilizing for the benefit of Optovue a software application he developed while employed by CZMI;

14. Whether Optovue, Wei, and/or Zhao unjustly enriched themselves at CZMI's expense through their wrongful actions described above;

15. Whether injunctive relief prohibiting further wrongful conduct by Optovue, Wei, and Zhao is proper;

16. The proper amount of damages in the event that Optovue, Wei, and/or Zhou are deemed to have engaged in any or all of the above wrongful conduct, if any;

17. Whether CZMI improperly gained access to and used Optovue's trade secrets when it undeleted Optovue's files on a computer used by Dr. Huang, constituting an unlawful misappropriation of Optovue's trade secrets;

18. Whether injunctive relief is appropriate in the event that CZMI is deemed to have misappropriated Optovue's trade secrets; and

19. The proper amount of damages in the event that CZMI is deemed to have misappropriated Optovue's trade secrets.

4. <u>Motions.</u> CZMI previously filed a motion to dismiss and for a more definite statement. That motion was granted and Optovue, Inc. has since filed an Amended Complaint to which CZMI has filed a responsive pleading. The parties currently intend to file a motion for a protective order to maintain the confidentiality of certain documents likely to be produced in this matter. The parties may need to engage in discovery motion practice and each side may, if appropriate, move for summary judgment.

5. <u>Amendment of Pleadings.</u> The parties do not currently anticipate the need to further amend the pleadings. All claims and counterclaims have been answered by the parties. The parties propose that the Court consider Rule 15 motions to amend the pleadings in the normal course of the litigation, but that no amendment be allowed after the close of fact discovery.

6. <u>Evidence Preservation.</u> The parties believe they have taken all reasonable steps appropriate to preserve evidence relevant to the issues reasonably evident in this action, including sending a notice to preserve electronic material to individuals that may have relevant documents.

7. <u>Disclosures.</u> The parties will serve their initial disclosure requirements under Fed. R. Civ. P. 26(f) on or before October 11, 2007.

8. <u>Discovery.</u> Optovue and CZMI have each served written discovery requests. The parties propose that each side be limited to 25 interrogatories and 25 requests for admission. The parties further propose that there be no limit as to the number of document requests. The parties agree to a total of 50 hours of depositions per side, including depositions of parties, including any under Fed. R. Civ. R 30(b)(6), or third-parties, but not including experts. Either party may petition the Court for additional hours of depositions, should it prove necessary. Each individual deposition should be limited to 7 hours as required under the Federal Rules, but the parties may agree to allow additional time. The parties intend to move for entry of a protective order to maintain the confidentiality of certain documents likely to be produced in this matter, and are currently circulating drafts of a proposed order. The parties stipulate that all electronic discovery will be produced in

native format pursuant to Fed. R. Civ. P. 34. The parties further propose to adopt the discovery plan set forth below in paragraph 17.

9. <u>Class Actions.</u> N/A.

10. <u>Related Cases.</u> CZMI and William Shields are parties to a related case pending in the Superior Court of Massachusetts captioned *Carl Zeiss Meditec, Inc. v. William Shields*, Civil Action No. 07-2453-BLS2.

11. <u>Relief.</u> Optovue seeks a declaration that it did not (2) misappropriate any CZM Trade Secrets; (2) make false, deceptive of misleading marketing statements; (3) unlawfully gain access to CZM's computers in violation of the Computer Fraud and Abuse Act. Optovue also seeks an injunction as well both compensatory and enhanced damages sufficient to compensate for CZM's misappropriation of Optovue's trade secrets in an amount to be determined. CZM seeks an injunction to prevent further unlawful conduct on the part of Optovue, Wei, and Zhao, and further seeks compensatory and exemplary damages in an amount to be determined.

12. <u>Settlement and ADR.</u> The parties have stipulated to a settlement conference before a Magistrate Judge. Both parties have or will file ADR certifications and the required stipulation.

13. <u>Consent to Magistrate Judge For All Purposes.</u> The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References.</u> The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues.</u> The parties are not in a position to evaluate the possibility of narrowing issues prior to discovery, but agree that the Legal Issues listed above may, where appropriate, be disposed of by motion.

16. <u>Expedited Schedule.</u> The parties do not believe that this type of case can be handled on an expedited basis.

//

17. <u>Scheduling.</u> The parties propose to adopt the following schedule:

| EVENT | OPTOVUE'S PROPOSED DATES | CZMI'S PROPOSED DATES |
|---|---|---|
| Last Day for Parties to Serve Initial Disclosures under Rule 26(a)(1) | October 11, 2007 | October 11, 2007 |
| Designation of experts by party bearing burden of proof on issue | | May 15, 2008 |
| Designation of experts by party not bearing burden of proof on issue | | June 15, 2008 |
| Parties to Serve Expert Reports for which they bear the burden of proof | May 1, 2008 | June 15, 2008 |
| Parties to Serve Rebuttal Expert reports | June 2, 2008 | July 15, 2008 |
| Completion of both fact and expert discovery (date by which all responses to written discovery are due and by which all depositions must be concluded) | June 16, 2008 | August 15, 2008 |
| Last day to file Discovery Motions regarding expert discovery (L.R. 26-2) | June 23, 2008 | August 23, 2008 |
| Last Day to File Motions for Summary Judgment/Dispositive Motions | July 3, 2008 (heard by August 7, 2008) | September 15, 2008 |
| If no motions for summary judgment, pre-trial conference | September 1, 2008 | October 1, 2008 |
| If no motions for summary judgment, trial | October 15, 2008 | November 15, 2008 |
| If motions for summary judgment, pre-trial conference | September 1, 2008 | 45 days after decision on summary judgment motion |
| If motions for summary judgment, trial | October 15, 2008 | 45 days after pre-trial conference |

18. **Trial.** Both parties have requested a jury trial. Optovue estimates that trial will last approximately five to ten days. CZMI estimates that trial will last ten to twenty days, depending on the issues actually presented at trial.

19. **Disclosure of Non-party Interested Entities or Persons.** CZMI filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on July 9, 2007. CZMI recertifies that Carl Zeiss Meditec, Inc. is a wholly-owned subsidiary of Carl Zeiss Meditec AG. Carl

Zeiss Meditec AG is a publicly traded corporation on the DAX stock exchange. Optovue filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on June 11, 2007. Optovue recertifies that the following persons, firms, partnerships or corporations either have an interest, financial or otherwise, in the outcome of this litigation: HanTech International Venture Capital Corp.; H&A Venture Capital Investment Corp.; H&H Venture Capital Investment Corp.; Power Rich Investment Ltd.: Jenny Pan; Fong-Yi Chien; Tso Han Chien; Sheng Li Pan: Chin Yin Lan: Mizuguchi Satoshi; Hui Ming Chung; Ching Yun Chang; Chin Ming Ko; Yen-Chang Tzeng; Chun-Ying Ho; Margaret Liao; Acorn Campus Venture Fund III LLC; Acorn Campus Asia Fund I, LP; Dragon Investment Fund I Co., Ltd.; iD 6 Fund, L.P.; JKL Ventures; Veng Hoi Tang; Li-Hsueh Wei; Kuei Ching Tu; Elaine Tsang Trust; Lana Tsang Trust; Steven Tsang Trust; Victor Tsang; Shany Electronic Co., Ltd; Ming-Tung Tang; Chien-Chang Tang; Trevi Health Ventures LP; Harbinger Venture III Venture Capital Co.; Innova Investment Partner LLP; Opus Optovue; Kee Hwa Cheng; Hsing-Shou Chang; Dan Harden; Whipsaw Inc.; David & Cathy Tsang; Victor Tsang Trust; Pacific Rim Capital LLC; Rainbow Family Trust; Walter & Lien Nguyen; Triple Best Overseas Co., Ltd.; Hsiao-Ying Tao Hsu; Lynn Wei; Chuang-Hsien Chueh; Kou-Yuan Chen; Optowaves Holding Co., Inc.; 1999 Fulton Living Trust; Shin Lo Chia; Jian Yu Liu; David Chen Wei Wong; Shen Chia Wong; Shiao Chuan Tseng; Lung Ping Chou; Po Tsang Pan; Chin Yin Lan; Cheng Sun Lan.

Respectfully submitted,

| MORRISON & FORRESTER LLP | NIXON PEABODY LLP |
|---|---|
| By: __/s/ L. Scott Oliver_____. <br> JAMES POOLEY <br> L. SCOTT OLIVER <br> DIANA LUO <br> KATHERINE NOLAN-STEVAUX <br> Attorneys for Plaintiff and Third-Party Defendants OPTOVUE CORPORATION, INC., JAY WEI, and YONGHUA ZHAO | By: __/s/ Gregg A. Rubenstein_____. <br> DONALD L. BARTELS <br> BRUCE E. COPELAND <br> LAURA K. CARTER <br> GREGG A. RUBENSTEIN, *Pro Hac Vice* <br> Attorneys for Defendant/Counterclaimant CARL ZEISS MEDITEC, INC. |

DATED: October 4, 2007

I, L. Scott Oliver, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER.** In compliance with General Order 45, X.B., I hereby attest that Gregg Rubenstein has concurred in this filing.

Dated: October ___, 2007

By: s/ L. Scott Oliver
L. Scott Oliver
MORRISON & FOERSTER LLP

Attorney for Defendant
BROADCOM CORPORATION