1  DONALD L.BAR TELS, State Bar No. 65142
   dbartels@nixonpeabody.com
2  BRUCE E. COPELAND, State Bar No. 124888
   bcopeland@nixonpeabody.com
3  LAURA K. CARTER, State Bar No. 244856
   lcarter@nixonpeabody.com
4  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
5  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
6  Fax: (415) 984-8300

7  GREGG A. RUBENSTEIN (*pro hac vice*)
   grubenstein@nixonpeabody.com
8  NIXON PEABODY LLP
   100 Summer Street
9  Boston, Massachusetts 02110
   Telephone: (617) 345-1000
10 Fax: (617) 345-1300

11 Attorneys for Defendant/Counterclaimant:
   CARL ZEISS MEDITEC, INC.
12

**RECEIVED**

**NOV 16 2007**

MORRISON & FOERSTER, LLP

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16  OPTOVUE CORPORATION, | Case No. C 07-03010 CW |
| 17                    Plaintiff, | |
| 18      vs. | **DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE TO OPTOVUE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 19  CARL ZEISS MEDITEC, INC., | |
| 20                    Defendant. | |
| 21 | |
| 22  CARL ZEISS MEDITEC, INC., | |
| 23                    Counterclaimant, | |
| 24 | |
| 25      vs. | |
| 26  OPTOVUE CORPORATION, INC.; JAY WEI,an individual, and YONGHUA ZHAO, an individual. | |
| 27                    Counterdefendants. | |
| 28 | |

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE       -1-       10772672.3
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

Luo Decl. Ex. E

1    PROPOUNDING PARTY:    Plaintiff, OPTOVUE CORPORATION

2    RESPONDING PARTY:    Defendant, CARL ZEISS MEDITEC, INC.

3    SET NO.:    ONE (1)

4    Defendant Carl Zeiss Meditec, Inc. ("CZMI") hereby responds to Plaintiff Optovue

5    Corporation's ("Optovue") First Set of Requests for Production as follows:

6    **PRELIMINARY STATEMENT**

7    These responses represent CZMI's diligent and best efforts to respond to Defendant's First

8    Set of Requests for Production of Documents based upon information known to date. Further

9    responsive information may exist that is not within CZMI's present knowledge or reasonably

10   available to CZMI. Accordingly, these responses are based upon facts and information now known

11   to CZMI and do not constitute an admission or representation that additional facts, documents or

12   witnesses with knowledge relevant to the subject matter of this discovery do not exist. As this

13   litigation proceeds, CZMI anticipates that it may discover or identify other facts, documents, and

14   witnesses. Without in any way obligating itself to do so, CZMI reserves the right to alter,

15   supplement, amend or otherwise modify these responses in any way and at any time.

16   Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

17   CZMI does not waive any claims or potential claims in this litigation.

18   **GENERAL OBJECTIONS**

19   CZMI objects to each and every Request for Production of Documents for the reasons set

20   forth herein, and each of the following objections is incorporated into the response to each such

21   Request for Production of Documents as if fully set forth therein.

22   1.    CZMI objects to each and every Request for Production of Documents to the extent

23   that it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

24   2.    CZMI objects to each and every Request for Production of Documents to the extent

25   that it seeks trade secret, confidential or otherwise protectable information prior to the entry of an

26   appropriate protective order pursuant to Fed. R. Civ. P. 26.

27

28

---

**DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE**    -2-    10772672 3
**TO OPTOVUE CORPORATION'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**
**CASE NO. C07-03010 CW**

Luo Decl. Ex. E

1    3.    CZMI objects to each and every Request for Production of Documents to the extent

2    that it seeks information or documents that are neither relevant nor reasonably calculated to lead to

3    the discovery of admissible evidence per Rule 26 of the Federal Rules of Civil Procedure.

4    4.    CZMI objects to each and every Request for Production of Documents to the extent

5    that it seeks information or documents that are not in CZMI's possession, custody or control.

6    5.    CZMI objects to each and every Request for Production of Documents to the extent

7    that it seeks information or documents protected from discovery by the attorney-client privilege

8    and/or the work product doctrine.

9    6.    CZMI objects to each and every Request for Production of Documents to the extent

10    that it seeks information or documents that are equally available to Defendant.

11    7.    CZMI objects to each and every Request for Production of Documents to the extent

12    that it is overly vague, unduly broad and unnecessarily burdensome.

13    8.    CZMI expressly reserves all objections regarding the competency, relevance,

14    materiality, probative value and admissibility of all information, and all objections as to vagueness,

15    ambiguity, unintelligibility, and overbreadth.  Nothing herein shall be construed as an admission by

16    CZMI regarding the admissibility or relevance of any fact or document, or of the truth or accuracy of

17    any characterization contained in Defendant's discovery requests.

18    **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

19    **DOCUMENT REQUEST NO. 1:**

20    All documents referring or relating to Optical Coherence Tomography ("OCT"), including

21    Time-Domain Optical Coherence Tomography ("TD-OCT") and Fourier-Domain Optical Coherence

22    Tomography ("FD-OCT").

23    **OBJECTION TO REQUEST NO. 1:**

24    CZMI incorporates by reference its Preliminary Statement and General Objections above.

25    Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

26    irrelevant, and not calculated to lead to the discovery of admissible evidence.  CZMI further objects

27    on the ground that the request seeks documents protected by the attorney-client privilege or work-

28    product doctrine.  CZMI further objects on the ground that discovery is continuing.  CZMI, therefore,

Luo Decl. Ex. E

1  shall produce additional relevant and non-privileged documents if and at such time as they are

2  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

3  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

4      CZMI will make available for inspection and copying documents concerning Optical

5  Coherence Tomography ("OCT"), including Time-Domain Optical Coherence Tomography ("TD-

6  OCT") and Fourier-Domain Optical Coherence Tomography ("FD-OCT"), but only to the extent

7  such documents are relevant to the specific claims in this litigation and likely to lead to discovery of

8  admissible evidence.

9  **DOCUMENT REQUEST NO. 2:**

10      All documents referring or relating CZM's Stratus OCT.

11  **OBJECTION TO REQUEST NO. 2:**

12      CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

14  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

15  on the ground that the request seeks documents protected by the attorney-client privilege or work-

16  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

17  shall produce additional relevant and non-privileged documents if and at such time as they are

18  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

19  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

20      CZMI will make available for inspection and copying documents concerning CZM's Stratus

21  OCT, but only to the extent such documents are relevant to the specific claims in this litigation and

22  likely to lead to discovery of admissible evidence.

23  **DOCUMENT REQUEST NO. 3:**

24      All documents referring or relating to Optovue's RTVue-100.

25  **OBJECTION TO REQUEST NO. 3:**

26      CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

28  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE    -4-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672.3

**Luo Decl. Ex. E**

1   on the ground that the request seeks documents protected by the attorney-client privilege or work-

2   product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

3   shall produce additional relevant and non-privileged documents if and at such time as they are

4   discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

5   Civ. P. 26 and without waiving these objections, CZMI responds as follows:

6       CZMI will make available for inspection and copying documents concerning Optovue's

7   RTVue-100, but only to the extent such documents are relevant to the specific claims in this litigation

8   and likely to lead to discovery of admissible evidence.

9   **DOCUMENT REQUEST NO. 4:**

10      All documents referring or relating to Jay Wei.

11  **OBJECTION TO REQUEST NO. 4:**

12      CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

14  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

15  on the ground that the request seeks documents protected by the attorney-client privilege or work-

16  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

17  shall produce additional relevant and non-privileged documents if and at such time as they are

18  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

19  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

20      CZMI will make available for inspection and copying Mr. Wei's personnel file and lab

21  notebooks, but only to the extent such documents are relevant to the specific claims in this litigation

22  and likely to lead to discovery of admissible evidence.

23  **DOCUMENT REQUEST NO. 5:**

24      All documents referring or relating to Yonghua Zhao.

25  **OBJECTION TO REQUEST NO. 5:**

26      CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

28  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

Luo Decl. Ex. E

1   on the ground that the request seeks documents protected by the attorney-client privilege or work-

2   product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

3   shall produce additional relevant and non-privileged documents if and at such time as they are

4   discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

5   Civ. P. 26 and without waiving these objections, CZMI responds as follows:

6          CZMI will make available for inspection and copying Mr. Zhao's personnel file and lab

7   notebooks, but only to the extent such documents are relevant to the specific claims in this litigation

8   and likely to lead to discovery of admissible evidence.

9   **DOCUMENT REQUEST NO. 6:**

10         All documents referring or relating to David Huang.

11  **OBJECTION TO REQUEST NO. 6:**

12         CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

14  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

15  on the ground that the request seeks documents protected by the attorney-client privilege or work-

16  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

17  shall produce additional relevant and non-privileged documents if and at such time as they are

18  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

19  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

20         CZMI will make available for inspection and copying documents concerning Dr. Huang's

21  services on the project at issue in this litigation, but only to the extent such documents are relevant to

22  the specific claims in this litigation and likely to lead to discovery of admissible evidence.

23  **DOCUMENT REQUEST NO. 7:**

24         All documents referring or relating to Jay Wei's employment with CZM, including any

25  employment agreements, termination or severance agreements, confidentiality agreements, or

26  invention assignment agreements.

27

28

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE          -6-                              10772672 3
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

**Luo Decl. Ex. E**

1    **OBJECTION TO REQUEST NO. 7:**

2        CZMI incorporates by reference its Preliminary Statement and General Objections above.

3    Additionally, CZMI objects on the ground that the request seeks documents protected by the

4    attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

5    discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

6    documents if and at such time as they are discovered. Subject to the entry of an appropriate

7    protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

8    CZMI responds as follows:

9        CZMI will make available for inspection and copying documents responsive to Request No. 7

10   in response to Request No. 4.

11   **DOCUMENT REQUEST NO. 8:**

12       All documents referring or relating to Yonghua Zhao's employment with CZM, including any

13   employment agreements, termination or severance agreements, confidentiality agreements, or

14   invention assignment agreements.

15   **OBJECTION TO REQUEST NO. 8:**

16       CZMI incorporates by reference its Preliminary Statement and General Objections above.

17   Additionally, CZMI objects on the ground that the request seeks documents protected by the

18   attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

19   discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

20   documents if and at such time as they are discovered. Subject to the entry of an appropriate

21   protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

22   CZMI responds as follows:

23       CZMI will make available for inspection and copying documents responsive to Request No. 8

24   in response to Request No. 5.

25   **DOCUMENT REQUEST NO. 9:**

26       All documents referring or relating to David Huang's service as a consultant and/or advisor

27   for CZM, including any employment agreements, consulting agreements, technology development

28

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE          -7-                                    10772672.3
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

1  agreement, termination or severance agreements, confidentiality agreements, or invention assignment

2  agreements.

3  **OBJECTION TO REQUEST NO. 9:**

4  CZMI incorporates by reference its Preliminary Statement and General Objections above.

5  Additionally, CZMI objects on the ground that the request seeks documents protected by the

6  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

7  discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

8  documents if and at such time as they are discovered. Subject to the entry of an appropriate

9  protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

10  CZMI responds as follows:

11  CZMI will make available for inspection and copying documents responsive to Request No. 9

12  in response to Request No. 6.

13  **DOCUMENT REQUEST NO. 10:**

14  All lab notebooks, notes, emails, engineering reports, memos, research reports, research

15  proposals, product proposals, product reports, technical articles, presentations, and other

16  correspondence prepared or authored or received by Jay Wei while employed by CZM.

17  **OBJECTION TO REQUEST NO. 10:**

18  CZMI incorporates by reference its Preliminary Statement and General Objections above.

19  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

20  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

21  on the ground that discovery is continuing. CZMI, therefore, shall produce additional relevant and

22  non-privileged documents if and at such time as they are discovered. Subject to the entry of an

23  appropriate protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these

24  objections, CZMI responds as follows:

25  CZMI will make available for inspection and copying documents concerning the provisional

26  patents and patents, but only to the extent such documents are relevant to the specific claims in this

27  litigation and likely to lead to discovery of admissible evidence.

28

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE      -8-                                    10772672.3
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

**DOCUMENT REQUEST NO. 11:**

All lab notebooks, notes, emails, engineering reports, memos, research reports, research proposals, product proposals, product reports, technical articles, presentations, and other correspondence prepared or authored or received by Yonghua Zhao while employed by CZM.

**OBJECTION TO REQUEST NO. 11:**

CZMI incorporates by reference its Preliminary Statement and General Objections above. Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects on the ground that discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged documents if and at such time as they are discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections, CZMI responds as follows:

CZMI will make available for inspection and copying those documents concerning Mr. Zhao responsive to Request No. 11, but only to the extent such documents are relevant to the specific claims in this litigation and likely to lead to discovery of admissible evidence.

**DOCUMENT REQUEST NO. 12:**

All documents and things referring to, relating to or constitute any CZM device, machine, product, or prototype David Huang had access to while he served as a consultant and/or advisor for CZM.

**OBJECTION TO REQUEST NO. 12:**

CZMI incorporates by reference its Preliminary Statement and General Objections above. Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects on the ground that the request seeks documents protected by the attorney-client privilege or work-product doctrine. CZMI further objects on the ground that the phrase "any CZM device, machine, product, or prototype David Huang had access to" is vague and ambiguous. CZMI further objects on the ground that discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged documents if and at such time as they are discovered. Subject to the entry of an

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE    -9-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672 3

Luo Decl. Ex. E

1   appropriate protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these

2   objections, CZMI responds as follows:

3         CZMI will make available for inspection and copying documents concerning CZM devices,

4   machines, products, or prototypes David Huang had access to while he served as a consultant and/or

5   advisor for CZM, but only to the extent such documents are relevant to the specific claims in this

6   litigation and likely to lead to discovery of admissible evidence.

7   **DOCUMENT REQUEST NO. 13:**

8         All documents referring or relating to Optovue.

9   **OBJECTION TO REQUEST NO. 13:**

10         CZMI incorporates by reference its Preliminary Statement and General Objections above.

11   Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

12   irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

13   on the ground that the request seeks documents protected by the attorney-client privilege or work-

14   product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

15   shall produce additional relevant and non-privileged documents if and at such time as they are

16   discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

17   Civ. P. 26 and without waiving these objections, CZMI responds as follows:

18         CZMI will make available for inspection and copying documents concerning Optovue, but

19   only to the extent such documents are relevant to the specific claims in this litigation and likely to

20   lead to discovery of admissible evidence.

21   **DOCUMENT REQUEST NO. 14:**

22         All documents referring or relating to any competitive analysis, study, comparison,

23   examination, reverse engineering of any Optovue device, machine, product or prototype.

24   **OBJECTION TO REQUEST NO. 14:**

25         CZMI incorporates by reference its Preliminary Statement and General Objections above.

26   Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

27   irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

28   on the ground that the request seeks documents protected by the attorney-client privilege or work-

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE    -10-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672.3

Luo Decl. Ex. E

1   product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

2   shall produce additional relevant and non-privileged documents if and at such time as they are

3   discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

4   Civ. P. 26 and without waiving these objections, CZMI responds as follows:

5          CZMI will make available for inspection and copying documents concerning competitive

6   analyses, studies, comparisons, examinations and reverse engineering of any Optovue device,

7   machine, product or prototype, but only to the extent such documents are relevant to the specific

8   claims in this litigation and likely to lead to discovery of admissible evidence.

9   **DOCUMENT REQUEST NO. 15:**

10         All documents referring or relating to any communications between CZM and Optovue,

11  including any communication in which CZM threatened to bring legal action against Optovue, and

12  any documents supporting the basis of such threatened legal action(s).

13  **OBJECTION TO REQUEST NO. 15:**

14         CZMI incorporates by reference its Preliminary Statement and General Objections above.

15  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

16  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

17  on the ground that the request seeks documents protected by the attorney-client privilege or work-

18  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

19  shall produce additional relevant and non-privileged documents if and at such time as they are

20  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

21  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

22         CZMI will make available for inspection and copying documents responsive to Request

23  No. 15, but only to the extent such documents are relevant to the specific claims in this litigation and

24  likely to lead to discovery of admissible evidence..

25  **DOCUMENT REQUEST NO. 16:**

26         Any analyses, studies, opinions or review of OCT technology from 2000 to the present,

27  including without limitation all reports, opinions, letters, analyses, studies or investigations prepared

28  by or for any person or entity employed or retained by CZM.

Luo Decl. Ex. E

1  **OBJECTION TO REQUEST NO. 16:**

2     CZMI incorporates by reference its Preliminary Statement and General Objections above.

3  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

4  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

5  on the ground that the request seeks documents protected by the attorney-client privilege or work-

6  product doctrine. CZMI further objects on the ground that the phrase "[a]ny analyses, studies,

7  opinions or review of OCT technology" is vague and ambiguous. CZMI further objects on the

8  ground that discovery is continuing. CZMI, therefore, shall produce additional relevant and non-

9  privileged documents if and at such time as they are discovered.

10  **DOCUMENT REQUEST NO. 17:**

11     All documents referring or relating to CZM's organizational charts or reporting structure.

12  **OBJECTION TO REQUEST NO. 17:**

13     CZMI incorporates by reference its Preliminary Statement and General Objections above.

14  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

15  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

16  on the ground that discovery is continuing. CZMI, therefore, shall produce additional relevant and

17  non-privileged documents if and at such time as they are discovered. Subject to the entry of an

18  appropriate protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these

19  objections, CZMI responds as follows:

20  **RESPONSE TO REQUEST NO. 17:**

21     CZMI will make available for inspection and copying its current organization chart.

22  **DOCUMENT REQUEST NO. 18:**

23     Any analyses, studies, opinions or reviews of the differences and/or similarities between FD-

24  OCT and TD-OC, as well as the benefits, advantages, and disadvantages of FD-OCT and/or TD-OC.

25  **OBJECTION TO REQUEST NO. 18:**

26     CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

28  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE     -12-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672.3

1  on the ground that the request seeks documents protected by the attorney-client privilege or work-

2  product doctrine. CZMI further objects on the ground that the phrase "differences and/or similarities

3  between FD-OCT and TD-OC, as well as the benefits, advantages, and disadvantages of FD-OCT

4  and/or TD-OC" is vague and ambiguous. CZMI further objects on the ground that discovery is

5  continuing. CZMI, therefore, shall produce additional relevant and non-privileged documents if and

6  at such time as they are discovered.

7  **DOCUMENT REQUEST NO. 19:**

8      All documents referring or relating to the preparation, filing or prosecution of patent

9  applications that CZM contends embody any OCT technology, or any related applications, including

10  but not limited to any patent application filed in any patent office or authority (including any foreign

11  patent office) that claims priority from any of such applications (including any reissue application,

12  request for reexamination, continuation, division, or continuation-in-part of any of such applications).

13  **OBJECTION TO REQUEST NO. 19:**

14      CZMI incorporates by reference its Preliminary Statement and General Objections above.

15  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

16  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

17  on the ground that the request seeks documents protected by the attorney-client privilege or work-

18  product doctrine. CZMI further objects on the ground that the request as a whole is vague and

19  ambiguous. CZMI further objects on the ground that discovery is continuing. CZMI, therefore, shall

20  produce additional relevant and non-privileged documents if and at such time as they are discovered.

21  **DOCUMENT REQUEST NO. 20:**

22      All documents referring or relating to any license or agreement, including but not limited to

23  license agreements, sublicense agreements, assignment agreements, option agreements, releases and

24  non-disclosure agreements, between CZM and any person relating to OCT technology.

25  **OBJECTION TO REQUEST NO. 20:**

26      CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

28  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE          -13-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672 3

Luo Decl. Ex. E

1  on the ground that the request seeks documents protected by the attorney-client privilege or work-

2  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

3  shall produce additional relevant and non-privileged documents if and at such time as they are

4  discovered.

5  **DOCUMENT REQUEST NO. 21:**

6      All documents referring or relating to or supporting CZM's allegations that Optovue violated

7  the Computer Fraud and Abuse Act.

8  **OBJECTION TO REQUEST NO. 21:**

9      CZMI incorporates by reference its Preliminary Statement and General Objections above.

10  Additionally, CZMI objects on the ground that the request seeks documents protected by the

11  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

12  discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

13  documents if and at such time as they are discovered. Subject to the entry of an appropriate

14  protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

15  CZMI responds as follows:

16      CZMI will make available for inspection and copying documents concerning its allegations

17  that Optovue violated the Computer Fraud and Abuse Act in response to various document requests

18  above.

19  **DOCUMENT REQUEST NO. 22:**

20      All documents referring or relating to or supporting CZM's allegations that Optovue engaged

21  in unfair competition under the Lanham Act, including documents referring or relating to or

22  supporting CZM's allegations that Optovue had engaged in "false and deceptive" or "misleading and

23  deceptive" marketing practice.

24  **OBJECTION TO REQUEST NO. 22:**

25      CZMI incorporates by reference its Preliminary Statement and General Objections above.

26  Additionally, CZMI objects on the ground that the request seeks documents protected by the

27  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

28  discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE     -14-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672 3

Luo Decl. Ex. E

1  documents if and at such time as they are discovered. Subject to the entry of an appropriate

2  protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

3  CZMI responds as follows:

4      CZMI will make available for inspection and copying documents concerning its allegations

5  that Optovue engaged in unfair competition under the Lanham Act, including documents referring or

6  relating to or supporting CZM's allegations that Optovue had engaged in "false and deceptive" or

7  "misleading and deceptive" marketing practice in response to various document requests above.

8  **DOCUMENT REQUEST NO. 23:**

9      All documents referring or relating to or supporting CZM's allegations that Optovue, Jay Wei

10  and Yonghua Zhao misappropriated any alleged CZM trade secrets.

11  **OBJECTION TO REQUEST NO. 23:**

12      CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects on the ground that the request seeks documents protected by the

14  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

15  discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

16  documents if and at such time as they are discovered. Subject to the entry of an appropriate

17  protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

18  CZMI responds as follows:

19      CZMI will make available for inspection and copying documents concerning its allegations

20  that Optovue, Jay Wei and Yonghua Zhao misappropriated any alleged CZM trade secrets in

21  response to various document requests above.

22  **DOCUMENT REQUEST NO. 24:**

23      All documents referring or relating to or supporting CZM's allegations that Optovue, Jay Wei

24  and Yonghua Zhao violated Cal. Bus. & Prof Code § 17200.

25  **OBJECTION TO REQUEST NO. 24:**

26      CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects on the ground that the request seeks documents protected by the

28  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that

Luo Decl. Ex. E

1    discovery is continuing.  CZMI, therefore, shall produce additional relevant and non-privileged

2    documents if and at such time as they are discovered.  Subject to the entry of an appropriate

3    protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

4    CZMI responds as follows:

5           CZMI will make available for inspection and copying documents concerning its allegations

6    that Optovue, Jay Wei and Yonghua Zhao violated Cal. Bus. & Prof Code § 17200 in response to

7    various document requests above.

8    **DOCUMENT REQUEST NO. 25:**

9           All documents referring or relating to or supporting CZM's allegations that Jay Wei and

10   Yonghua Zhao breached any valid, enforceable contract between Messrs. Wei and/or Zhao and CZM.

11   **OBJECTION TO REQUEST NO. 25:**

12          CZMI incorporates by reference its Preliminary Statement and General Objections above.

13   Additionally, CZMI objects on the ground that the request seeks documents protected by the

14   attorney-client privilege or work-product doctrine.  CZMI further objects on the ground that

15   discovery is continuing.  CZMI, therefore, shall produce additional relevant and non-privileged

16   documents if and at such time as they are discovered.  Subject to the entry of an appropriate

17   protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

18   CZMI responds as follows:

19          CZMI will make available for inspection and copying documents concerning its allegations

20   that Jay Wei and Yonghua Zhao breached any valid, enforceable contract between Messrs. Wei

21   and/or Zhao and CZM in response to various document requests above.

22   **DOCUMENT REQUEST NO. 26:**

23          All documents referring or relating to or supporting CZM's allegations that Jay Wei and

24   Yonghua Zhao benefited from any unjust enrichment.

25   **OBJECTION TO REQUEST NO. 26:**

26          CZMI incorporates by reference its Preliminary Statement and General Objections above.

27   Additionally, CZMI objects on the ground that the request seeks documents protected by the

28   attorney-client privilege or work-product doctrine.  CZMI further objects on the ground that

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE          -16-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672.3

Luo Decl. Ex. E

1  discovery is continuing. CZMI, therefore, shall produce additional relevant and non-privileged

2  documents if and at such time as they are discovered. Subject to the entry of an appropriate

3  protective order by the court pursuant to Fed. R. Civ. P. 26 and without waiving these objections,

4  CZMI responds as follows:

5       CZMI will make available for inspection and copying documents concerning its allegations

6  that Jay Wei and Yonghua Zhao benefited from any unjust enrichment in response to various

7  document requests above.

8  **DOCUMENT REQUEST NO. 27:**

9       All documents referring or relating to or supporting CZM's contentions that CZM did not

10  misappropriate of Optovue trade secrets.

11  **OBJECTION TO REQUEST NO. 27:**

12       CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects on the ground that the request seeks documents protected by the

14  attorney-client privilege or work-product doctrine. CZMI further objects on the ground that the

15  phrase "CZM did not misappropriate of Optovue trade secrets" is vague, ambiguous, and

16  unintelligible. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

17  shall produce additional relevant and non-privileged documents if and at such time as they are

18  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

19  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

20       CZMI will make available for inspection and copying documents concerning its allegations

21  that CZM did not misappropriate of Optovue trade secrets in response to various document requests

22  above.

23  **DOCUMENT REQUEST NO. 28:**

24       All documents referring or relating to CZM's document retention policies.

25  **OBJECTION TO REQUEST NO. 28:**

26       CZMI incorporates by reference its Preliminary Statement and General Objections above.

27  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

28  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

Luo Decl. Ex. E

1  on the ground that the request seeks documents protected by the attorney-client privilege or work-

2  product doctrine. CZMI further objects on the ground that discovery is continuing. CZMI, therefore,

3  shall produce additional relevant and non-privileged documents if and at such time as they are

4  discovered. Subject to the entry of an appropriate protective order by the court pursuant to Fed. R.

5  Civ. P. 26 and without waiving these objections, CZMI responds as follows:

6       CZMI will make available for inspection and copying documents concerning its document

7  retention policies.

8  **DOCUMENT REQUEST NO. 29:**

9       All documents referring to, discussing or commenting on the present lawsuit, or Optovue,

10  including the Massachusetts State court action brought by CZM against William Shields.

11  **OBJECTION TO REQUEST NO. 29:**

12       CZMI incorporates by reference its Preliminary Statement and General Objections above.

13  Additionally, CZMI objects to this request on the grounds that it is overbroad, unduly burdensome,

14  irrelevant, and not calculated to lead to the discovery of admissible evidence. CZMI further objects

15  on the ground that the request seeks documents protected by the attorney-client privilege or work-

16  product doctrine. CZMI further objects on the ground that the request as a whole is vague and

17  ambiguous. CZMI further objects on the ground that discovery is continuing. CZMI, therefore, shall

18  produce additional relevant and non-privileged documents if and at such time as they are discovered.

19  Subject to the entry of an appropriate protective order by the court pursuant to Fed. R. Civ. P. 26 and

20  without waiving these objections, CZMI responds as follows:

21       CZMI will make available for inspection and copying documents commenting on the present

22  lawsuit that it is or may become reasonably aware of, but only to the extent such documents are

23  relevant to the specific claims in this litigation and likely to lead to discovery of admissible evidence..

24

25

26

27

28

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE    -18-
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

10772672.3

Luo Decl. Ex. E

1

DATED: November 13, 2007

2

Respectfully submitted,

3

NIXON PEABODY LLP

4

By: _____
DONALD L. BARTELS
BRUCE E. COPELAND
LAURA K. CARTER
GREGG A. RUBENSTEIN
Attorneys for Defendant/Counterclaimant
CARL ZEISS MEDITEC, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CARL ZEISS MEDITEC, INC.'S RESPONSE    -19-    10772672.3
TO OPTOVUE CORPORATION'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C07-03010 CW

Luo Decl. Ex. E

1

## PROOF OF SERVICE

2  **CASE NAME:  Optovue Corporation v. Carl Zeiss Meditec, et al.**
   **COURT:      United States District Court – Northern District of Calif.**
3  **CASE NO.:   C07-03010 CW**
   **NP FILE:    033750-9**

4

5        I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center. 18th Floor 2700, San Francisco, California 94111. On November 13, 2007, I served the following document(s):

6

7        **Defendant Carl Zeiss Meditec, Inc.'s Response to Optovue Corporation's First Set of Requests for Production of Documents**

8

9  on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

10  **X** :     By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

11

12

13      ___:     By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

14

15      ___:     By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

16

17      ___:     By Facsimile — From facsimile number 415-984-8300 at approximately 3:42 PM, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

18

19

20        Addressee(s) – **See Attached Service List Of Attorneys Of Record**

        I declare under penalty of perjury that the foregoing is true and correct.  Executed on
21  November 13, 2007, at San Francisco, California.

22

23                                                      _____
24                                                              John Zie
25

26

27

28

10804260.1

**Luo Decl. Ex. E**

Service List of Attorneys of Record
Optovue Corporation v. Carl Zeiss Meditec, et al.
USDC N. Dist. Ca. Case No. C 07 03010 CW

| Diana Luo<br>Larry Scott Oliver<br>James Pooley<br>Morrison & Foerster LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304-1016 | Attorneys for Optovue Corporation<br><br>Telephone: 650-813-5600<br>Fax: 650-494-0792 |
|---|---|

10804260.1

**Luo Decl. Ex. E**