

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Gregg A. Rubenstein
Direct Dial: (617) 345-6184
E-Mail: grubenstein@nixonpeabody.com

March 28, 2008

**VIA U.S. MAIL AND E-MAIL: KNolanStevaux@mofo.com**

Katherine Nolan-Stevaux, Esq.
Morrison Foerster
755 Page Mill Road
Palo Alto, CA 94304-5600

      RE:    Optovue Corporation v. Carl Zeiss Meditec, Inc.
               United States District Court, N.D. Cal. C.A. No. 07-03010 CW

Dear Katherine:

      I write in response to your correspondence dated March 26, 2008 and address the four issues you raise in turn.

      With respect to your contention that the production of 300,000 lines of source code is inappropriate, we disagree. Carl Zeiss Meditec, Inc.'s ("CZMI's") position is that the entirety of its source code is a trade secret. It appears that Optovue takes the same position with respect to its entire source code based on Optovue's designation of that source code as Attorneys Eyes Only material. Whether or not Optovue chooses to "sift through" the material CZMI has designated is entirely Optovue's choice. CZMI will, in due course, identify which portions of its trade secrets CZMI contends that Optovue has misappropriated. As I indicated in my March 26, 2008 correspondence to Kim, however, our experts have already made a preliminary determination that significant portions of CZMI's source code has been misappropriated. Although our analysis is not yet complete, we are amenable to providing you, as a showing of our good faith, with a preliminary designation of source code identified to date that we believe has been misappropriated subject to our expectation that we will designate additional misappropriated source code as on our investigation continues. We will endeavor to provide you the preliminary designation by next Monday or Tuesday.

      As to your contentions that CZMI may be "impermissibly" attempting to expand the scope of its claim and that CZMI's trade secret disclosure is "so vague," we could not disagree more strongly. The allegations in the Counterclaim provide more than adequate notice that CZMI contends Zhao and Optovue misappropriated CZMI's trade secret source code. See e.g., Counterclaim ¶¶ 44, 66, 86 and 109. Moreover, Kim and I have had several discussions concerning the identification of CZMI's claimed trade secrets. Those discussions ultimately resulted in my March 10, 2008 correspondence detailing the trade secrets that CZMI believes are at issue. In the two weeks since receiving that correspondence there has been no suggestion that CZMI's identification of trade secrets was in any way inadequate and we reject that assertion now.

Katherine Nolan-Stevaux, Esq.
March 28, 2008
Page 2

      You also contend that you are entitled to the lab notebooks of Messrs. Wei and Zhao in their entirety. Presumably this contention is based on Optovue's document requests numbered 10 and 11, seeking "[a]ll lab notebooks, notes, emails, engineering reports, memos, research reports, research proposals, product proposals, product reports, technical articles, presentations, and other correspondence prepared or authored or received" by Wei and Zhao while employed by CZMI. CZMI objected to these requests on the grounds that they are overbroad, burdensome, and oppressive. The subject lab notebooks contain a significant amount of CZMI trade secret information that has absolutely no relevance to this action. That said, subject to our client's approval we are willing to provide five pages of the notebook on either side of the pages that have already been produced in order to provide you with some "context."

      Next, we will produce the emails bearing Bates Nos. CZMI 0000015-19 in their native format. We expect to provide these to you early next week.

      We do not believe any of the above issues should delay the deposition of Mr. Wei currently set for next week. Your major concern seems to be that you will not have a full understanding of CZMI's claims as to the source code prior to the depositions. However, based on our current understanding of Mr. Wei's roles at CZMI and Optovue, we do not intend to question Mr. Wei in detail regarding the source code at this time. Rather, the specifics of the source code will be reserved for Mr. Zhao's deposition, which is not yet scheduled. Accordingly, we are amendable to pushing Mr. Zhao's deposition out until our investigation is complete and can provide further discovery relating to CZMI's claims. Mr. Wei's deposition, however, should proceed as scheduled.

      Finally, as the parties recognized in their Joint Case Management Plan, certain depositions may require longer than seven hours. We believe that Messrs. Wei and Zhao's depositions fall into this category. I therefore renew our request for your agreement in advance to permit the continuation of their depositions after the mediation should the case not settle. Please let me know your position on this at your earliest convenience.

      Thank you for your attention to these matters.

Very truly yours,

Gregg A. Rubenstein /GES

cc:   Bruce Copeland, Esq.
      Don Bartels, Esq.
      Greg Schopf, Esq.
      Matthew Frankel, Esq.
      Erin Adrian, Esq.