**MORRISON | FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

Writer's Direct Contact
650.813.5822
KNolanStevaux@mofo.com

July 21, 2008

*Via E-mail*

Erin M. Adrian, Esq.
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600

      Re:    *Optovue v. Carl Zeiss Meditec*

Dear Erin,

This letter responds to your June 11th letter and the enclosure letter accompanying CZM's discovery requests and responses, which we received on Friday, July 18th.

Your July 18th letter is puzzling in that you refer to extensions of time for written discovery in light of the ongoing mediation process, yet you also appear to blame Optovue for needing to extend certain depositions because documents have not been produced and because we have not responded to your June 11th letter relating to those documents. We can only conclude from this that you are not aware of the parties' agreement to stay *all* discovery during the mediation process, with the exception of the limited discovery pertaining to Dr. Zhao's source code on his home computer and related CZM and U.C. Irvine code, which was part of this process. Because the parties have now agreed (at Optovue's suggestion) that, notwithstanding ongoing settlement discussions, it is prudent to move forward with discovery, both parties are only now serving outstanding discovery responses and related documents in addition to considering any discovery issues that were pending when we agreed to this stay, including scheduling any necessary depositions. As we start up this process again, it would be helpful to set aside unnecessary and self-serving comments so that we can be as productive as possible given the limited amount of time that remains for fact discovery. We turn now to the specific points raised in your two letters.

MORRISON | FOERSTER

### Depositions

Having only just served our responses this past Friday per the above arrangement, of course, we will not require depositions to move forward this week. Optovue will re-notice its depositions and we expect that CZM will do the same. We will look into whether August 26th works for the corporate deposition of Optovue and will be serving an amended deposition notice for CZM's deposition this week.

### Wei and Zhao Files

We have asked for Dr. Zhao's and Mr. Wei's personnel files as part of discovery and they should be produced on an attorneys' eyes only basis.

### June 11th Letter

Optovue confirms that its production is being made on a rolling basis. Although we are still in the process of searching for documents, at this point in time, we believe that Optovue does not have any additional documents in its possession, custody, or control that are responsive to CZM's Requests for Production No. 3-4, 6, 9-10.

Optovue has already produced documents in response to Requests No. 11-13 and those have been in CZM's possession for several months. If we discover any more documents that are responsive to these requests, we will, of course, produce them.

Optovue will continue to supplement its discovery responses as its investigation proceeds, including updating any interrogatory responses, as necessary. We understand from your July 18th letter that CZM will do the same.

### CZM's Outstanding Discovery

In its responses to Optovue's written discovery, which were served on Friday, July 18th, CZM requested a "meet and confer" as to every request. This appears to be an effort to delay production, given that the requests are, on their face, narrowly tailored to particular documents. Nevertheless, we are available to discuss these requests on Wednesday, July 23rd at 2 pm.

Also, Optovue has repeatedly asked to view the full laboratory notebooks from which CZM produced excerpts at Bates numbers CZMI 1-14. As CZM's document production currently stands, Optovue cannot determine the relationship between any of the projects included in the pages produced to date. We assume that CZM did not provide this information because of the discovery stay and that the documents will be forthcoming. If this is not the case, please let us know immediately so that we can seek the court's assistance. Similarly, to the extent CZM is refusing to produce all versions of its current commercial code since 2001 (Request for Production No. 30) which we have indicated is critical throughout this case and during the mediation, please let us know this as well.

pa-1270927

Luo Decl. Ex. G

**MORRISON | FOERSTER**

Please let me know if Wednesday at 2 pm will work for the meet and confer.

Very truly yours,

[signature]

Katherine Nolan-Stevaux

pa-1270927

Luo Decl. Ex. G