

NIXON PEABODY LLP
ATTORNEYS AT LAW

One Embarcadero Center
18th Floor
San Francisco, California 94111-3600
(415) 984-8200
Fax: (415) 984-8300

Erin M. Adrian
Direct Dial: (415) 984-8231
E-Mail: eadrian@nixonpeabody.com

July 22, 2008

**VIA EMAIL**

Katherine Nolan-Stevaux
Morrison Forester
755 Page Mill Road
Palo Alto, CA 94304-1018

   Re: *Optovue v. Carl Zeiss Meditec*
     United States District Court, N.D. Cal., CA, No. 07-03010 CW

Dear Ms. Nolan-Stevaux:

   We are in receipt of your letter dated July 21, 2008, as well as responses to written discovery from Optovue, Jay Wei, and Yonghua Zhao, served on July 18, 2008. This letter will serve to respond to you July 21 letter, as well as meet and confer regarding the written responses to discovery served by Optovue, Mr. Wei, and Dr. Zhao on July 18.

   As an initial matter, you are incorrect in your assertion that the parties have an "agreement to stay *all* discovery during the mediation process." Although CZMI suggested such a stay, Optovue rejected the idea in no uncertain terms. The only agreement in place relating to discovery was an agreement that CZMI's responses to outstanding written discovery would not be due until July 11, 2008. This agreement was subsequently modified to extend this deadline to July 18, with a reciprocal agreement that discovery due from Optovue, Wei, and Zhao on July 11 would also be due July 18. Indeed, Optovue pressed forward with respect to obtaining electronic data from CZMI. It is simply unreasonable to declare a stay of *all* discovery – except Optovue's discovery. Optovue cannot unilaterally dictate the manner in which discovery is conducted (for example, "we will not require depositions to move forward this week.").

   Responses to the discovery addressed in the June 11 and June 18 letters had been served in late 2007, and were the subject of a meet and confer letter on February 15, 2008, in addition to the more recent letters. This was long before any alleged stay of discovery could have been entered into, and CZMI expected responses long ago. In any event, your letter clarifies that at

Luo Decl. Ex. H

Katherine Nolan-Stevaux
July 22, 2008
Page 2

this time Optovue has no documents in its possession, custody, or control relating to Requests for Production 3-4, 6, and 9-10, and that Optovue has, to its knowledge, produced all documents in its possession, custody, or control relating to Requests 11-13. We still await a response with respect to Requests for Production 16-17.

We address the other issues discussed in your letter as follows:

- CZMI will produce Mr. Wei's and Dr. Zhao's employment files on an attorney's eyes only basis;

- CZMI does not intend to produce full copies of the lab notebooks from which excepts have been produced; and

- CZMI does not intend to produce all versions of its commercial source code since 2001, as this code is not relevant.

Finally, with respect to your request to meet and confer regarding CZMI's discovery responses on Wednesday, July 23, 2008, at 2:00 p.m., I am available to meet and confer regarding CZMI's responses, or any of the above, at that time, provided we include the responses of Optovue, Jay Wei, and Yonghua Zhao in the discussion as well. We address certain deficiencies in counterdefendants' respective discovery responses below, but we are still reviewing the responses, and reserve the right to raise additional issues that may be discovered.

## A.     <u>Optovue's Responses</u>

### 1.     <u>Second Set of Interrogatories</u>

To Interrogatory No. 10, which asks Optovue to identify the number of RTVue machines sold in each country in which Optovue has sold such machines, Optovue responds that it will produce documents from which that information can be derived. Please advise as to when Optovue will be producing such documents.

### 2.     <u>Third Request for Production</u>

To a number of the requests in the Third Set of Requests for Production, including 28, 33, 39, 40, and 41, Optovue responds that it will produce relevant, non-privileged documents to the extent any such documents exist. Please advise as to when Optovue will be producing such responsive documents. If no such documents exist in Optovue's possession, custody, or control, please advise as to when Optovue will confirm that no such documents exist in its possession, custody, or control.

**Luo Decl. Ex. H**

Katherine Nolan-Stevaux
July 22, 2008
Page 3

To Requests for Production 29, 30, 31, and 32, which seek documents supporting the contentions alleged in Optovue's complaint, Optovue responds that responsive documents should be in CZMI's possession, and should have been produced by CZMI. This is not responsive. The requests seek documents in Optovue's possession, custody, and control relating to its contentions. Optovue further states that it will produce relevant and non-privileged responsive documents. Please advise as to when Optovue will produce these documents. If no such documents exist in Optovue's possession, custody, or control, please advise as to when Optovue will confirm that no such documents exist in its possession, custody, or control.

Requests for Production 34 and 36 seek Optovue's annual report for the years 2006 and 2007, respectively. Optovue asserts that it is not presently able to respond but will meet and confer in good faith to clarify the scope of the request. This request is very straightforward. As I am sure you are aware, an annual report is a document a company presents to its shareholders containing financial statements and other details of use to investors to understand the company's financial position and future direction. The scope is clear; this request requires that a single report be produced in response. Accordingly, please provide a proper response or explain what you find unclear about the scope of this request and why Optovue is "presently unable to respond."

Similarly, Requests for Production 35 and 37 seek financial statements for the years 2006 and 2007, respectively. Financial statements are universally understood as balance sheets, cash flow statements, income statements, and retained earning statements. This is a very specific set of documents, and there should be no issue as to the scope of this request. Accordingly, please provide a proper response or explain what you find unclear about the scope of this request and why Optovue is "presently unable to respond."

Request for Production 43 seeks materials used to obtain funding for Optovue, and Optovue declines to produce any such documents. These documents are relevant to determining whether information developed at CZMI was misappropriated and used for the benefit of Optovue. How Optovue represented the state of its technology, or the anticipated time to complete development of the technology, to potential investors is highly probative. Representations that the development of Optovue's technology was significantly progressed, or that the developers anticipated it would only be a short time to completion, certainly suggest that the development of Optovue's technology began at CZMI, rather than commencing with the formation of Optovue. Accordingly, please provide an amended or supplemental response to Request for Production 43.

3.    **Fourth Request for Production**

To Requests for Production 44 and 45, which seek computers, hard drives, or other data storage media that contain source code created prior to the inception of Optovue or created by

**Luo Decl. Ex. H**

Katherine Nolan-Stevaux
July 22, 2008
Page 4

Zhao at UCI, Optovue responds that it will meet and confer in good faith to narrow the scope. We intend to address this in your proposed meet and confer phone call tomorrow.

Request for Production 46 seeks documents supporting Optovue's contention that certain source code was in fact created by Dr. Zhao at UCI. Optovue states that it will conduct a reasonable search and produce such documents in its possession, custody, or control. Please advise as to when Optovue will be producing responsive documents. If no such documents exist in Optovue's possession, custody, or control, please advise as to when Optovue will confirm that no such documents exist in its possession, custody, or control.

Requests for Production 47 and 48 seek documents that identify computers, machines, devices, or products sold by Optovue, that contain source code which has been identified by CZMI as a trade secret. Optovue limits its responses to the code contained in pages Bates labeled CZMI 294-313, 316-41. The correspondence between counsel amply demonstrates that the code contained in these pages is not the only source code CZMI contends is its trade secret. In addition, CZMI reserves the right to designate any additional trade secret source code it has yet to designate.

## B.    Yonghua Zhao's Responses

### 1.    First Set of Interrogatories

Interrogatory No. 1 requests that Zhao identify any person he consulted or who constituted a source of information in answering the interrogatories. Zhao declines to answer on the ground that he cannot respond without revealing attorney-client communications. While the content of an attorney-client communication is certainly privileged and not subject to discovery, the fact that such communication existed is not. Thus, if Zhao consulted with his attorneys, he can and should so respond. In addition, no such privilege exists to the extent he discussed with third parties as either counsel was not present or, even if counsel were present, the presence of a third party breaks the privilege. Accordingly, please provide a proper response to Interrogatory No. 1.

Interrogatory Nos. 2 and 3 ask with whom Dr. Zhao worked at UCI and when. His response indicates he worked "at least" with the people identified. Similarly, Interrogatory Nos. 4 and 5 ask what projects Dr. Zhao worked on at UCI and when. Again, his response indicates he worked on "at least" the projects identified. Please describe the limitations used to determine which individuals and projects would be identified and which would not. For example, if Dr. Zhao has limited his response to employees of a certain rank and excluded, say, student interns who may have worked in the lab, this information is relevant. Similarly, CZMI is entitled to know if Dr. Zhao does not recall any further individuals or projects, and to the extent that is the case, CZMI requests that Dr. Zhao supplement his response if and when he recalls any further individuals or projects. Such information is necessary to determine whether Dr. Zhao's

Luo Decl. Ex. H

NIXON PEABODY LLP

Katherine Nolan-Stevaux
July 22, 2008
Page 5

responses are complete and proper.  As such, please provide an amended or supplemental response.

## C.    Jay Wei's Responses

### 1.    Second Request for Production of Documents

To Requests for Production 24 (mis-numbered in Wei's response as 28), 25 (mis-numbered in Wei's response as 29), 28, 29, 30, and 31, Wei responds that he will conduct a reasonable search and produce any existing responsive and non-privileged documents, or that he has already produced responsive documents and that he will continue to produce documents as they are discovered.  Please advise as to when Mr. Wei will be producing additional documents.  To the extent no responsive documents are found in Mr. Wei's possession, custody, or control, please so advise us.

To the remaining requests, Wei declines to produce any responsive documents.  Requests for Production 26, 27, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 seek documents relating to the conception and development of certain patents during Mr. Wei's employment at CZMI, between his employment at CZMI and his employment at Optovue, and during his employment at Optovue.  These documents are highly relevant to determining whether information developed at CZMI was used to obtain these patents.  Accordingly, please provide an amended or supplemental response.

Request for Production 48 seek materials used to obtain funding for Optovue, and Mr. Wei declines to produce any such documents.  Again, these documents are relevant to determining whether information developed at CZMI and used it for the benefit of Optovue, as further discussed above with respect to Request for Production 43 to Optovue.  Accordingly, please provide an amended or supplemental response to Request for Production 48.

### 2.    Third Request for Production of Documents

To Requests for Production 48 and 49, Mr. Wei responds that he will conduct a reasonable search and produce any existing relevant and non-privileged documents.  Please advise as to when responsive documents will be produced.  Please also advise if no responsive documents are found in Mr. Wei's possession, custody, or control.

To Requests for Production 50, 51, 52, and 53, which request documents relating to preparation and prosecution of patent applications, Mr. Wei has declined to produce any documents.  Mr. Wei's objections are without merit.  The requests are narrowly tailored to documents relating to specific patents.  Moreover, the documents sought are highly relevant in that they will demonstrate whether information developed at CZMI was used to obtain these patents.  Accordingly, please provide an amended or supplemental response to each of these

**Luo Decl. Ex. H**

Katherine Nolan-Stevaux
July 22, 2008
Page 6

requests.  To the extent any such documents are withheld based on privilege, please provide a
privilege log.

**D.      Conclusion**

       We anticipate that we will be able to resolve these discovery issues informally, and I look
forward to speaking with you tomorrow at 2:00 in furtherance of this goal.  Thank you for your
courtesy in this matter.

                              Very truly yours,
                              NIXON PEABODY LLP


                              Erin M. Adrian

Luo Decl. Ex. H