1  DONALD L. BARTELS, State Bar No. 065142
   dbartels@nixonpeabody.com
2  BRUCE E. COPELAND, State Bar No. 124888
   bcopeland@nixonpeabody.com
3  GREGORY E. SCHOPF, State Bar No. 122862
   gschopf@nixonpeabody.com
4  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
5  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
6  Fax: (415) 984-8300

7  Attorneys for Defendant
   CARL ZEISS MEDITEC, INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                   OAKLAND DIVISION

12

13  OPTOVUE CORPORATION,                    Case No. C 07-03010 CW

14                      Plaintiff,          **DEFENDANT CARL ZEISS MEDITEC,
                                            INC.'S RESPONSE TO PLAINTIFF**
15      vs.                                 **OPTOVUE CORPORATION'S SECOND
                                            SET OF REQUESTS FOR PRODUCTION**
16  CARL ZEISS MEDITEC, INC.,

17                      Defendant.

18  _____

19  AND RELATED CROSS-ACTION.

20  PROPOUNDING PARTY    Plaintiff, OPTOVUE CORPORATION

21  RESPONDING PARTY     Defendant, CARL ZEISS MEDITEC, INC.

22  SET NO.:             TWO (2)

23      Defendant, Carl Zeiss Meditec, Inc. ("CZMI" or "Responding Party") hereby responds to

24  Plaintiff Optovue Corporation's ("Optovue") Requests for Production, Set Two (2) as follows:

25                      **PRELIMINARY STATEMENT**

26      These responses represent Responding Party's diligent and best efforts to respond to

27  Defendant's Second Set of Requests for Production of Documents based upon information known to

28

---

1  date. Further responsive information may exist that is not within Responding Party's present

2  knowledge or reasonably available to Responding Party. Accordingly, these responses are based

3  upon facts and information now known to Responding Party and do not constitute an admission or

4  representation that additional facts, documents or witnesses with knowledge relevant to the subject

5  matter of this discovery do not exist. As this litigation proceeds, Responding Party anticipates that it

6  may discover or identify other facts, documents, and witnesses. Without in any way obligating itself

7  to do so, Responding Party reserves the right to alter, supplement, amend or otherwise modify these

8  responses in any way and at any time.

9       Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

10  Responding Party does not waive any claims or potential claims in this litigation.

11  ## **GENERAL OBJECTIONS**

12       Responding Party objects to each and every Request for Production of Documents for the

13  reasons set forth herein, and each of the following objections is incorporated into the response to each

14  such Request for Production of Documents as if fully set forth therein.

15       1.    Responding Party objects to each and every Request for Production of Documents to

16  the extent that it exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.

17       2.    Responding Party objects to each and every Request for Production of Documents to

18  the extent that it seeks trade secret, confidential or otherwise protectable information prior to the

19  entry of an appropriate protective order pursuant to Fed. R. Civ. P. 26.

20       3.    Responding Party objects to each and every Request for Production of Documents to

21  the extent that it seeks information or documents that are neither relevant nor reasonably calculated to

22  lead to the discovery of admissible evidence per Rule 26 of the Federal Rules of Civil Procedure.

23       4.    Responding Party objects to each and every Request for Production of Documents to

24  the extent that it seeks information or documents that are not in Responding Party's possession,

25  custody or control.

26

27

28

-2-

1    5.    Responding Party objects to each and every Request for Production of Documents to

2    the extent that it seeks information or documents protected from discovery by the attorney-client

3    privilege and/or the work product doctrine.

4    6.    Responding Party objects to each and every Request for Production of Documents to

5    the extent that it seeks information or documents that are equally available to the Requesting Party.

6    7.    Responding Party objects to each and every Request for Production of Documents to

7    the extent that it is overly vague, unduly broad and unnecessarily burdensome.

8    8.    Responding Party expressly reserves all objections regarding the competency,

9    relevance, materiality, probative value and admissibility of all information, and all objections as to

10   vagueness, ambiguity, unintelligibility, and overbreadth.  Nothing herein shall be construed as an

11   admission by Responding Party regarding the admissibility or relevance of any fact or document, or

12   of the truth or accuracy of any characterization contained in Requesting Party's discovery requests.

13   **RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

14   **DOCUMENT REQUEST NO. 30:**

15   All computer source code, in electronic form, referring or relating to CZM's commercially

16   released OCT products since 2001, including complete records of any revisions to that source code

17   from 2001 to the present.

18   **RESPONSE TO REQUEST NO. 30:**

19   Responding Party hereby incorporates the Preliminary Statement and General Objections as

20   though fully set forth herein.  Responding Party objects on the ground that this request is overly

21   broad, unduly burdensome, and oppressive.  Responding Party further objects on the ground that this

22   request seeks information that is not relevant or reasonably calculated to lead to the discovery of

23   admissible evidence.  Responding Party further objects on to the extent this request seeks documents

24   protected by the attorney-client privilege and/or attorney work product doctrine.  Responding Party

25   further objects on to the extent this request seeks confidential, proprietary information protected from

26   disclosure.  Responding Party further objects on the ground that discovery and investigation are

27   continuing.

28

-3-

DEF CZM'S RESPONSE TO PLTF OPTOVUE'S SECOND
SET OF REQUESTS FOR PRODUCTION
CASE NO. C07-03010 CW

11077969.1

**Luo Decl. Ex. N**

1     Subject to, and without waiving, the foregoing objections, responding party will, subject to

2  the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

3  materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

4  limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

5  documents. Responding party agrees to meet and confer with requesting party to attempt to reach

6  agreement on an appropriate scope for this request.

7  **DOCUMENT REQUEST NO. 31:**

8     All documents referring to or reflecting Dr. Younghua (sic) Zhao's access to any computer

9  source code commercially released with a CZM OCT product.

10  **RESPONSE TO REQUEST NO. 31:**

11     Responding Party hereby incorporates the Preliminary Statement and General Objections as

12  though fully set forth herein. Responding Party objects on the ground that this request is overly

13  broad, unduly burdensome, and oppressive. Responding Party further objects on the ground that this

14  request seeks information that is not relevant or reasonably calculated to lead to the discovery of

15  admissible evidence. Responding Party further objects on to the extent this request seeks documents

16  protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party

17  further objects on to the extent this request seeks confidential, proprietary information protected from

18  disclosure. Responding Party further objects on the ground that discovery and investigation are

19  continuing.

20     Subject to, and without waiving, the foregoing objections, responding party will, subject to

21  the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

22  materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

23  limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

24  documents. Responding party agrees to meet and confer with requesting party to attempt to reach

25  agreement on an appropriate scope for this request.

26  ///

27  ///

28

-4-

**DOCUMENT REQUEST NO. 32:**

Documents sufficient to identify which persons within CZM had access to any computer source code for commercial release with a CZM OCT product.

**RESPONSE TO REQUEST NO. 32:**

Responding Party hereby incorporates the Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects on the ground that this request is overly broad, unduly burdensome, and oppressive. Responding Party further objects on the ground that this request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on to the extent this request seeks documents protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects on to the extent this request seeks confidential, proprietary information protected from disclosure. Responding Party further objects on the ground that discovery and investigation are continuing.

Subject to, and without waiving, the foregoing objections, responding party will, subject to the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary documents. Responding party agrees to meet and confer with requesting party to attempt to reach agreement on an appropriate scope for this request.

**DOCUMENT REQUEST NO. 33:**

All documents referring to or reflecting CZM's efforts, if any, to maintain the secrecy of its computer source code for commercial release of any CZM OCT product.

**RESPONSE TO REQUEST NO. 33:**

Responding Party hereby incorporates the Preliminary Statement and General Objections as though fully set forth herein. Responding Party objects on the ground that this request is overly broad, unduly burdensome, and oppressive. Responding Party further objects on the ground that this request seeks information that is not relevant or reasonably calculated to lead to the discovery of

-5-

1   admissible evidence. Responding Party further objects on to the extent this request seeks documents

2   protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party

3   further objects on to the extent this request seeks confidential, proprietary information protected from

4   disclosure. Responding Party further objects on the ground that discovery and investigation are

5   continuing.

6       Subject to, and without waiving, the foregoing objections, responding party will, subject to

7   the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

8   materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

9   limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

10  documents. Responding party agrees to meet and confer with requesting party to attempt to reach

11  agreement on an appropriate scope for this request.

12  **DOCUMENT REQUEST NO. 34:**

13      All documents referring or relating to any computer source code repository containing CZM

14  commercial source code for OCT products.

15  **RESPONSE TO REQUEST NO. 34:**

16      Responding Party hereby incorporates the Preliminary Statement and General Objections as

17  though fully set forth herein. Responding Party objects on the ground that this request is overly

18  broad, unduly burdensome, and oppressive. Responding Party further objects on the ground that this

19  request seeks information that is not relevant or reasonably calculated to lead to the discovery of

20  admissible evidence. Responding Party further objects on to the extent this request seeks documents

21  protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party

22  further objects on to the extent this request seeks confidential, proprietary information protected from

23  disclosure. Responding Party further objects on the ground that discovery and investigation are

24  continuing.

25      Subject to, and without waiving, the foregoing objections, responding party will, subject to

26  the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

27  materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

28

-6-

1    limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

2    documents. Responding party agrees to meet and confer with requesting party to attempt to reach

3    agreement on an appropriate scope for this request.

4    **DOCUMENT REQUEST NO. 35:**

5        Documents sufficient to identify which persons within CZM had access to any computer

6    source code repository containing CZM commercial computer source code for OCT products.

7    **RESPONSE TO REQUEST NO. 35:**

8        Responding Party hereby incorporates the Preliminary Statement and General Objections as

9    though fully set forth herein. Responding Party objects on the ground that this request is overly

10    broad, unduly burdensome, and oppressive. Responding Party further objects on the ground that this

11    request seeks information that is not relevant or reasonably calculated to lead to the discovery of

12    admissible evidence. Responding Party further objects on to the extent this request seeks documents

13    protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party

14    further objects on to the extent this request seeks confidential, proprietary information protected from

15    disclosure. Responding Party further objects on the ground that discovery and investigation are

16    continuing.

17        Subject to, and without waiving, the foregoing objections, responding party will, subject to

18    the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

19    materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

20    limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

21    documents. Responding party agrees to meet and confer with requesting party to attempt to reach

22    agreement on an appropriate scope for this request.

23    **DOCUMENT REQUEST NO. 36:**

24        All documents referring to or reflecting CZM's efforts to maintain the secrecy of information

25    contained in its source code repository, including any efforts to restrict access to that repository.

26    ///

27    ///

28

-7-

1  **RESPONSE TO REQUEST NO. 36:**

2       Responding Party hereby incorporates the Preliminary Statement and General Objections as

3  though fully set forth herein.  Responding Party objects on the ground that this request is overly

4  broad, unduly burdensome, and oppressive.  Responding Party further objects on the ground that this

5  request seeks information that is not relevant or reasonably calculated to lead to the discovery of

6  admissible evidence.  Responding Party further objects on to the extent this request seeks documents

7  protected by the attorney-client privilege and/or attorney work product doctrine.  Responding Party

8  further objects on to the extent this request seeks confidential, proprietary information protected from

9  disclosure.  Responding Party further objects on the ground that discovery and investigation are

10  continuing.

11       Subject to, and without waiving, the foregoing objections, responding party will, subject to

12  the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

13  materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

14  limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

15  documents.  Responding party agrees to meet and confer with requesting party to attempt to reach

16  agreement on an appropriate scope for this request.

17  **DOCUMENT REQUEST NO. 37:**

18       All documents referring to or comprising the employee personnel file for Matt Everett.

19  **RESPONSE TO REQUEST NO. 37:**

20       Responding Party hereby incorporates the Preliminary Statement and General Objections as

21  though fully set forth herein.  Responding Party objects on the ground that this request is overly

22  broad, unduly burdensome, and oppressive.  Responding Party further objects on the ground that this

23  request seeks information that is not relevant or reasonably calculated to lead to the discovery of

24  admissible evidence.  Responding Party further objects on to the extent this request seeks documents

25  protected by the attorney-client privilege and/or attorney work product doctrine.  Responding Party

26  further objects on to the extent this request seeks confidential, proprietary information protected from

27  disclosure.  Responding Party further objects on the ground that discovery and investigation are

28       -8-

1  continuing.  Responding Party further objects that this request seeks to infringe on the privacy rights

2  of individuals not a party to this litigation.

3      Subject to, and without waiving, the foregoing objections, responding party will, subject to

4  the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

5  materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

6  limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

7  documents.  Responding party agrees to meet and confer with requesting party to attempt to reach

8  agreement on an appropriate scope for this request.

9  **DOCUMENT REQUEST NO. 38:**

10     All documents referring to or comprising the employee personnel file for Scott Meyer.

11 **RESPONSE TO REQUEST NO. 38:**

12     Responding Party hereby incorporates the Preliminary Statement and General Objections as

13 though fully set forth herein.  Responding Party objects on the ground that this request is overly

14 broad, unduly burdensome, and oppressive.  Responding Party further objects on the ground that this

15 request seeks information that is not relevant or reasonably calculated to lead to the discovery of

16 admissible evidence.  Responding Party further objects on to the extent this request seeks documents

17 protected by the attorney-client privilege and/or attorney work product doctrine.  Responding Party

18 further objects on to the extent this request seeks confidential, proprietary information protected from

19 disclosure.  Responding Party further objects on the ground that discovery and investigation are

20 continuing.  Responding Party further objects that this request seeks to infringe on the privacy rights

21 of individuals not a party to this litigation.

22     Subject to, and without waiving, the foregoing objections, responding party will, subject to

23 the stipulated protective order, produce non-privileged, non-protected, non-proprietary responsive

24 materials, if any, in its possession, custody, or control, if this request is appropriately narrowed to

25 limit any unreasonable burden and tailored to seek only relevant and non-protected, non-proprietary

26 documents.  Responding party agrees to meet and confer with requesting party to attempt to reach

27 agreement on an appropriate scope for this request.

28

-9-

1

2   DATED:        7/18/08                           Respectfully submitted,

3                                                   NIXON PEABODY LLP

4

5                                                   By: _____

6                                                       DONALD L. BARTELS
                                                        BRUCE E. COPELAND
7                                                       GREGORY E. SCHOPF
                                                        Attorneys for Defendant
8                                                       CARL ZEISS MEDITEC, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            -10-