## Luo, Diana

| | |
|---|---|
| **From:** | Adrian, Erin [eadrian@nixonpeabody.com] |
| **Sent:** | Thursday, July 31, 2008 1:03 PM |
| **To:** | Nolan-Stevaux, Katherine |
| **Cc:** | MPetersen@fbm.com; Luo, Diana; Van Voorhis, Kimberly N.; Schopf, Gregory; Bartels, Donald; Rubenstein, Gregg; Copeland, Bruce |
| **Subject:** | RE: Optovue v. CZMI: Discovery Issues |

Katie,

As I mentioned in my prior response, my email earlier today was in error with respect to the stipulation. We are still discussing with our client and will advise you on our position as soon as possible.

With respect to your position that you plan to move to compel, I want to reiterate that we are in complete disagreement that a motion to compel is necessary at this time. The mediator is willing to be, and should be, involved in this process. Given the mediator's current involvement in the case, I imagine the court would expect us to utilize this resource as part of a good faith meet and confer effort before resorting to court intervention. The mediator has been involved on an almost daily basis in this case, and so we expect that he would be very responsive if we brought this discovery issue to him. Further, Optovue's insistence on pushing forward with a motion to compel absent any discussion with the mediator certainly suggests that Optovue is not proceeding with the mediation in good faith, despite your assertions to the contrary.

I note that you have not responded to my efforts to determine when Optovue will produce documents relating to the development of its source code, including but not limited to emails, logs, and the like. As I have previously informed you, these documents are necessary in order to conduct depositions which were noticed long ago. Moreover, these requests were made in February, and Optovue has had more than ample time to gather these documents. Your assertion that Optovue is still searching, that it will produce documents as they are found, and that it will advise of what categories of documents it does not have when the search is complete, is simply unacceptable in light of the fact that the time left for discovery is short, as you have pointed out. Accordingly, we must insist that you produce these crucial documents in the production you have promised this week.

Finally, you have not responded as to documents relating to materials used to obtain funding for Optovue. These documents are highly relevant, and also critical to continuing discovery and depositions.

Again, we do not believe motions to compel are appropriate or necessary at this time, and are more than willing to discuss resolution of these discovery issues with the mediator. However, if you insist on going forward with your motion to compel immediately, we will have to move forward with a motion to compel on issues related to Optovue's production as well. To that end, if you do file a motion to compel today, we request that you coordinate with us so that we will be able to obtain a joint hearing date for both motions to compel.

Thanks,
Erin

## Erin M. Adrian
**Associate**



NIXON PEABODY LLP
ATTORNEYS AT LAW

One Embarcadero Center
18th Floor
San Francisco, CA 94111-3600
P (415) 984-8231
F (866) 451-0186

Luo Decl. Ex. P

7/31/2008

eadrian@nixonpeabody.com
www.nixonpeabody.com



The preceding e-mail message contains information that is confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you believe that you are not an intended recipient of this message, please notify the sender at (415) 984-8231. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

---

**From:** Nolan-Stevaux, Katherine [mailto:KNolanStevaux@mofo.com]
**Sent:** Thursday, July 31, 2008 9:24 AM
**To:** Adrian, Erin
**Cc:** MPetersen@fbm.com; Van Voorhis, Kimberly N.; Schopf, Gregory; Bartels, Donald; Rubenstein, Gregg; Copeland, Bruce
**Subject:** RE: Optovue v. CZMI: Discovery Issues

Erin,

Will you also stipulate that CZM's commercial code was not derived from any of the code written by Dr. Zhao? If CZM is willing to make this stipulation, then Optovue will not move to compel production of CZM's commercial source code. If you are not willing to make this stipulation, then we will move to compel the commercial source code to determine the extent to which (if at all), Dr. Zhao's code influenced the commercial code.

Please let us know whether CZM is willing to make this stipulation as we asked yesterday. We look forward to hearing from you shortly.

Katie


**Katherine Nolan-Stevaux**
**MORRISON ¦ FOERSTER**
755 Page Mill Road ¦ Palo Alto, California 94304
T: 650-813-5822 ¦ F: 650-494-0792
knolanstevaux@mofo.com ¦ www.mofo.com

---

**From:** Adrian, Erin [mailto:eadrian@nixonpeabody.com]
**Sent:** Thursday, July 31, 2008 9:11 AM
**To:** Nolan-Stevaux, Katherine
**Cc:** MPetersen@fbm.com; Van Voorhis, Kimberly N.; Schopf, Gregory; Bartels, Donald; Rubenstein, Gregg; Copeland, Bruce
**Subject:** RE: Optovue v. CZMI: Discovery Issues

Katie,

We will agree to stipulate that CZMI's commercial source code does not contain code written by Dr. Zhao.

We are disappointed that Optovue is refusing take advantage of the resources available to us, specifically the mediator, to try and resolve these issues informally. We strongly believe that an informal resolution of these

discovery issues would be more efficient and less costly for each of our respective clients, and will also preserve the court's resources.  Given Mr. Petersen's level of involvement in the case at this point, and his willingness to help us deal with discovery issues, it seems more than appropriate that the parties make an effort to see if he can assist us in reaching an agreement before resorting to court intervention.

Please advise if Optovue still intends to file its motion to compel regarding the lab notebooks today.

Thanks,
Erin

**Erin M. Adrian**
Associate



One Embarcadero Center
18th Floor
San Francisco, CA 94111-3600
P (415) 984-8231
F (866) 451-0186
eadrian@nixonpeabody.com
www.nixonpeabody.com



The preceding e-mail message contains information that is confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you believe that you are not an intended recipient of this message, please notify the sender at (415) 984-8231. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

---

**From:** Nolan-Stevaux, Katherine [mailto:KNolanStevaux@mofo.com]
**Sent:** Wednesday, July 30, 2008 3:19 PM
**To:** Adrian, Erin
**Cc:** MPetersen@fbm.com; Van Voorhis, Kimberly N.; Schopf, Gregory; Bartels, Donald; Rubenstein, Gregg; Copeland, Bruce
**Subject:** RE: Optovue v. CZMI: Discovery Issues

Erin,

Thanks for your email.  I will just briefly touch on a couple of points for now.

We continue to disagree on the relevance of CZM's commercial code.  However, if CZM will stipulate that none of that code contains any information, either directly or derived, from the code that Dr. Zhao wrote, we will not continue to press for CZM's complete commercial OCT code from 2001 to the present. Please inform us by tomorrow at 10 am whether or not CZM is prepared to make such a stipulation.

As for the motion to compel, while Optovue appreciates that the mediation is continuing, we do not believe that the mediation is the proper forum to address these discovery issues.  It is clear that both parties are moving forward in good faith with the mediation talks and it is certainly not our intention to disrupt that process by filing a motion.  That said, because we have just a limited time left for fact discovery, we have little choice but to keep this process moving as well.

Best,

Katie

**Katherine Nolan-Stevaux**
**MORRISON ¦ FOERSTER**
755 Page Mill Road ¦ Palo Alto, California 94304
T: 650-813-5822 ¦ F: 650-494-0792
knolanstevaux@mofo.com ¦ www.mofo.com

---

**From:** Adrian, Erin [mailto:eadrian@nixonpeabody.com]
**Sent:** Wednesday, July 30, 2008 1:57 PM
**To:** Nolan-Stevaux, Katherine
**Cc:** MPetersen@fbm.com; Van Voorhis, Kimberly N.; Schopf, Gregory; Bartels, Donald; Rubenstein, Gregg; Copeland, Bruce
**Subject:** Optovue v. CZMI: Discovery Issues

Katie,

We have not completed our review of the discovery we discussed on Monday, but I wanted to get back to you on the more pressing points specifically related to the motion to compel Optovue has threatened to file tomorrow.

1)   CZMI Source Code

First, with respect to the source code, we still disagree that CZMI's complete OCT source code is necessary or even relevant to Optovue's case. Optovue has no colorable argument that CZMI has stolen its trade secrets. At most, Optovue has asserted the totally non-credible trade secret theft argument that somehow CZMI obtained access to the source code because it was on the CZMI machine that Dr. Huang had been testing. This claim is completely without support and is not sufficient to entitle Optovue to CZMI's complete source code.

Optovue's claim that it needs to review all of CZMI's source code to determine the value that CZMI places on Zhao's source code is also unavailing. As we understand Optovue's theory, if the code is not found in CZMI's production devices, the code cannot be of much value. However, it is not unusual to abandon the research lab's versions of source code in production devices because such code is created, oftentimes by scientists, to make sure the prototypes being designed work according to their intended function. Software engineers later in the development cycle of such products refine and polish the device's functionality (via improvements/revisions to the source code) to make the devices more user friendly/sellable. It would therefore be no surprise if CZMI's production source code contained little, if any, of Zhao's code. But, so what? By stealing CZMI's research code, Optovue got to market a number of months sooner than it otherwise would have. This is the value of the stolen CZMI source code. This value exists even if none of the research code is found in the later CZMI production device.

The CZMI source code has little, if any, probative value here, and any benefit from access to the code is clearly outweighed by the burden of producing the source code, and the risk of inadvertent disclosure of key technologies and innovations embedded in CZMI's products.

2)   Lab Notebooks

The information in the requested lab notebooks is highly confidential to CZMI, and so production of this sensitive information should only be required for a compelling reason. Optovue's rationales for obtaining the complete lab notebooks are not compelling.

CZMI has asserted that some of the information found on specified pages in certain lab notebooks has been stolen. The rest is therefore irrelevant. Optovue's argument that the surrounding pages will help to determine the value of the information on the pages CZMI has already produced is not rational. If pages other than those

Luo Decl. Ex. P

already produced would demonstrate that the value of the information is high, it would be in CZMI's best interests to turn them over. This argument does not support Optovue's claim that it has the right to discover the complete lab notebooks.

Similarly, the lab notebooks would not be helpful in uncovering whether the alleged trade secret information was generally known. Scientists typically do not waste time putting information that is generally known into lab notebooks. If Optovue is looking for evidence that the material on the pages was generally known, more targeted discovering requests focusing that issue are appropriate. The disclosure of complete lab notebooks of questionable relevance, however, is not.

Although you seemed reluctant to accept this offer on the phone, we renew our offer to produce five pages on either side of those already produced. If a review of these pages indicates that additional pages would yield relevant information, we would be happy to discuss further production at that time.

3)   Outstanding Discovery from Optovue

Turning to Optovue's rolling production, you have stated the Optovue intends to produce documents later this week. We have outstanding requests for which we have received no responsive documents, including documents evidencing the development of the RTVue source code (including log books, e-mail communications, notes, and the like), and promotional materials used to raise funding for Optovue. Of course, the outstanding requests are by no means limited to these examples, but these examples are immediately important, as we require responsive documents in order to move forward with depositions. We must insist that these materials be produced immediately so we can proceed with depositions.

Although I have not yet thoroughly reviewed your letter of this morning, I did notice that you stated that you confirmed during our call that Optovue and Jay Wei would not be producing documents relating to materials used to obtain funding for Optovue. I recall discussing with you why these materials are critical to CZMI, specifically because Optovue would have to describe the state of development of its technology in any materials provided to potential investors, which would be indicative of whether Optovue started the development of its technology from scratch, or had a head start by virtue of its use of CZMI trade secrets. My understanding was that you were going to take the issue back to your team and get back to me. Please advise if the statement in your letter is Optovue's response after consideration of the issues we discussed during our phone call. If not, we request that you take the issue back to your team. These materials are highly relevant, and we require these documents for the anticipated depositions.

***

Finally, it is our strong belief that that any unresolved disputes should be discussed and an attempt made to resolve them with the assistance of the mediator before any motions are filed. The mediation of the matter is continuing, and there is a mechanism in place -- the neutral expert process -- that the parties and mediator have designed to address source code issues. This will take place by August 18 pursuant to the agreement of the parties and mediator. Moreover, the mediator has been informed of these disputes, has been copied on communications relating to discovery disputes, and is willing to assist in an attempt to resolve them as well as the entire case. Please let me know if Optovue still intends to move forward with its motion tomorrow.

Thanks,
Erin

**Erin M. Adrian**
Associate



One Embarcadero Center
18th Floor
San Francisco, CA 94111-3600
P (415) 984-8231
F (866) 451-0186
eadrian@nixonpeabody.com

**Luo Decl. Ex. P**

7/31/2008

www.nixonpeabody.com

 Please consider the environment before printing this email.

The preceding e-mail message contains information that is confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the message. If you believe that you are not an intended recipient of this message, please notify the sender at (415) 984-8231. Unauthorized use, dissemination, distribution or reproduction of this message by other than the intended recipient is strictly prohibited and may be unlawful.

==============================================================================

To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.
==============================================================================

**Luo Decl. Ex. P**

7/31/2008